# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. SHENK,<br>106 Cambridge Drive<br>Hershey, PA 17033<br><br>Individually and On Behalf of All Others<br>Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>MALLINCKRODT PLC,<br>675 McDonnell Boulevard<br>Hazelwood, MO 63042<br><br>and MARK TRUDEAU<br>c/o Mallinckrodt PLC<br>675 McDonnell Boulevard<br>Hazelwood, MO 63042 | Civil Action No. 1:17-cv-00145-EGS<br><br>CLASS ACTION |
| JYOTINDRA PATEL<br>10906 N. Sand Canyon Place<br>Oro Valley, AZ 85737<br><br>Individually and On Behalf of All Others<br>Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>MALLINCKRODT PLC,<br>675 McDonnell Boulevard<br>Hazelwood, MO 63042<br><br>and MARK TRUDEAU<br>c/o Mallinckrodt PLC<br>675 McDonnell Boulevard<br>Hazelwood, MO 63042 | Civil Action No. 1:17-cv-00171-EGS<br><br>CLASS ACTION |
| AMY T. SCHWARTZ & STEPHEN A.<br>SCHWARTZ<br>1722 Cedarbrook<br>Glenbrook, NV 89413 | Civil Action No. 1:17-cv-00447-EGS<br><br>CLASS ACTION |

Individually and On Behalf of All Others
Similarly Situated,

                        Plaintiff,

   v.

MALLINCKRODT PLC,
675 McDonnell Boulevard
Hazelwood, MO 63042

and MARK TRUDEAU
c/o Mallinckrodt PLC
675 McDonnell Boulevard
Hazelwood, MO 63042

FULTON COUNTY EMPLOYEES'
RETIREMENT SYSTEM
141 Pryor Street SW
Suite 7001
Atlanta, GA 30303-3477

Individually and On Behalf of All Others
Similarly Situated,

                        Plaintiff,

   v.

MALLINCKRODT PLC,
675 McDonnell Boulevard
St. Louis, MO 63042

MARK TRUDEAU
c/o Mallinckrodt PLC
675 McDonnell Boulevard
St. Louis, MO 63042

and MATTHEW K. HARBAUGH,
c/o Mallinckrodt PLC
675 McDonnell Boulevard
St. Louis, MO 63042

Civil Action No. 1:17-cv-00534-EGS

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT OF MOVANT PALADINO'S MOTION FOR (1)
CONSOLIDATION OF RELATED CASES, (2) APPOINTMENT AS LEAD PLAINTIFF,
AND (3) APPROVAL OF SELECTION OF COUNSEL

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ............................................................................................. 1

II.     FACTUAL BACKGROUND ............................................................................................... 2

III.    ARGUMENT ....................................................................................................................... 4

   A.   The Related Actions Should Be Consolidated.................................................................... 4

   B.      Movant Paladino Should Be Appointed Lead Plaintiff.................................................... 5

      1.   Movant Paladino's Motion Is Timely ........................................................................... 6

      2.   Movant Paladino Has the Largest Financial Interest in the Relief Sought by the Class.. 6

      3.   Movant Paladino Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure . 7

   C.   The Court Should Approve the Movant Paladino's Selection of Counsel ......................... 8

IV. CONCLUSION........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Bassin v. Decode Genetics, Inc.,*
  230 F.R.D. 313 (S.D.N.Y. 2005) ............................................................................................... 5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,*
  252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................................... 5

*In re Tronox, Inc. Sec. Litig.,*
  262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................... 5

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990), *cert. denied,* 498 U.S. 920 (1990) ........................................... 5

*Malcolm v. Nat'l Gypsum Co.,*
  995 F.2d 346 (2d Cir. 1993) ...................................................................................................... 5

*Reese v. Bahash*,
  248 F.R.D. 58 (D.D.C. 2008) ................................................................................................ 7, 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................................... 4

15 U.S.C. §78u-4(a)(1) ................................................................................................................. 5

15 U.S.C. §78u-4(a)(3)(A) ........................................................................................................... 6

15 U.S.C. §78u-4(a)(3)(A)(i) ....................................................................................................... 5

15 U.S.C. §78u-4(a)(3)(A)(i)(II) .................................................................................................. 6

15 U.S.C. §78u-4(a)(3)(B)(i) .................................................................................................... 1, 5

15 U.S.C. §78u-4(a)(3)(B)(iii) ..................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ................................................................................................. 6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................... 7

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................................... 7

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................... 9

15 U.S.C. §78u-4(a)(3)(B)(v) ................................................................................................... 2, 8

**Rules**

Fed. R. Civ. P. 23(a)(3)-(4) ...................................................................................................... 7, 8

Fed. R. Civ. P. 42(a) ..................................................................................................................... 5

Michael Paladino ("Movant" or "Movant Paladino"), respectfully submits this memorandum of law in support of his motion for: (1) consolidation of related actions; (2) appointment as lead plaintiff in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (3) approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as lead counsel for the class.

## I.   PRELIMINARY STATEMENT

Presently pending in this Court are four securities class actions (the "Related Actions")[1] brought on behalf of a putative class (the "Class") of investors who suffered damages as a result of their transactions in Mallinckrodt plc ("Mallinckrodt" or the "Company") securities between July 14, 2014, and January 18, 2017, inclusive (the "Class Period"), against Mallinckrodt, its Chief Executive Officer, and its Chief Financial Officer. The Related Actions are brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5 promulgated thereunder.

Pursuant to the PSLRA, the Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Movant Paladino should be appointed as Lead Plaintiff because he: (1) timely filed this motion; (2) to his counsel's knowledge, has the largest financial interest in the relief sought by the Class; and (3) will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

---

[1] The Related Actions are (1) *Shenk v. Mallinckrodt PLC, et al.,* No. 1:17-cv-00145, (2) *Patel v. Mallinckrodt PLC, et al.,* No. 1:17-cv-00171, (3) *Schwartz v. Mallinckrodt PLC, et al.,* No. 1:17-cv-00447, and (4) *Fulton County Employees' Retirement System v. Mallinckrodt PLC, et al.*, No. 1:17-cv-00534.

Movant Paladino's selection of Levi & Korsinsky as Lead Counsel should also be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Mallinckrodt is a public limited company organized in Ireland with its U.S. headquarters in St. Louis, Missouri. ¶ 2.[2] Mallinckrodt develops and produces specialty pharmaceutical products, including generic drugs and imaging agents, and has in excess of $3.3 billion in annual revenue. *Id.* On August 14, 2014, Mallinckrodt acquired Questcor Pharmaceuticals, Inc. ("Questcor") in a $5.6 billion transaction, adding HP Acthar Gel ("Acthar"), an injectable medication made from pigs' pituitary glands, to its drug portfolio. ¶ 3. Acthar is the only approved therapeutic preparation of adrenocorticotropic hormone ("ACTH") in the U.S., and is approved by the U.S. Food and Drug Administration ("FDA") as a treatment for 19 different conditions, including infantile spasms, and difficult-to-treat autoimmune and inflammatory conditions. ¶ 4.

Prior to its acquisition, Questcor had acquired the U.S. rights to market a synthetic ACTH drug, Synacthen Depot ("Synacthen") from Novartis International AG in June 2013. ¶ 5. Although not stated at the time, Questcor's acquisition of Synacthen was for the purpose of preventing its competitors from obtaining FDA approval for an alternative ACTH treatment, thereby maintaining its U.S. monopoly on ACTH treatments. *Id.* This allowed Questcor, and later Mallinckrodt, to repeatedly increase the price of Acthar 85,000% from $40 per vial in 2001, to over $34,000 per vial in 2017, thereby making Acthar an important revenue source for Mallinckrodt, representing 34% of the Company's overall sales in 2016. ¶¶ 6-7. It would later be revealed that Acthar's "limited direct competition" and "commercial durability" was, in fact, only due to Questcor's

---

[2] Citations to "¶ __" are to paragraphs of the first-filed Class Action Complaint (the "Complaint") in the Related Actions, filed in the *Shenk* Action on January 23, 2017.  Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

illegal anticompetitive conduct in preventing a synthetic version of ACTH to reach the U.S. market. ¶ 33.

Accordingly, throughout the Class Period, Defendants made false and misleading statements and failed to disclose material adverse facts about the long-term sustainability of the Company's monopolistic Acthar revenues and the exposure of Acthar to reimbursement rates by Medicare and Medicaid. ¶ 9. Furthermore, Defendants made false and/or misleading statements and/or failed to disclose that Acthar's monopoly status as the only FDA-approved ACTH preparation was the product of unlawful anticompetitive practices and failed to disclose that its increasing reliance on Medicare and Medicaid meant that the Company's monopolistic Acthar revenue would be threatened if the government took action to limit the price paid for the drug by taxpayers. *Id.*

Beginning in the summer of 2015, the high costs for certain drugs became a national issue, causing investors significant concern over the portion of total Acthar revenues being paid by the federal government. ¶ 12. On an October 6, 2015 conference call with investors, Individual Defendant Trudeau ("Trudeau"), Mallinckrodt's CEO, was asked about the Company's reliance on Medicare for revenues for Acthar. Trudeau indicated that Mallinckrodt's combined revenues for Medicare and Medicaid constituted roughly 25% of the Company's total revenues, and that the proportion of Acthar revenues attributable to Medicare and Medicaid was "a little higher than that." ¶ 13. The truth about the Company's dependence on Medicare and Medicaid for Acthar revenue continued to be revealed on November 16, 2016, when Citron Research published a report (the "Citron Report") accusing Trudeau and the Company of securities fraud. ¶ 16. The Citron Report alleged, among other things, that on November 14, 2016, Medicare paid approximately $504 million and Medicaid paid $144.6 million for Acthar in 2015, and that these payments

collectively amounted to 61.32% of Mallinckrodt's total Acthar revenue in 2015, demonstrating that Mr. Trudeau lied when he indicated that Medicare constituted only "a little bit higher" than 25% of Acthar sales. *Id.*

On November 30, 2016, the Company effectively admitted the falsity of Trudeau's October 6, 2015 statements, telling investors at a Piper Jaffray Healthcare conference that its reimbursement level from Medicare alone was in the "mid-40s." ¶ 20. On January 18, 2017, it was revealed that Mallinckrodt had had agreed to pay $100 million in connection with a joint settlement with the United States Federal Trade Commission ("FTC") and several states. ¶ 21. As part of the settlement, Mallinckrodt also agreed to license Synacthen to a competitor to pursue FDA approval for two of Acthar's primary indications, infantile spasms and nephrotic syndrome. *Id.* The news of the settlement, and the fact that Mallinckrodt would lose its ACTH monopoly in the U.S., caused the Company's stock price to decline 5.85% from a close of $49.42 per share on January 17, 2017, to close at $46.53 per share on January 18, 2017, damaging investors. *Id.*

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered"). [3]

---

[3] All internal quotations and citations omitted unless otherwise noted.

Consolidation is appropriate when the actions before the court involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied,* 498 U.S. 920 (1990)); *In re Tronox, Inc. Sec. Litig.,* 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

The Related Actions clearly involve common questions of law *and* fact. The Related Actions assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants. The Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated Mallinckrodt's stock price and subsequently damaged the Class when Mallinckrodt's price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.,* 230 F.R.D. 313, 314-15 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate where the complaints are based on the same statements and the defendants will not be prejudiced).

### B. Movant Paladino Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a "widely circulated national business-oriented publication or wire service" not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice advises class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as

lead plaintiff within 60 days of publication of the notice. Here, notice was published on January 24, 2017, on *PRNewsire* in connection with the filing of the first-filed Complaint in the Related Actions, filed in the *Shenk* Action on January 23, 2017. *See* Exhibit A to the Declaration of Nicholas I. Porritt in Support of Movant Paladino filed concurrently herewith ("Porritt Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Movant Paladino meets each of these requirements and should therefore be appointed as Lead Plaintiff in the consolidated action.

### 1.      Movant Paladino's Motion Is Timely

The notice published in the *Shenk* Action informed class members that the deadline to move for appointment as lead plaintiff was 60 days from January 23, 2017, or March 27, 2017. *See* Porritt Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Movant Paladino has therefore timely filed his motion. *Id.* In addition, Movant Paladino has submitted a sworn certification confirming his willingness and ability to serve as Lead Plaintiff. *See* Porritt Decl., Ex. B. Thus, Movant Paladino has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

### 2.      Movant Paladino Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Movant Paladino lost in excess of $94,000 due to Defendants' misconduct. *See* Porritt Decl., Exs. B, C. To the best of his counsel's knowledge, there are no

other applicants who have sought appointment as Lead Plaintiff who have a larger financial interest. Therefore, Movant Paladino satisfies the PSLRA's prerequisite of having the largest financial interest. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movant Paladino Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the four prerequisites to class certification, only two – typicality and adequacy – are relevant considerations in selecting a lead plaintiff. *Reese v. Bahash*, 248 F.R.D. 58, 62 (D.D.C. 2008) (Kollar-Kotelly, J.). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Movant Paladino satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Under Rule 23(a), claims are typical if they arise from the same event and are based on the same legal theories as the claims of all other class members. *See Reese*, 248 F.R.D. at 63. Typicality does not require that the facts and claims of each class member be identical to support a finding of typicality. *Id*.

Here, Movant Paladino satisfies the typicality requirement for purposes of selecting lead plaintiff because, like other class members, he has: (1) purchased Mallinckrodt securities during the Class Period; (2) paid inflated prices as a result of Defendants' false and misleading statements; and

(3) thereby suffered damages. Thus, Movant Paladino's claims are typical of those of other class members since his claims and the claims of other Class members arise out of the same course of events.

In determining whether a lead plaintiff satisfies the adequacy requirement of Rule 23, the two generally recognized criteria are that: (1) the lead plaintiff must not have antagonistic or competing interests with the unnamed members of the class; and (2) the lead plaintiff must appear able to vigorously prosecute the interests of the class through qualified counsel. *Reese*, 248 F.R.D. at 63.

Here, Movant Paladino's interests are aligned with those of the Class, as he has the largest financial interest in the relief sought by the Class. Movant Paladino's substantial losses further demonstrate that he has a sufficient interest in the outcome of the case to ensure zealous advocacy on behalf of the Class. *See* Porritt Decl., Exs. B, C. And there is no evidence of any conflict between his interests and those of other Class members. Further, as explained below, Movant Paladino's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Movant Paladino believes that all of these factors sufficiently evidence his capacity and willingness to serve as Lead Plaintiff. Thus, Movant Paladino satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this motion.

### C.   The Court Should Approve the Movant Paladino's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C.

§78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant Paladino has selected Levi & Korsinsky to serve as Lead Counsel.

As set forth in the accompanying firm résumé (Porritt Decl. Ex. D), Levi & Korsinsky is highly accomplished and is currently acting as lead counsel in a number of federal securities actions and has achieved many multi-million dollar recoveries for investors. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. Thus, this Court may be assured that in the event that the instant motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant Paladino respectfully requests that the Court: (1) consolidate the Related Actions, (2) appoint him Lead Plaintiff in the consolidated action, and (3) approve his selection of Levi & Korsinsky as Lead Counsel for the Class.

Dated:  March 27, 2017                        **LEVI & KORSINSKY LLP**

                                              */s/* Nicholas I. Porritt
                                              Nicholas I. Porritt (D.C, Bar No. 457611)
                                              1101 30th Street, N.W., Suite 115
                                              Washington, D.C. 20007
                                              Tel.: (203) 992-4523
                                              Fax: (212) 363-7171
                                              Email: nporritt@zlk.com

                                                    - and -

                                              Shannon L. Hopkins*
                                              Sebastiano Tornatore*
                                              Meghan K. Daley*
                                              733 Summer Street, Suite 304
                                              Stamford, Connecticut 06901
                                              Tel.: (203) 992-4523

Fax: (212) 363-7171
Email: shopkins@zlk.com
      stornatore@zlk.com
      mdaley@zlk.com

*pro hac vice* forthcoming

*Counsel for Movant Paladino and Proposed
Lead Counsel for the Class*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2017.

*/s/ Nicholas I. Porritt*
Nicholas I. Porritt
