**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA A. SHENK,<br>106 Cambridge Drive<br>Hershey, PA  17033,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                    Plaintiff,<br><br><br>           v.<br><br>MALLINCKRODT PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO  63042<br><br>          and<br><br>MARK TRUDEAU<br>c/o Mallinckrodt PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO  63042,<br><br>                    Defendants. | Civil Action No. 1:17-cv-00145-EGS<br><br><br>CLASS ACTION<br><br><br>JURY TRIAL DEMANDED |
| JYOTINDRA PATEL,<br>10906 N. Sand Canyon Place<br>Oro Valley, AZ  85737,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                    Plaintiff,<br><br><br>           v.<br><br>MALLINCKRODT PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO  63042<br><br>          and<br><br>MARK TRUDEAU<br>c/o Mallinckrodt PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO  63042,<br><br>                    Defendants. | Civil Action No. 1:17-cv-00171-EGS<br><br><br>CLASS ACTION<br><br><br>JURY TRIAL DEMANDED |

*[captions continued on next page]*

AMY T. SCHWARTZ &
STEPHEN A. SCHWARTZ,
1722 Cedarbrook
Glenbrook, NV  89413,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

    v.

MALLINCKRODT PLC
675 McDonnell Blvd.
Hazelwood, MO  63042

     and

MARK TRUDEAU
c/o Mallinckrodt PLC
675 McDonnell Blvd.
Hazelwood, MO  63042,

       Defendants.

Civil Action No. 1:17-cv-00447-EGS

CLASS ACTION

JURY TRIAL DEMANDED

FULTON COUNTY EMPLOYEES
RETIREMENT SYSTEM,
141 Pryor Street SW, Suite 7001
Atlanta, GA 30303-3477,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

    v.

MALLINCKRODT PLC
675 McDonnell Blvd.
Hazelwood, MO  63042

     and

MARK TRUDEAU and
MATTHEW K. HARBAUGH
c/o Mallinckrodt PLC
675 McDonnell Blvd.
Hazelwood, MO  63042,

       Defendants.

Civil Action No. 1:17-cv-00534-EGS

CLASS ACTION

JURY TRIAL DEMANDED

## STATE TEACHERS RETIREMENT SYSTEM OF OHIO'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF ITS SELECTION OF COUNSEL</u>

PLEASE TAKE NOTICE that on a date and time as may be set by the Court, State Teachers Retirement System of Ohio ("STRS Ohio") will respectfully move this Court, pursuant to Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78(u)-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an Order: (1) consolidating all of the above-captioned actions and any related actions that may be filed under Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing STRS Ohio as Lead Plaintiff in the above-captioned  actions; (3) approving STRS Ohio's selection of Barrack, Rodos & Bacine as Lead Counsel; and (4) granting such other and further relief as the Court may deem just and proper.[1]

This motion is based on the accompanying Memorandum of Law in support of the Motion, the Declaration of Mark R. Rosen and all exhibits attached thereto, the pleadings and other filings herein, and such other written and oral argument as may be permitted by the Court.

**Oral Argument Requested.**  Pursuant to LCvR7(f), STRS Ohio hereby requests oral argument.

For the foregoing reasons, STRS Ohio respectfully requests that the Court: (1) consolidate the above-captioned actions and any related actions that may be filed; (2) appoint STRS Ohio as Lead Plaintiff pursuant to the PSLRA; (3) approve Barrack, Rodos and Bacine as

---

[1]     Local Rule 7(m) requires that before filing any non-dispositive civil motion, counsel is to discuss the motion with opposing counsel to determine, among other things, if there is any opposition.  Due to the PSLRA's lead plaintiff procedure, however, STRS Ohio will not know which other class members may move for appointment as lead plaintiff until after all the movants have filed their respective motions.  Under these circumstances, STRS Ohio respectfully requests that the conferral requirement of LCvR 7(m) be waived.

Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 27, 2017                    Respectfully submitted,

**BARRACK, RODOS & BACINE**

By: /s/ *Mark R. Rosen*_____
Mark R. Rosen (Bar No. 336065)
Leonard Barrack
Jeffrey B. Gittleman
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
mrosen@barrack.com
lbarrack@barrack.com
jgittleman@barrack.com
jpalley@barrack.com

*Attorneys for the State Teachers Retirement System of Ohio and Proposed Lead Counsel for the Class*

and

**MURRAY MURPHY MOUL + BASIL LLP**
Brian K. Murphy
Joseph F. Murray
Geoffrey J. Moul
1114 Dublin Rd.
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401
murphy@mmmb.com
murray@mmmb.com
moul@mmmb.com
*Special Counsel for State Teachers Retirement System of Ohio*

## CERTIFICATE OF SERVICE

I, Mark R. Rosen, hereby certify that on March 27, 2017, the foregoing State Teachers Retirement System of Ohio's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Its Selection of Counsel, Memorandum of Law in Support of Motion, Declaration of Mark R. Rosen in Support of Motion and [Proposed] Order were electronically filed with the Court and all counsel of record will be served via the Court's ECF System. Service upon Defendant Matthew Harbaugh was made on March 27, 2017 via U.S. mail (first-class) to his address at: c/o Mallinckrodt PLC, 675 McDonnell Blvd., Hazelwood, MO  63042.

 /s/ Mark R. Rosen
Mark R. Rosen
Barrack, Rodos & Bacine
3300 Two Commerce Square
2001 Market Street,
Philadelphia, PA 19103
Telephone: (215) 963-0600
mrosen@barrack.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA A. SHENK,<br>106 Cambridge Drive<br>Hershey, PA 17033,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><div align=right>Plaintiff,</div><br>v.<br><br>MALLINCKRODT PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO 63042<br><br>and<br><br>MARK TRUDEAU<br>c/o Mallinckrodt PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO 63042,<br><div align=right>Defendants.</div> | Civil Action No. 1:17-cv-00145-EGS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |
| JYOTINDRA PATEL,<br>10906 N. Sand Canyon Place<br>Oro Valley, AZ 85737,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><div align=right>Plaintiff,</div><br>v.<br><br>MALLINCKRODT PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO 63042<br><br>and<br><br>MARK TRUDEAU<br>c/o Mallinckrodt PLC<br>675 McDonnell Blvd.<br>Hazelwood, MO 63042,<br><div align=right>Defendants.</div> | Civil Action No. 1:17-cv-00171-EGS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

*[captions continued on next page]*

AMY T. SCHWARTZ &
STEPHEN A. SCHWARTZ,
1722 Cedarbrook
Glenbrook, NV  89413,
Individually and on Behalf of All Others
Similarly Situated,

                           Plaintiffs,

        v.

MALLINCKRODT PLC
675 McDonnell Blvd.
Hazelwood, MO  63042

        and

MARK TRUDEAU
c/o Mallinckrodt PLC
675 McDonnell Blvd.
Hazelwood, MO  63042,

                   Defendants.

Civil Action No. 1:17-cv-00447-EGS

CLASS ACTION

JURY TRIAL DEMANDED

---

FULTON COUNTY EMPLOYEES
RETIREMENT SYSTEM,
141 Pryor Street SW, Suite 7001
Atlanta, GA 30303-3477,
Individually and on Behalf of All Others
Similarly Situated,

                           Plaintiff,

        v.

MALLINCKRODT PLC
675 McDonnell Blvd.
Hazelwood, MO  63042

        and

MARK TRUDEAU and
MATTHEW K. HARBAUGH
c/o Mallinckrodt PLC
675 McDonnell Blvd.
Hazelwood, MO  63042,

                   Defendants.

Civil Action No. 1:17-cv-00534-EGS

CLASS ACTION

JURY TRIAL DEMANDED

**MEMORANDUM OF LAW IN SUPPORT OF STATE TEACHERS RETIREMENT
SYSTEM OF OHIO'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

**BARRACK, RODOS & BACINE**
Mark R. Rosen (Bar No. 336065)
Leonard Barrack
Jeffrey B. Gittleman
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
mrosen@barrack.com
lbarrack@barrack.com
jgittleman@barrack.com
jpalley@barrack.com

*Attorneys for the State Teachers Retirement System of Ohio and
Proposed Lead Counsel for the Class*

and

**MURRAY MURPHY MOUL + BASIL LLP**
Brian K. Murphy
Joseph F. Murray
Geoffrey J. Moul
1114 Dublin Rd.
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401
murphy@mmmb.com
murray@mmmb.com
moul@mmmb.com

*Special Counsel for State Teachers Retirement System of Ohio*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS .........................................................................................................4

ARGUMENT ..........................................................................................................................7

     I.      The Actions Should Be Consolidated For All Purposes.........................................7

     II.     The Court Should Appoint STRS Ohio as Lead Plaintiff.......................................8

          A.     The PSLRA's Provisions Concerning Appointment
                of a Lead Plaintiff .......................................................................................8

          B.     STRS Ohio Should Be Appointed Lead Plaintiff
                Under the PSLRA ...................................................................................10

               1.     STRS Ohio Filed a Timely Motion...............................................10

               2.     STRS Ohio Has the Largest Financial Interest in
                    the Relief Sought By the Class ....................................................11

               3.     STRS Ohio Is Precisely the Type of Lead Plaintiff
                    Congress Envisioned When It Passed the PSLRA ......................12

          C.     STRS Ohio Satisfies the Requirements of Rule 23 .................................12

                1.     STRS Ohio Fulfills the Typicality Requirement .........................13

                2.     STRS Ohio Will Fairly and Adequately Represent
                    the Interests of the Class ..............................................................13

     III.    STRS Ohio's Selection of Counsel Should Be Approved...................................14

CONCLUSION ......................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,*
  252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................... 7

*\*Hom v. Vale, S.A.,*
  1:15-cv-9539-GHW, 1:16-cv-658-GHW,
  2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016) ....................................... 1, 8

*In re Fannie Mae Sec. Litig.,*
  355 F. Supp. 2d 261 (D.D.C. 2005) ...................................................................... 2, 3

*\*In re: XM Satellite Radio Holdings Sec. Litig.,*
  237 F.R.D. 13 (D.D.C. 2006) ............................................................................. 9, 14

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-CV-7281 (JFK), 2008 U.S. Dist. LEXIS 95506
  (S.D.N.Y. Nov. 24, 2008) ..................................................................................... 10

*Plumbers Local #200 Pension Fund v. Washington Post Co.,*
  274 F.R.D. 33 (D.D.C. 2011) ............................................................................. 9, 13

*\*Reese v. Bahash,*
  248 F.R.D. 58 (D.D.C. 2008) ..................................................................... 8, 9, 13, 14

*Small v. Vanda Pharms. Inc.,*
  10 F. Supp. 3d 6 (D.D.C. 2013) ........................................................................... 2, 8

## Statutes

15 U.S.C. § 77z-1(a)(3) ............................................................................................ 8

15 U.S.C. § 77z-1(a)(3)(A)(i) ................................................................................... 9

15 U.S.C. § 78u-4(a)(2)(A) ..................................................................................... 11

15 U.S.C. § 78u-4(a)(3)(A)(i) .................................................................................. 10

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................... 1, 2, 9, 10

15 U.S.C. § 78u-4(a)(3)(B)(ii) ............................................................................... 2, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................... 11

15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(bb)......................................................................... 12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)........................................................................... 12

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................... 14

**Rules**

Fed. R. Civ. P. 6(a) ...................................................................................................... 11

Fed. R. Civ. P. 23(a) .............................................................................................. 12, 13

Fed. R. Civ. P. 42(a) ...................................................................................................... 7

**Other Authorities**

H.R. Conf. Rep.
  No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................ 3, 12

S. Rep.
  No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 ....................................... 3

State Teachers Retirement System of Ohio ("STRS Ohio") respectfully submits this memorandum of law in support of its Motion for: (1) consolidation of the Actions (defined below); (2) appointment as Lead Plaintiff in the Actions pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) , as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approval of its selection of Barrack Rodos & Bacine ("Barrack Rodos") as Lead Counsel in this securities class action against Mallinckrodt plc ("Mallinckrodt" or the "Company"), its chief executive officer and its chief financial officer.

## PRELIMINARY STATEMENT

Presently pending before this Court are four securities fraud class actions[1] brought on behalf of a putative class (the "Class") of investors who suffered damages as a result of their transactions in the publicly traded securities of Mallinckrodt plc ("Mallinckrodt" or the "Company") on a domestic exchange during the Class Period.  The complaints assert claims for violations of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against Mallinckrodt, its CEO, Mark Trudeau, and its CFO, Matthew K.

---

[1]     The Actions are (1) *Shenk v. Mallinckrodt plc, et al.*, Case No. 1:17-cv-00145-EGS ("*Shenk* Action"); (2) *Patel v. Mallinckrodt plc, et al.*, Case No. 1:17-cv-00171-EGS ("*Patel* Action"); (3) *Schwartz v. Mallinckrodt plc, et al.*, Case No. 1:17-cv-00447-EGS ("*Schwartz* Action"); and (4) *Fulton County Employees' Ret. Sys. v. Mallinckrodt plc., et al.,* Case No. 1:17-cv-00534-EGS ("*Fulton County* Action").  The *Shenk* and *Patel* Actions were consolidated through a Minute Order entered by this Court on February 27, 2017, and each of these Actions alleged a class period of November 25, 2014 through January 18, 2017, inclusive.  The *Schwartz* and *Fulton County* Actions allege a class period of July 14, 2014 through January 18, 2017, inclusive.  In these situations, courts often find that "the use of the longer, more inclusive class period is proper for purposes of the … motion because the longer class period encompasses more potential class members and damages."  *Hom v. Vale, S.A.*, 1:15-cv-9539-GHW, 1:16-cv-658-GHW, 2016 U.S. Dist. LEXIS 28863, *13 (S.D.N.Y. Mar. 7, 2016) (citing cases).  As such, this motion is based on the longer class period alleged, which is from the *Schwartz* and *Fulton County* Actions and includes those who purchased or otherwise acquired Mallinckrodt securities from July 14, 2014 through January 18, 2017, inclusive (the "Class Period").

Harbaugh.  The complaints allege that, throughout the Class Period, Defendants made false and

misleading statements and failed to disclose material adverse facts about the long-term

sustainability of the Company's revenues from its blockbuster drug, HP Acthar Gel ("Acthar"),

an injectable medication made from pigs' pituitary glands.

Pursuant to the PSLRA, this Court must first rule on any pending motions for

consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Small v.*

*Vanda Pharms. Inc.*, 10 F. Supp. 3d 6, 11 (D.D.C. 2013).  Here, this Court already consolidated

the *Shenk* and *Patel* Actions under Federal Rule of Civil Procedure 42(a), recognizing that the

cases involve common questions of law and fact.  For the same reason, this Court should also

consolidate the *Schwartz* and *Fulton County* Actions, as all four Actions allege substantially the

same misconduct by the same company and its most senior officers, and consolidation will be

more efficient for the Court and the parties.

After making a determination as to consolidation, this Court must then appoint, as lead

plaintiff for the class, the party "most capable of adequately representing the interests of class

members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine

which lead plaintiff applicant possesses the "largest financial interest" in the relief sought by the

class in this litigation and also whether that applicant has made a *prima facie* showing that it is a

typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261,

263 (D.D.C. 2005).  STRS Ohio believes that it is the "most adequate plaintiff" as defined by the

PSLRA and should be appointed Lead Plaintiff in this action.  Having sustained total losses of

***over $45 million*** as a result of Defendants' alleged misconduct, STRS Ohio has a significant

financial interest in the relief sought in this action.[2]  Moreover, STRS Ohio satisfies the relevant

requirements of Rule 23 because its claims are typical of all members of the class and it will

fairly and adequately represent the claims of the class.

By enacting the PSLRA, Congress expressly intended to encourage institutional investors

like STRS Ohio to serve as lead plaintiffs in securities class actions.  The PSLRA was intended

"to increase the likelihood that institutional investors will serve as lead plaintiffs" because,

among other reasons, institutional investors and other class members with large amounts at stake

"will represent the interests of the plaintiff class more effectively than class members with small

amounts at stake."  H.R. CONF. REP. NO. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N.

730, 733; *see also In re Fannie Mae*, 355 F. Supp. 2d at 264.  Similarly, the Senate Report on the

PSLRA states:

> The Committee believes that increasing the role of institutional investors in class
> actions will ultimately benefit the class and assist the courts…. "Institutions with
> large stakes in class actions have much the same interests as the plaintiff class
> generally."

S. REP. NO. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (citations omitted).

Further reinforcing the adequacy of STRS Ohio is that it has chosen Barrack, Rodos &

Bacine, a law firm with significant experience in successfully prosecuting securities class

actions, to serve as Lead Counsel for the class.  Therefore, STRS Ohio respectfully submits that

it should be appointed Lead Plaintiff and the Court should approve its selection of lead counsel.

---

[2]  The PSLRA-required certification of STRS Ohio is provided as Exhibit A to the
accompanying Declaration of Mark R. Rosen, dated March 27, 2017 ("Rosen Decl.").  In
addition, a chart setting forth calculations of the losses incurred by STRS Ohio is provided as
Exhibit B to the Rosen Decl.

## STATEMENT OF FACTS

Mallinckrodt is a pharmaceutical company with U.S. headquarters in Missouri.  The

Company develops and produces specialty pharmaceutical products, including generic drugs and

imaging agents.  In August 2014, Mallinckrodt acquired Questcor Pharmaceuticals, Inc.

("Questcor").  Acthar was at the time of the acquisition and remains today the only approved

therapeutic preparation of adrenocorticotropic hormone ("ACTH") in the United States.  The

FDA has approved Acthar as a treatment for 19 different conditions, including infantile spasms

and difficult-to-treat autoimmune and inflammatory conditions.  With Questcor's prior

acquisition in June 2013 of the rights to market a synthetic ACTH drug called Synacthen Depot

("Synacthen") in the United States, Questcor achieved – and Mallinckrodt acquired – a

monopoly position for Acthar in the U.S. market.  Acthar is now one of the most expensive drugs

on the market and the single most expensive drug reimbursed by both Medicare and Medicaid.

The complaints allege that, throughout the Class Period, Defendants made false and

misleading statements and failed to disclose material adverse facts about the long-term

sustainability of the Company's monopolistic Acthar revenues and the exposure of Acthar to

reimbursement rates by Medicare and Medicaid.  Specifically, it is alleged that Defendants failed

to disclose that (1) Acthar's monopoly status was the product of unlawful anticompetitive

practices and (2) the Company's increasing reliance on Medicare and Medicaid meant that its

Acthar revenue stream would be significantly threatened if the Government took steps to limit

the price paid for the drug by taxpayers.

For instance, in Mallinckrodt's Form 10-K, filed with the SEC on November 25, 2014,

the Company stated, among other things, that Acthar had "limited direct competition due to the

unique nature of the product" and that "Acthar's commercial durability … relies partially upon

product formulation trade secrets, confidentiality agreements and trademark and copyright laws." But Defendants failed to disclose Acthar's "limited direct competition" and "commercial durability" were due to Questcor's illegal anticompetitive conduct.  Further, while the 10-K included a warning that federal and state governments might "enact measures in the future aimed at containing or reducing payment levels for prescription pharmaceuticals paid for in whole or part with government funds," the complaints allege that this disclosure created a materially false and misleading impression of the true nature of, and specific risks to, Mallinckrodt due to its exposure to Medicare and Medicaid reimbursement levels.

Also, in an October 6, 2015 Mallinckrodt guidance call with investors, CEO Trudeau touted the growth in Acthar sales, which he described as one of the Company's "key initiatives," stating that a "key lever" to Acthar sales growth was "further developing key payer relationships."  When an analyst asked about the Company's exposure to Medicare, Trudeau stated: "if we look at our overall business, the combined proportion of our business that goes through Medicare and Medicaid combined it's about a quarter of our business, roughly.  Acthar is maybe a little bit higher than that.  But in general, our business is about a quarter."  The complaints allege, however, based on a later issued research report, that the statement regarding the percentage of Acthar's business that flowed through Medicare and Medicaid was false and materially understated the Company's reliance on payments from Medicare and Medicaid.

On November 14, 2016, the Centers for Medicare and Medicaid Services ("CMS") released updated drug pricing data for 2015, revealing that Medicare spending on Acthar had increased from approximately $391 million in 2014 to approximately $503 million in 2015, or over 28%, and that combined Medicare and Medicaid spending on Acthar increased from approximately $518 million in 2014 to approximately $648.5 million in 2015, or over 25%.  Two

days later, on November 16, Citron Research released a report asserting that CEO Trudeau's prior 2015 statements regarding the percentage of Acthar sales for which the Company had received Medicare and Medicaid reimbursement were false.  Specifically, contrary to the representations that Acthar sales attributed to Medicare and Medicaid "maybe a little bit higher" than 25% of the total product sales, the Citron Research report asserted they were actually 60.2% in 2014, and that sales in 2015 attributable to Medicare and Medicaid constituted 61% of Mallinckrodt's overall Acthar sales.  On this news, Mallinckrodt's stock price fell 18.4%, from a closing price of $67.80 on November 15, 2016, to a closing price of $55.32 on November 17, 2016.[3]

On November 29, 2016, before the market opened, the Company released its fourth quarter 2016 earnings results and hosted an earnings call.  During that call, at least two analysts questioned Company officials regarding Mallinckrodt's reliance on Medicare and Medicaid reimbursements for Acthar, with one referring to "your potential mischaracterization of the channel mix."  CEO Trudeau admitted that "Acthar now represents a significantly greater proportion of our operating income than a third."  With these disclosures, the share price fell from a close of $57.67 on November 28, 2016 to a close of $52.42 the following day, a 9.1% decline.

Finally, on January 18, 2017, the U.S. Federal Trade Commission ("FTC") and certain states filed a Complaint for Injunctive and Other Equitable Relief, which was likewise filed in

---

[3]     Citron Research had earlier issued public statements concerning the Company's dependence on Acthar and compared Mallinckrodt's alleged price gouging to Valeant Pharmaceuticals, which similarly led to price declines in Mallinckrodt's shares.  Citron's statement on November 9, 2015, led to a 17% drop in Mallinckrodt's share price, and its statement of March 15, 2016, led to a 20% drop over a two-day period.

this Court, against Mallinckrodt and its Questcor division,[4] and announced the settlement of its action the same day.  The FTC's complaint alleged that, with Questcor's acquisition in June 2013 of the rights to market a synthetic ACTH drug in the United States, Questcor achieved – and Mallinckrodt acquired – a monopoly position for Acthar in the U.S. market.  This monopoly power was used to increase the price of Acthar from $40 per vial in 2001 to over $34,000 per vial in 2017 – an 850 times increase.  As part of the settlement, Mallinckrodt agreed to pay $100 million and further agreed to license Synacthen to a competitor to pursue FDA approval for two of Acthar's primary indications, infantile spasms and nephrotic syndrome.  On this news, the price of the Company's shares fell 5.85%, from a close of $49.42 on January 17, 2017, to a close of $46.53 on the day of the announcements.

## ARGUMENT

## I.  The Actions Should Be Consolidated For All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidation action "as soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate where, as here, the actions before the court involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (consolidating securities actions).  As noted above, the Actions at issue here clearly involve common questions of law or fact.  The

---

[4]     *Federal Trade Commission v. Mallinckrodt ARD Inc. and Mallinckrodt plc*, Case No. 1:17-cv-00120-EGS (D.D.C.).

Actions assert claims under the Exchange Act on behalf of investors who were allegedly defrauded by Mallinckrodt and its two most senior officers. The Actions also assert substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated Mallinckrodt's stock price and subsequently damaged the Class when the truth emerged and Mallinckrodt's stock price plummeted. Accordingly, consolidation of the Actions is appropriate. *See Small v. Vanda,* 10 F. Supp. 3d at 11 (granting motion to consolidate securities cases where the complaints are based on the same alleged misrepresentations on behalf of the same class over the same class period).

Moreover, while the two later-filed cases expanded the proposed class period (asserting a class period of July 14, 2014 through January 18, 2017, compared to the two initially-filed complaints that asserted a class period of November 25, 2014 through January 18, 2017), and the fourth-filed complaint added claims against the Company's CFO, the complaints all assert the same types of claims, based on substantially similar factual allegations, involving the same company, and are appropriately consolidated notwithstanding these slight differences. *See Hom,* 2016 U.S. Dist. LEXIS 28863, at *6-7 (consolidating cases where "[a]lthough there are minor differences in the allegations and the putative class periods, the cases nevertheless present common questions of law and fact.").

## II. The Court Should Appoint STRS Ohio as Lead Plaintiff

### A. The PSLRA's Provisions Concerning Appointment of a Lead Plaintiff

The PSLRA sets forth a detailed procedure for the selection of lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §77z-1(a)(3); *Reese v. Bahash,* 248 F.R.D. 58, 61-62 (D.D.C. 2008). It provides that within 20 days of filing the action, the plaintiff is required to publish a notice in a widely circulated

national business-oriented publication or wire service, informing class members of the pendency of the action and their right to file a motion for appointment as lead plaintiff "not later than 60 days after the date on which the notice is published."  15 U.S.C. §77z-1(a)(3)(A)(i).

Under 15 U.S.C. § 78(u)-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the "member or members" that the Court determines to be the "most capable of adequately representing the interests of class members." The PSLRA further establishes a rebuttable presumption that "the most adequate plaintiff" is the person that:

> (aa)  has either filed the complaint or made a motion in response to a notice …;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Plumbers Local #200 Pension Fund v. Washington Post Co.,* 274 F.R.D. 33, 35-36 (D.D.C. 2011) (describing the PSLRA's process for determining the "most adequate plaintiff"); *Reese* , 248 F.R.D. at 61-62 (same).  In brief, pursuant to these PSLRA provisions, courts generally examine and compare the losses incurred by each of the applicants based on their transactions in the subject company's securities during the alleged class period, and may further examine and compare the competing applicants' total number of securities purchased, the net number of securities purchased, and the net amounts expended on the securities during the class period.  *See, e.g., In re: XM Satellite Radio Holdings Sec. Litig.,* 237 F.R.D. 13, 17 (D.D.C. 2006) (identifying number of shares purchased, the total net funds expended, and the approximate losses suffered as pertinent factors).

Once it is determined who among the applicants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon *proof* by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re XM Satellite Radio,* 237 F.R.D. at 18.

**B.  STRS Ohio Should Be Appointed Lead Plaintiff Under the PSLRA**

STRS Ohio should be appointed as the Lead Plaintiff in the Actions because all of the PSLRA's procedures have been satisfied, STRS Ohio holds the largest financial interest of any movant, and STRS Ohio otherwise satisfies Rule 23's typicality and adequacy requirements. Accordingly, STRS Ohio is entitled to the presumption that it is the most adequate plaintiff.

**1.     STRS Ohio Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint was required to publish notice of the complaint within twenty (20) days of its filing.  Counsel for plaintiff Patricia Shenk published notice of the lead plaintiff deadline via *PR Newswire* on January 24, 2017.  *See* Rosen Decl., Ex. C.[5]  Consequently, any member of the proposed Class in the Actions was required to seek to be appointed lead plaintiff within 60 days after publication of the notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Because the 60-day window closed on Saturday,

---

[5]     Publication by a global newswire like *PR Newswire* has been found to be an adequate means for meeting the PSLRA's statutory requirement that the notice be published in a widely circulated national business-oriented wire service.  *See, e.g., Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-CV-7281 (JFK), 2008 U.S. Dist. LEXIS 95506, at *2-3 (S.D.N.Y. Nov. 24, 2008) (finding publication in *GlobeNewswire* to be sufficient to satisfy the PSLRA's notice requirement).

March 25, 2017, the PSLRA deadline extended to Monday, March 27, 2017.  *See* Fed. R. Civ. P.

6(a).  Thus, STRS Ohio's motion is timely filed.

Additionally, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), STRS Ohio's duly authorized

representative timely signed and submitted the requisite certification, identifying all of STRS

Ohio's relevant Mallinckrodt trades during the Class Period, and detailing STRS Ohio's

suitability to serve as lead plaintiff in this Action.  *See* Rosen Decl., Ex. A.

### 2.   STRS Ohio Has the Largest Financial Interest in the Relief Sought By the Class

In determining the motion, the Court must adopt a rebuttable presumption that the most

adequate plaintiff is the person or group of persons within the class that "has the largest financial

interest in the relief sought by the class" and otherwise satisfies the requirements of Fed. R. Civ.

P. 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

STRS Ohio is entitled to the presumption that it is the most adequate plaintiff.  During

the Class Period, ***STRS Ohio purchased a total of 1,678,665 Mallinckrodt shares for a total***

***cost of $152,274,037***.  It sold just 641,438 shares during the Class Period and, thus, purchased on

a net basis 1,037,227 shares.  ***On a net basis, STRS Ohio spent $96,707,391 on the***

***Mallinckrodt shares it purchased during the Class Period***.

Based on its transactions in the Company's stock during the Class Period, ***STRS Ohio***

***has suffered a loss of over $45 million***, whether calculated on a first-in, first-out ("FIFO") basis

or on a last-in, last-out ("LIFO") basis.  Specifically, its FIFO loss is $46,378,080 and its LIFO

loss is $45,659,928.  *See* Rosen Decl., Ex. B.

Thus, STRS Ohio possesses a truly significant financial interest in the outcome of this

litigation, and should be presumed to be the "most adequate" plaintiff in the absence of a

competing motion by a Class member with a higher financial stake.  15 U.S.C. §78u-(4)(a)(3)(B)(iii)(I)(bb).

### 3.    STRS Ohio Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

As noted above, the Congressional objective in enacting the PSLRA's Lead Plaintiff provisions was to encourage large institutional investors to play a more prominent role in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733  (the Conference Committee "believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist the courts" by improving the quality of representation in securities class actions).  Here, STRS Ohio manages assets of approximately $70 billion for the benefit of approximately 490,000 active, inactive and retired Ohio public educators.  As a large institutional investor, STRS Ohio is precisely the type of Lead Plaintiff that Congress envisioned when it passed the PSLRA.

### C.    STRS Ohio Satisfies the Requirements of Rule 23

The PSLRA provides that, in addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Typicality and adequacy of representation have been found to be the only provisions relevant to the determination of lead plaintiff under the PSLRA.  *See Reese*, 248 F.R.D. at 62. STRS Ohio satisfies both requirements and should therefore be appointed as Lead Plaintiff.

## 1.  STRS Ohio Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Claims are typical if they arise from the same event and are based on the same legal theories as the claims of all other class members.  *See Reese*, 248 F.R.D. at 63.  Typicality does not require that the facts and claims of each class member be identical to support a finding of typicality.  *Id*.

Here, STRS Ohio satisfies the typicality requirement for purposes of selecting lead plaintiff because, like other class members, STRS Ohio's claim is that it: (1) purchased or otherwise acquired Mallinckrodt securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) thereby suffered damages.  Thus, STRS Ohio's claims are typical because they are based on the same legal theory and arise from the same course of conduct as the class's claims. *See Plumbers Local #200 Pension Fund*, 274 F.R.D. at 37 (finding typicality where movant acquired securities during the class period, at prices allegedly inflated by defendants' misconduct, and sustained damages as a result).

## 2.  STRS Ohio Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class."  The two generally recognized criteria are that (1) lead plaintiff must not have antagonistic or competing interests with the unnamed class members, and (2) lead plaintiff must appear to be able to vigorously prosecute the interests of the class through qualified

counsel. *See Reese*, 248 F.R.D. at 63.  STRS Ohio satisfies these elements because its interests are perfectly aligned with the interests of the Class and there is no evidence of any antagonism between STRS Ohio and the class.  STRS Ohio's substantial financial stake in the litigation also ensures that it has a powerful incentive to vigorously represent the class's interests.  Further, as discussed below, STRS Ohio has retained competent and experienced counsel that is able to prosecute this complex litigation in a vigorous, professional manner.  *See* Rosen Decl. Ex. D.

Thus, the close alignment of interests between STRS Ohio and the class, combined with its strong desire to prosecute the Actions effectively on behalf of the class, also militate in favor of granting the instant motion.

**III.    STRS Ohio's Selection of Counsel Should Be Approved**

The Exchange Act, as amended by the PSLRA, vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The PSLRA "evidences a strong presumption in favor of approving a properly-appointed lead plaintiff's decision as to counsel selection and counsel retention."  *In re: XM Satellite Radio*, 237 F.R.D. at 21.  A court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u 4(a)(3)(B)(iii)(II)(aa).

STRS Ohio has selected and retained Barrack, Rodos & Bacine to serve as lead counsel for the class in the Actions on behalf of Mallinckrodt investors.  Barrack Rodos has extensive experience in the areas of securities, class action, and complex litigation such as the instant action, and is well qualified to represent the Class.  *See* Rosen Decl., Ex. D (Barrack Rodos firm biography).  The firm has served as a lead counsel in three actions in which the recoveries achieved for the classes exceeded $1 billion.  The cases were prosecuted on behalf of securities purchasers of WorldCom ($6.19 billion recovered), Cendant Corp. ($3.32 billion) and McKesson

14

($1.05 billion).  More recently, in settlements approved in 2015 and 2016, the firm served as lead counsel in actions that led to recoveries of $970.5 million (American International Group) and $335 million (Bank of America).  The firm's experience and results achieved in securities class actions are more fully set forth in the firm's biography at 2-7 and 14-20.

Barrack Rodos has also litigated one of the few securities class actions that (a) was tried to a jury verdict, (b) resulted in a verdict in favor of the plaintiff class, and (c) was upheld in all respects on appeal.  After three years of vigorous and contentious litigation, the firm – serving as the sole lead counsel – took the case, *In re Apollo Group, Inc. Securities Litigation*, to trial before the Honorable James A. Teilborg of the U.S. District Court for the District of Arizona.  At the conclusion of the 22-day trial, the jury entered a unanimous verdict for the lead plaintiff and class of investors it represented in the full amount of damages sought on a per share basis.  Although the court entered a post-trial ruling in defendants' favor, the U.S. Circuit Court of Appeals for the Ninth Circuit reversed that ruling and reinstated the jury verdict.  The U.S. Supreme Court denied defendants' petition for certiorari and allowed the decision of the Ninth Circuit to stand.  Thereafter, the lead plaintiff entered into an agreement with the defendants to resolve a dispute over claims procedures in exchange for the payment of $145 million for the benefit of the class.  In approving the settlement, Judge Teilborg found that the firm had obtained "an exceptional result for the class." The court found that Barrack Rodos "demonstrated a high degree of competence in the eight years of litigation of this case" and that the result achieved for the class,

> is unique in such securities cases and could not have been achieved without Class Counsel's willingness to pursue this risky case throughout trial and beyond. …
> [A]s discussed above, Plaintiffs' Lead Counsel achieved exceptional results for the Class and pursued the litigation despite great risk.

*See also* Rosen Decl., Ex. D at 2.

The *Apollo* case is not the firm's only experience in taking securities class actions to trial. As a lead counsel, the firm also conducted a trial in the landmark *WorldCom, Inc. Securities Litigation*.  After obtaining more than $6 billion in settlements from various defendants, including WorldCom's financial advisor, underwriters, directors, and members of management, the firm and co-counsel conducted a five-week trial against WorldCom's auditor, Arthur Andersen.  After nearly five weeks of trial and as the parties were approaching closing arguments, Andersen agreed to settle the claims for $65 million in cash plus the maintenance of a contingent claim that was ultimately resolved in exchange for a further payment of $38 million. These cases and other of the firm's trial experience is in the Rosen Decl., Ex D at 10-11.

Thus, the Court may be assured that the Class will receive the highest caliber of legal representation available.

## CONCLUSION

For the foregoing reasons and based on the Declaration of Mark R. Rosen attached hereto, STRS Ohio respectfully requests that the Court issue an order:  (1) consolidating the Actions and any related actions that may be filed; (2) appointing STRS Ohio as the lead plaintiff; (3) approving its choice of Barrack, Rodos & Bacine as lead counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: March 27, 2017

Respectfully submitted,

**BARRACK, RODOS & BACINE**

By: /s/ *Mark R. Rosen*
Mark R. Rosen (Bar No. 336065)
Leonard Barrack
Jeffrey B. Gittleman
Julie B. Palley

16

3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
mrosen@barrack.com
lbarrack@barrack.com
jgittleman@barrack.com
jpalley@barrack.com

*Attorneys for the State Teachers Retirement
System of Ohio and Proposed Lead Counsel
for the Class*

and

**MURRAY MURPHY MOUL + BASIL LLP**
Brian K. Murphy
Joseph F. Murray
Geoffrey J. Moul
1114 Dublin Rd.
Columbus, OH 43215
Telephone: (614) 488-0400
Facsimile: (614) 488-0401
murphy@mmmb.com
murray@mmmb.com
moul@mmmb.com

*Special Counsel for State Teachers
Retirement System of Ohio*