**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA A. SHENK, Individually And On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| MALLINCKRODT PLC, and MARK TRUDEAU, | ) ) ) |
| Defendants. | ) ) ) ) |

CIVIL ACTION NO. 1:17-CV-0145

(additional case captions continued on following page)

**MEMORANDUM IN SUPPORT OF THE MOTION OF AMY AND STEPHEN SCHWARTZ TO CONSOLIDATE RELATED ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS, AND TO APPROVE PROPOSED LEAD PLAINTIFFS' CHOICE OF COUNSEL**

|  |  |  |
|---|---|---|
| JYOTINDRA PATEL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:17-CV-0171 |
| v. | ) ) | |
| MALLINCKRODT PLC and MARK TRUDEAU, | ) ) ) | |
| Defendants. | ) ) ) | |

|  |  |  |
|---|---|---|
| AMY T. SCHWARTZ and STEPHEN A. SCHWARTZ , Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:17-CV-0447 |
| v. | ) ) ) | |
| MALLINCKRODT PLC and MARK TRUDEAU, | ) ) ) ) | |
| Defendants. | ) ) ) | |

|  |  |  |
|---|---|---|
| FULTON COUNTY EMPLOYEES' RETIREMENT SYSTEM , Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:17-CV-0534 |
| v. | ) ) ) | |
| MALLINCKRODT PLC, MARK TRUDEAU, and MATTHEW K. HARBAUGH, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## PRELIMINARY STATEMENT

Amy T. Schwartz and Stephen A. Schwartz ("Amy and Stephen Schwartz" or "Movants") respectfully move this Court for an order: (1) consolidating various related securities class actions[1] filed against Mallinckrodt PLC ("Mallinckrodt" or the "Company") and other defendants; (2) appointing Amy and Stephen Schwartz as Lead Plaintiffs in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) approving their selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class and the law firm of Finkelstein Thompson LLP as Liaison Counsel for the Class.

Amy and Stephen Schwartz fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action. As described in the Certification and Loss Charts attached to the Declaration of Kim E. Miller in Support of the Motion of Amy and Stephen Schwartz to Consolidate Related Actions, to Be Appointed Lead Plaintiffs, and to Approve Proposed Lead Plaintiffs' Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B, Amy and Stephen Schwartz have suffered substantial losses because of their purchases of Mallinckrodt securities from July 14, 2014 through January 18, 2017, inclusive (the "Class Period"). To the best of their knowledge, Amy and Stephen Schwartz have sustained the largest losses of any investor seeking to be appointed Lead Plaintiff.

---

[1] The related securities class actions include *Shenk v. Mallinckrodt PLC et al.*, No. 17-CV-0145 (filed January 23, 2017), *Patel v. Mallinckrodt PLC et al.*, No. 17-CV-0171 (filed January 26, 2017), and *Fulton County Employees' Retirement System v. Mallinckrodt PLC et al.*, No. 17-CV-0534 (filed March 23, 2017).

In addition to evidencing the largest financial interest in the outcome of this litigation, Amy and Stephen Schwartz's Certifications demonstrate their intent to serve as Lead Plaintiffs in this matter, including their cognizance of the duties of serving in that role. *See* Miller Decl. at Ex. A. Moreover, Amy and Stephen Schwartz satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and are presumptively the "most adequate plaintiff."

Accordingly, Amy and Stephen Schwartz respectfully submit this memorandum of law in support of their motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an Order: (1) consolidating all related actions; (2) appointing Amy and Stephen Schwartz as Lead Plaintiffs in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (3) approving their selection of the law firm of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel for the Class and Finkelstein Thompson LLP as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against Defendants, *Shenk v. Mallinckrodt PLC et al.*, No. 17-CV-0145, was filed in the United States District Court for the District of Columbia on January 23, 2017. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 24, 2017, the first notice that a class action had been initiated against Defendants was published on *PR Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than March 27, 2017. *See* Miller Decl. at Ex. C.

On January 26, 2017, a second complaint, styled *Patel v. Mallinckrodt PLC et al.*, No. 17-CV-0171, was filed in this District.

On March 13, 2017, Amy and Stephen Schwartz filed an action, *Schwartz v. Mallinckrodt PLC et al.*, No. 17-CV-0447, alleging, *inter alia*, an enlarged Class Period of July 14, 2014 through January 18, 2017, inclusive.

On March 23, 2017, a fourth complaint, *Fulton County Employees' Retirement System v. Mallinckrodt PLC et al.*, No. 17-CV-0534, was filed alleging a Class Period of July 14, 2014 through January 18, 2017, inclusive and naming Matthew Harbaugh as a Defendant.

Amy and Stephen Schwartz are Class Members who have timely filed this motion within the 60-day period following publication of the January 24, 2017 Notice. *See* Miller Decl. at Ex. A.

## STATEMENT OF FACTS[2]

Mallinckrodt is a corporation organized under the laws of Ireland, and based in Staines-upon-Thames, England, that develops and produces specialty pharmaceutical products, including generic drugs and imaging agents. On April 7, 2014, the Company announced that it had entered into a definitive merger agreement under which Mallinckrodt would acquire Questcor Pharmaceuticals, Inc. ("Questcor") in exchange for approximately $5.6 billion in cash and shares of the Company's common stock. The press release described the benefits of the merger, including the acquisition of two drugs from Questcor: HP Acthar Gel ("Acthar") and Synacthen.

On June 11, 2014, Questcor received a subpoena and Civil Investigative Demand ("CID") from the Federal Trade Commission ("FTC") seeking documentary materials and information regarding the FTC's investigation into whether Questcor's acquisition of certain rights to develop, market, manufacture, distribute, sell and commercialize Synacthen from Novartis AG and Novartis Pharma AG violated antitrust laws.

---

[2] These facts are derived from the Complaint filed in *Schwartz v. Mallinckrodt PLC et al.*, No. 17-CV-0447 (the "*Schwartz* Action").

On July 14, 2014, the beginning of the Class Period, Mallinckrodt and Questcor each separately filed a joint definitive proxy statement with the SEC in anticipation of votes by shareholders for each company regarding whether to approve the merger. In no portion of either Questcor or Mallinckrodt's definitive proxies did either company disclose the investigation or subpoena from the FTC. On August 14, 2014, the shareholders for both Questcor and Mallinckrodt approved the merger.

Throughout the Class Period, Mallinckrodt and its Chief Executive Officer ("CEO") Mark Trudeau ("Trudeau") misrepresented and failed to disclose, *inter alia*, that: Acthar's commercial viability was dependent on Questcor and Mallinckrodt's illegal anticompetitive conduct in preventing a synthetic version of Acthar to reach the U.S. market; Questcor's illegal anticompetitive conduct was under investigation by the FTC and that Mallinckrodt would later be forced to abandon such anti-competitive measures; and the Company faced extreme exposure to reductions in Medicare and Medicaid reimbursement levels for Acthar.

In November 2015, the truth about the Company began to be revealed when Citron Research ("Citron") issued a statement on Twitter that compared Mallinckrodt to Valeant Pharmaceuticals International, Inc., and specifically targeted the Company's reimbursement levels, including from Medicare and Medicaid. After the Citron comment, Mallinckrodt's stock price fell 17% from a close of $69.89 per share on November 6, 2015, to close at $58.01 per share on November 9, 2015.

In November 2016, additional information regarding the Company's exposure to Medicare and Medicaid reimbursement levels, was disclosed to the market when Citron issued a report revealing to the market that Acthar sales attributable to Medicare were over 48%, while the percentage of Acthar sales attributable to both Medicare and Medicaid totaled over 61%.

After publication of the Citron Report, Mallinckrodt's stock price fell 18.4% from a close of $67.80 per share on November 15, 2016, to close at $55.32 per share on November 17, 2016.

On November 29, 2016, Mallinckrodt released its fourth quarter 2016 earnings results, and held a conference call with investors. In his opening remarks, Trudeau acknowledged that Medicare played a large role in the growth of Achtar's business. The news of the Company's increasing exposure to Medicare from Acthar caused Mallinckrodt's stock price to decline an additional 9.1% from a close of $57.67 per share on November 28, 2016, to close at $52.42 per share on November 29, 2016.

On January 18, 2017, the final day of the Class Period, the truth about the Company's illegal anticompetitive practices was revealed when the FTC announced that Mallinckrodt had agreed to a joint settlement with the FTC and several states arising from the FTC's investigation and lawsuit into Questcor and Mallinckrodt's efforts to prevent a cheaper competitor drug, Synacthen, from competing in the market. As part of the settlement, Mallinckrodt agreed to pay $100 million and agreed to license Synacthen to a competitor in order that the competitor might pursue FDA approval for two of Acthar's primary indications, infantile spasms and nephrotic syndrome.

On this news, the price of Mallinckrodt common stock declined from a closing share price of $49.42 per share on January 17, 2017, to a closing share price of $46.53 per share on January 18, 2017, a loss of approximately 5.85% on heavy trading volume.

During the Class Period, Defendants materially misled the investing public, thereby inflating the value of the stock. The material misstatements resulted in Amy and Stephen Schwartz and other members of the Class purchasing Mallinckrodt securities for inflated values,

thus causing damages to the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

## I.  THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. The Federal Rules of Civil Procedure provide for consolidation of related actions brought under the federal securities laws. *See* Fed. R. Civ. P. 42(a); *see also In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003). Courts have recognized that securities class actions are ideally suited for consolidation pursuant to Fed. R. Civ. P. 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id.*; *see also In re Sterling Fin. Corp. Sec. Class Action*, Nos. 07-1879, 07-2171, 2007 U.S. Dist. LEXIS 93708, at *2 (E.D. Pa. Dec. 21, 2007) (noting that consolidation would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice."). Accordingly, consolidation of any pending and future filed cases with the instant action is warranted here.

## II.  AMY AND STEPHEN SCHWARTZ SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.  The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C.

§§ 78u-4(a)(1), (a)(3)(B)(i); *see also Reese v. Bahash*, 248 F.R.D. 58, 63 (D.D.C. 2008); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 432-36 (E.D. Va. 2000) (explaining procedure).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice was published on *PR Newswire* on January 24, 2017. *See* Miller Decl. Ex. C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than March 27, 2017. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining who the "most adequate plaintiff" is, the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa)   has either filed the complaint or made a motion in response to a notice…
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B. Amy and Stephen Schwartz are "The Most Adequate Plaintiff"**

    **1. Amy and Stephen Schwartz have Complied With the PSLRA and Should Be Appointed Lead Plaintiffs**

The time period in which Class Members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B) expires on March 27, 2017. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on January 24, 2017), Amy and Stephen Schwartz timely move this Court for appointment as Lead Plaintiffs on behalf of all members of the class.

Moreover, Amy and Stephen Schwartz have sustained a substantial loss from their investment in Mallinckrodt securities and have shown their willingness to represent the Class by signing Certifications detailing their transactions in Mallinckrodt securities during the Class Period. *See* Miller Decl. Ex. A. As demonstrated by their Certifications, Amy and Stephen Schwartz are prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Amy and Stephen Schwartz have selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, Kahn Swick & Foti, LLC, is attached as Exhibit D to the Miller Declaration, while the firm biography of proposed Liaison Counsel, Finkelstein Thompson LLP, is likewise attached thereto as Exhibit E.

    **2. Amy and Stephen Schwartz Have the Largest Financial Interest**

During the Class Period, as evidenced by the accompanying signed Certifications, Amy and Stephen Schwartz purchased Mallinckrodt securities in reliance upon the materially false and misleading statements issued by the Defendants and were injured thereby. *See* Miller Decl. Ex. A. In addition, Amy and Stephen Schwartz incurred a substantial loss on their transactions in

Mallinckrodt securities as detailed in their loss chart. *See* Miller Decl. Ex. B. To the best of their knowledge, Amy and Stephen Schwartz thus have the largest financial interest in the relief sought. Therefore, Amy and Stephen Schwartz satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See Plumbers Local #200 Pension Fund v. The Washington Post Co.*, 247 F.R.D. 33, 35 (D.D.C. 2011) (citations omitted).

### 3.  Amy and Stephen Schwartz Satisfy the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two, typicality and adequacy, directly address the personal characteristics of the class representative. *See In re XM*, 237 F.R.D. at 18; *In re Cree*, 219 F.R.D. at 372; *In re MicroStrategy*, 110 F. Supp. 2d at 435. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See In re XM*, 237 F.R.D. at 18 (holding that the presumptive lead plaintiff "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."); *see also In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999) (holding that a "wide ranging analysis under Rule 23 is not appropriate [at this

initial stage of the litigation] and should be left for consideration of a motion for class certification"). As detailed below, Amy and Stephen Schwartz satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

### i) Amy and Stephen Schwartz's Claims are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See, e.g.*, *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 (4th Cir. 2001); *In re XM*, 237 F.R.D. at 18; *Reese*, 248 F.R.D. at 63; *In re Mills Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 50485, at *11 (E.D. Va. May 30, 2006). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980).

In this case, the typicality requirement is met because Amy and Stephen Schwartz's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Amy and Stephen Schwartz and all the other Class Members: (1) purchased Mallinckrodt securities during the Class Period; (2) purchased Mallinckrodt securities in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages by purchasing artificially inflated securities and then suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, Amy and Stephen Schwartz's claims are typical of those of other Class Members since his claims and the claims of other Class Members resulted from the same illegal practices.

**ii) Amy and Stephen Schwartz Will Adequately Represent the Class**

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met: (1) by the absence of potential conflicts between the named plaintiff and the other class members; and (2) if the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also In re XM*, 237 F.R.D. at 18; *Reese*, 248 F.R.D. at 63; *In re Cable & Wireless PLC Sec. Litig.*, 217 F.R.D. 372, 375 n.5 (E.D. Va. 2003).

Here, Amy and Stephen Schwartz are adequate representatives of the class. As evidenced by the injuries suffered by Amy and Stephen Schwartz, who purchased Mallinckrodt securities at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of Amy and Stephen Schwartz are clearly aligned with the members of the class, and there is no evidence of any antagonism between Amy and Stephen Schwartz's interests and those of the other members of the class. Furthermore, Amy and Stephen Schwartz have retained competent and experienced counsel to prosecute these claims. Amy and Stephen Schwartz's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, Amy and Stephen Schwartz *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

## III.   THE COURT SHOULD APPROVE AMY AND STEPHEN SCHWARTZ'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. Amy and

Stephen Schwartz have selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country. *See* Miller Decl. Ex. D. Amy and Stephen Schwartz have also selected Finkelstein Thompson LLP as Liaison Counsel, a firm that possesses substantial experience in complex litigation, with a focus on the prosecution of antitrust and fraud cases. *See* Miller Decl. Ex. E. Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

## CONCLUSION

For all of the foregoing reasons, Amy and Stephen Schwartz respectfully request that this Court: (1) consolidate the related actions; (2) appoint Amy and Stephen Schwartz to serve as Lead Plaintiffs in this consolidated action; (3) approve Amy and Stephen Schwartz's selection of KSF as Lead Counsel for the Class and Finkelstein Thompson LLP as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: March 27, 2017                          Respectfully submitted,


/s/ Michael G. McLellan
Michael G. McLellan (D.C. Bar # 489217)
**FINKELSTEIN THOMPSON LLP**
James Place
1077 30th Street, N.W., Suite 150
Washington, D.C.  20007
Telephone: 202-337-8000
Facsimile: 202-337-8090
Email: mmclellan@finkelsteinthompson.com

*Proposed Liaison Counsel for Amy and*
*Stephen Schwartz*

Kim Miller
**KAHN SWICK & FOTI, LLC**
250 Park Ave., Suite 2040
New York, NY 10177
Telephone: (212) 696-3730

Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

Lewis Kahn
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

*Counsel for Movants Amy and*
*Stephen Schwartz and*
*Proposed Lead Counsel for the Class*