**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA A. SHENK, <br> Individually and on Behalf of All Others <br> Similarly Situated, *et al.*, <br><br>            *Plaintiffs*, <br><br>     v. <br><br> MALLINCKRODT PLC *et al.*, <br><br>            *Defendants*. | No. 17-cv-00145 (DLF) <br> CONSOLIDATED ACTION |

**ORDER PRELIMINARILY APPROVING PROPOSED**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated securities action is pending in this Court styled, *Shenk, et al. v. Mallinckrodt plc, et al.*, Civil Action No. 1:17-cv-00145-DLF (D.D.C.) (the "Action");

WHEREAS, (a) Lead Plaintiff State Teachers Retirement System of Ohio ("STRS Ohio" or "Lead Plaintiff"), on behalf of itself and the Class; and (b) Defendants Mallinckrodt plc ("Mallinckrodt" or the "Company"), Mark C. Trudeau and Matthew K. Harbaugh (the "Individual Defendants") (collectively with Mallinckrodt, the "Defendants," and collectively with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated May 18, 2021, as amended July 22, 2021 (the "Stipulation") (Exhibit 1 hereto), which is subject to review by the Court under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the other exhibits hereto, sets forth the terms and conditions of the Parties' proposed settlement of the Action (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and with the Defendants' consent, for an order preliminarily

1

approving the Settlement in accordance with the Stipulation, certifying the Class for the purposes of settlement only, and approving notice to the Class as more fully described herein;

WHEREAS, on November 16, 2020, the United States Bankruptcy Court for the District of Delaware, which is presiding over the bankruptcy cases commenced by Mallinckrodt and its affiliated debtors under the caption, *In re Mallinckrodt plc,* Case No. 20-12522, entered an order modifying the automatic stay and an additional requested stay regarding the Individual Defendants to allow the Parties to participate in a mediation of this Action;

WHEREAS, on February 23, 2022, the Bankruptcy Court entered a Bankruptcy Court Approval Order authorizing Mallinckrodt to enter into the Stipulation and further authorizing Mallinckrodt and the Individual Defendants to seek approval of the Settlement in this Court;

WHEREAS, the Court, having read and considered (i) Lead Plaintiff's motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits hereto, including the proposed (a) Notice, (b) Proof of Claim and Release Form, (c) Summary Notice, and (d) Judgment, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as the capitalized words have in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      <u>Certification of the Class for Settlement Purposes</u> – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the proposed Settlement, a class consisting of all persons or entities who purchased or otherwise acquired Mallinckrodt common stock between October 6, 2015 and November 6, 2017, inclusive, and were allegedly damaged thereby.  Excluded from the class are (i) defendant

Mallinckrodt, (ii) defendants Mark C. Trudeau and Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion (the "Class or Settlement Class").

2. <u>Class Findings</u> – Solely for the purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff and the additional proposed Class representative, Teamsters Local 677 Health Service and Insurance Plan ("Local 677"), which had also purchased Mallinckrodt common stock during the Class Period, are typical of the claims of the Class; (d) Lead Plaintiff and Local 677, and their counsel, have fairly and adequately represented and protected the interests of the Class; and (e) the questions of law and fact common to the Class predominate over any individual questions and a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that Lead Plaintiff and Local 677 are adequate Class representatives and certifies Lead Plaintiff and Local 677 as representatives of the Class. The Court also appoints Lead Counsel as Counsel for the Class.

4.      <u>Preliminary Approval of the Settlement</u> – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate, and in the best interests of Lead Plaintiff and the other Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      <u>Settlement Hearing</u> – The Court will hold a settlement hearing (the "Settlement Hearing") on July 28, 2022 at 10 a.m. at the United States District Court for the District of Columbia, 333 Constitution Avenue, Courtroom 14, Washington D.C. 20001, or as may be undertaken via a remote proceeding such as Zoom or by telephone, for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit 5 should be entered dismissing the Action and all claims asserted against the Defendants therein, with prejudice, and releasing all Released Claims as against the Released Parties (as defined in the Stipulation); (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 7 of this Order.  Class Members should check the Settlement Class website in advance of the Settlement Hearing to determine whether that hearing will occur in person at the United States District Court for the District of Columbia or via a remote link or teleconference.

6.      The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7.      <u>Retention of Claims Administrator and Manner of Notice</u> – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator" or "A.B. Data") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a.      Per the terms of the Stipulation, Mallinckrodt shall provide the Claims Administrator with a list of stockholders of record of Mallinckrodt common stock during the Class Period ("Potential Class Member Information");

b.      Not later than April 27, 2022 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release Form, substantially in forms attached hereto as Exhibits 2 and 3, respectively, to be mailed by first-class mail to Class Members at the addresses set forth in the records provided by Mallinckrodt, or who may otherwise be identified through reasonable effort;

c.      Contemporaneously with their mailing, copies of the Notice and Proof of Claim and Release Form shall be posted on a webpage dedicated to the Settlement maintained by the Claims Administrator from which Class Members may download copies of the Notice and Proof of Claim and Release Form;

d.      Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause a copy of the Summary Notice, substantially in the form attached

hereto as Exhibit 4, to be published once in the national edition of the *Investor's Business Daily*, and to be transmitted once over the *PR Newswire*; and

      e.    Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

      8.    <u>Approval of Form and Content of Notice</u> – The Court (a) approves, as to form and content, the Notice, the Proof of Claim and Release Form, and the Summary Notice, attached hereto as Exhibits 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Notice and Proof of Claim and Release Form and publication of the Summary Notice in the manner and form set forth in paragraphs 7 and 9 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein) and of their right to exclude themselves from the Class or object to any aspect of the proposed Settlement and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirement of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable law and rules.  The date, time, and manner (if to take place remotely) of the Settlement Hearing, as well as all applicable deadlines, shall be included in the Notice and Summary Notice before they are mailed and published, respectively, and shall be posted on the Settlement Class website.  All fees, costs, and expenses incurred in notifying Class Members shall be paid from the Settlement Fund and in no

event shall any of the Defendants or Released Defendant Parties bear any responsibility for such fees, costs or expenses.

9.      Within ten (10) calendar days following the filing of the Stipulation with the Court, the Court directs Defendants to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Defendants' counsel shall file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

10.      Nominee Procedures – Brokers and other nominees who purchased or acquired Mallinckrodt common stock during the Class Period for the benefit of another person or entity shall (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim and Release Form to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice and Proof of Claim and Release Forms forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release Form to such beneficial owners.  If a nominee complies with this Order by following the procedure outlined in (a) above, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought.   Such reasonable and properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.     <u>Participation in the Settlement</u> – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim and Release Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release Forms must be submitted either online at WWW.MALLINCKRODTSECURITIESLITIGATION.COM no later than six months after the Notice Date or, if mailed, be postmarked no later than six months after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

12.     By submitting a Proof of Claim and Release Form, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Class Member's claim, including, but not limited to, all releases provided for in the Stipulation and in the Judgment.

13.     Each Proof of Claim and Release Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraphs; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release Form to the satisfaction of Lead Counsel or the

8

Claims Administrator; and (d) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications or any printed matter contained therein and must be signed under penalty of perjury.

14.     Any Class Member that does not timely and validly submit a Proof of Claim and Release Form or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Proof of Claim and Release Forms may be accepted for processing as set forth in paragraph 11 above.

15.     Exclusion From the Class – Any member of the Class who wishes to exclude himself, herself, themselves, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Class must be mailed via first class mail and delivered such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing to:  *Mallinckrodt PLC Securities Litigation,* Claims Administrator, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee WI 53217, and (b) that each request for exclusion must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *Shenk, et al. v. Mallinckrodt plc, et al.*,

Case No. 1:17-cv-00145-DLF (D.D.C.)"; (iii) the date(s), price(s) and number of shares of all purchases, acquisitions and sales of Mallinckrodt common stock during the Class Period, and holdings of such securities as of the close of business on November 6, 2017; and (iv) be signed by the person requesting exclusion or an authorized representative of the person or entity. A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

16.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all requests for exclusion and a list of all Class Members who have requested exclusion, and any written revocation of requests for exclusion, as expeditiously as possible and in any event no later than ten (10) calendar days prior to the Settlement Hearing.

17.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

18.     Any Class Member that does not timely and validly request exclusion from the Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Stipulation and Notice.

19.     <u>Appearance and Objections at the Settlement Hearing</u> – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to counsel, as identified in paragraph 20 below, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

20.     Any Class Member who does not request exclusion from the Class may file a written objection to (a) the Settlement, (b) the proposed Judgment, (c) the proposed Plan of Allocation, and/or (d) Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, including any request for reimbursement of costs and expenses for Lead Plaintiff and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that Person has filed a written objection by mail or by hand with the Court and served copies of such objection on Lead Counsel and Defendants' counsel at the (i) addresses and (ii) email addresses set forth below such that they are received no later than thirty (30) calendar days prior to the Settlement Hearing.

**COURT:**

CLERK OF THE COURT
United States District Court for the
   District of Columbia
333 Constitution Avenue N.W.
Room 1225
Washington D.C. 20001

**DESIGNATED COUNSEL FOR
MALLINCKRODT:**

WACHTELL, LIPTON, ROSEN & KATZ
Rachelle Silverberg
S. Christopher Szczerban
51 West 52nd Street
New York, New York 10019
RSilverberg@wlrk.com
SCSzczerban@wlrk.com

**LEAD COUNSEL:**

BARRACK, RODOS & BACINE
Jeffrey W. Golan
Jeffrey B. Gittleman
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
JGolan@barrack.com
JGittleman@barrack.com

**DESIGNATED COUNSEL FOR
INDIVIDUAL DEFENDANTS:**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Daniel J. Kramer
David Brown
William A. Clareman
1285 Avenue of the Americas
New York, New York 10019
DKramer@paulweiss.com
DBrown@paulweiss.com
WClareman@paulweiss.com

21.    Any objections, filings and other submissions by the objecting Class Member (a) must state the name, address and telephone number of the person or entity objection and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the amount of Mallinckrodt common stock that the objecting Class Member purchased or otherwise acquired during the Class Period, as well as any sales of such securities during the Class Period through the close of trading on November 6, 2017, along with the dates and prices of each such purchase or other acquisition and sale. Class Members who object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and copies of any exhibits they may introduce at the Settlement Hearing.

22.      Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement.

23.      <u>Stay</u> – Until otherwise ordered by the Court, all proceedings in the Action remain stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively or in any other capacity, shall assert, commence, aid or prosecute against any of the Released Claims against any of the Defendants or Released Defendant Parties in this Action or in any other proceeding, arbitration, or forum.

24.      <u>Settlement Administration Fees and Expenses</u> – All reasonable costs incurred in notifying Class Members of the Settlement as well as administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

25.      <u>Settlement Fund</u> – The contents of the Settlement Fund shall be held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the

Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26. <u>Taxes</u> – Lead Counsel, the Claims Administrator and/or the Escrow Agent are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of this Stipulation.

27. <u>Termination</u> – If the Stipulation is terminated, the Settlement is not approved or the Effective Date of the Settlement does not occur, this Order other than paragraph 28 shall become null and void and be without prejudice to the rights of Lead Plaintiff, the other Class Members and the Defendants, and the Parties shall be restored to their respective litigation positions as existed in the Action immediately prior to September 1, 2020, subject to (a) the effects of Mallinckrodt plc's voluntary petition for relief under chapter 11 of the Bankruptcy Code (including the automatic stay of the Action against Mallinckrodt plc imposed by section 362 thereof), (b) the order of the Court issued on October 13, 2020 staying the Action in its entirety, and (c) the stipulation approved by the Bankruptcy Court by order dated November 16, 2020 (Adv. Pro. No. 20-50850 (Bankr. D. Del.), Doc. No. 137).  In the event that the Action is permitted to resume and except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any Settlement-related order had not been entered.  Within three (3) business days after joint written notification of termination is sent by counsel for Defendants and Lead Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including any accrued interest thereon and any funds received

by Lead Counsel consistent with ¶ 23 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to the D&O Insurers. In the event that the funds received by Lead Counsel consistent with ¶ 23 of the Stipulation have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O Insurers immediately upon their deposit into the Escrow Account consistent with ¶ 23 of the Stipulation.

28.     Use of this Order – Neither the Term Sheet, the Stipulation (whether or not finally approved or consummated), this Order nor their negotiation, nor any proceedings taken pursuant to them: (a) shall constitute, be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (b) shall constitute, be offered or received against or to the prejudice of any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession

15

or admission by any of the Released Plaintiff Parties that the claims alleged in this Action were without merit, that any of the Released Defendant Parties had meritorious defenses, and nothing herein should in any way be referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall constitute, be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (d) shall constitute or be construed against any of the Released Defendant Parties as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor (e) shall constitute or be construed against any of the Released Plaintiff Parties or any other member of the Settlement Class that the damages recoverable under the Complaint would not have exceeded the Settlement Amount.

29.    The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in paragraph 5

above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

30.     Supporting Papers – Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days prior to the Settlement Hearing; and Lead Counsel's and Defendants' reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

31.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 7th day of April, 2022.

DABNEY L. FRIEDRICH
United States District Judge

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA A. SHENK, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:17-cv-00145-DLF |
| Plaintiff, | |
| v. | CONSOLIDATED ACTION |
| MALLINCKRODT PLC, et al., | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of May 18, 2021 (the "Stipulation"), is entered into by and through the respective undersigned counsel, and embodies the terms and conditions of the settlement between (a) Lead Plaintiff State Teachers Retirement System of Ohio ("STRS Ohio" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); (b) Defendant Mallinckrodt plc ("Mallinckrodt" or the "Company"); and (c) Defendants Mark C. Trudeau and Matthew K. Harbaugh (the "Individual Defendants" and collectively with Mallinckrodt, the "Defendants").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the Parties hereto to fully, finally and forever compromise, settle, release, resolve, relinquish, waive, discharge and dismiss with prejudice, the above-captioned consolidated securities class action (the "Action") and all claims asserted against the Defendants therein, and all Released Claims (defined below) as against the Released Parties (defined below).

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

WHEREAS:

A.     Beginning on January 23, 2017, a series of proposed class actions alleging violations of the federal securities laws by some or all of the Defendants were filed in this Court: *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 145; *Patel, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 171; *Schwartz, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 447; *Fulton County Employees' Ret. Sys., et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 534.

B.     Thereafter, multiple plaintiffs and other movants moved for consolidation and appointment as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 78u-4).  Following a March 1, 2018 oral argument on these motions, on March 9, 2018, the Court entered an order approving STRS Ohio's motion for consolidation of the above-captioned cases, appointment as Lead Plaintiff for the consolidated action, and approval of Barrack, Rodos & Bacine as Lead Counsel and Murray Murphy Moul & Basil LLP as Special Counsel to STRS Ohio.

C.     On May 18, 2018, Lead Plaintiff filed the Consolidated Class Action Complaint of Lead Plaintiff, State Teachers Retirement System of Ohio, for Violation of the Federal Securities Laws (the "Complaint"), which alleged that the Defendants (and Hugh O'Neill, who was subsequently dismissed from the Action) violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and asserted claims on behalf of all persons or entities, other than Defendants and their affiliates, who purchased Mallinckrodt common stock from July 14, 2014 through November 6, 2017, and suffered damages as a result.

D.     On July 17, 2018, Defendants moved to dismiss the Complaint.  On August 30, 2018, Lead Plaintiff filed its opposition papers and, on October 1, 2018, Defendants filed their

reply papers.  On November 19, 2018, the Court held oral argument on Defendants' motions to dismiss, and on July 30, 2019, the Court issued a Memorandum Opinion and Order denying Defendants' motions to dismiss in part and granting them in part, which was reported as *Shenk v. Mallinckrodt plc*, No. 17-CV-00145 (DLF), 2019 WL 3491485 (D.D.C. July 30, 2019) (the "Memorandum Opinion and Order").

E.      In the Memorandum Opinion and Order, the Court dismissed the claims based on alleged misstatements before October 6, 2015, and one claim based on an alleged misrepresentation made on May 19, 2017, and denied the motions to dismiss for the remainder of the claims.  The impact of the Memorandum Opinion and Order was to limit the time period of Lead Plaintiff's claims to a period from October 6, 2015 through November 6, 2017, inclusive (the "Class Period").

F.      On September 23, 2019, Defendants filed their respective answers to the Complaint.  Defendants denied the claims and asserted a number of affirmative defenses.

G.      Fact discovery in the Action commenced in September 2019.  As part of this fact discovery, the Parties produced and exchanged over 250,000 pages of documents prior to the mediation process described below.

H.      On July 29, 2020, Lead Plaintiff moved to certify a class of investors consisting of all persons or entities, other than Defendants and their affiliates, who purchased or otherwise acquired Mallinckrodt common stock during the Class Period.  Lead Plaintiff sought to have STRS Ohio and the Teamsters Local 677 Health Service and Insurance Plan ("Local 677"), which had also purchased Mallinckrodt common stock during the Class Period, certified as representatives of the Class.  In support of the motion for class certification, Plaintiff submitted a 34-page memorandum of law, and a Declaration of Counsel that provided factual support and

exhibits, including a 48-page Expert Report of Michael L. Hartzmark, Ph. D. that itself had nearly 300 pages of exhibits.

      I.      Following discussions in July and August 2020, Lead Plaintiff and Defendants agreed to pursue mediation (the "Mediation") to try to reach a global resolution of the Action before the Honorable Layn Phillips (Ret.), a former federal district court judge in the United States District Court for the Western District of Oklahoma (the "Mediator").  On September 1, 2020, the Court entered a stay of the Action pending conclusion of the Mediation based on a joint motion of the Parties.  Counsel for Lead Plaintiff and Defendants began to establish a framework for the Mediation.

      J.      On October 12, 2020, Mallinckrodt filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings in the Action (the "Notice of Bankruptcy") stating that it and its affiliated debtors had commenced on the same date bankruptcy cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court in the District of Delaware (the "Bankruptcy Court"), jointly administered for procedural purposes only under the caption, *In re Mallinckrodt plc*, Case No. 20-12522 (the "Bankruptcy Action").  Through the Notice of Bankruptcy, Mallinckrodt informed the Court that the Action was automatically stayed with regard to Mallinckrodt pursuant to section 362(a) of the Bankruptcy Code.  The Court then entered a minute order on October 13, 2020, staying the entire Action.

      K.      On November 15, 2020, the Parties filed a stipulation in the Bankruptcy Action requesting that the Bankruptcy Court modify the automatic stay and the additional requested stay regarding the Individual Defendants solely to allow the Parties to participate in the Mediation. On November 16, 2020, the Bankruptcy Court entered an Order approving that stipulation.

L.      In advance of the Mediation, the Parties agreed to exchange additional documents, and prepared and exchanged written submissions to the Mediator in an effort to inform the Mediator of the relative positions of the Parties.  The Parties conducted two rounds of simultaneous submissions as part of the Mediation, submitting and exchanging opening statements on November 11, 2020 (which collectively appended over 150 exhibits) and responding submissions on November 25, 2020 (which collectively appended an additional 31 exhibits).

M.      The Mediation was conducted remotely by Zoom over two separate sessions.  The Parties and relevant D&O Insurers (with counsel) attended both sessions in full.  Counsel for Local 677 also participated during certain parts of the Mediation.  The first Mediation session was held on December 7, 2020 from 9:00 a.m. to 7:00 p.m., eastern time; the session did not end in an agreement to settle the Action.  The second Mediation session was scheduled for January 12, 2021.  Between these two dates, the Parties and the D&O Insurers engaged in numerous additional discussions with the Mediator in an attempt to narrow the gap between them in advance of the second Mediation session.

N.      On January 12, 2021, during the second Mediation session, which lasted from 9:00 a.m. to 5:30 p.m., eastern time, the Mediator continued to engage with the Parties and D&O Insurers.  At the end of the day, the Parties conditionally agreed to settle this Action for a cash payment of $65,750,000 for the benefit of the Class contingent on approval by the board of directors of Mallinckrodt and Lead Plaintiff's retirement board (which approvals have now been obtained).

O.      On January 13, 2021, counsel for Defendants and counsel for Lead Plaintiff, on behalf of their respective clients, entered into a term sheet (the "Term Sheet") setting forth,

among other things, the agreement to settle and release all claims asserted in the Action against the Defendants in return for a cash payment by the D&O Insurers of $65,750,000 for the benefit of the Class, subject to certain terms and conditions, including the execution of a stipulation and agreement of settlement and related papers and approval by the Bankruptcy Court and the Court.

P.    Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and its counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel and agreement of Local 677 and its counsel, Lead Plaintiff has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial, especially in light of Mallinckrodt's bankruptcy; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

Q.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged in the Action on behalf of the proposed class, including all claims in the Complaint. Defendants also have denied, and continue to deny, *inter alia*, (i) the allegations that Lead Plaintiff or Class Members have suffered damage or were otherwise harmed by the conduct alleged in the Action, and (ii) that the claims alleged by Lead Plaintiff may be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted

litigation. Defendants have determined that it is desirable and beneficial to them that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

R.   The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

NOW THEREFORE, without any admission or concession whatsoever on the part of Lead Plaintiff, any other member of the Class, or any of Released Plaintiff Parties (defined below), or their counsel of any lack of merit in any aspect of the claims asserted in the Action, and without any admission or concession whatsoever on the part of the Defendants, any other of the Released Defendant Parties (defined below), or their counsel of any liability or wrongdoing or of any lack of merit in the defenses the Defendants asserted to the claims alleged in this Action, it is hereby STIPULATED AND AGREED, by Lead Plaintiff (individually and on behalf of the Class) and the Defendants, by and through their respective undersigned attorneys and subject to the approval of the Bankruptcy Court, the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, and the conditions set forth below, that, in consideration of the benefits flowing to the Parties from the Settlement, the Litigation and all Released Claims (defined below) as against all Released Parties (defined below) shall be fully,

finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice in accordance with and subject to the terms and conditions set forth below.

## I.     DEFINITIONS

1.      As used in this Stipulation, and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the consolidated securities action in the matter styled *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 145 (DLF) (D.D.C.) and includes all actions consolidated therein.

(b)     "Authorized Claimant" means a Class Member who timely submits a valid Proof of Claim and Release Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

(c)     "Bankruptcy Court" means the U.S. Bankruptcy Court for the District of Delaware.

(d)     "Bankruptcy Court Approval Order" means the Order, substantially in the form attached hereto as Exhibit A, to be entered by the Bankruptcy Court authorizing Mallinckrodt to enter into the Settlement; or an Order entered by the Bankruptcy Court that may not be substantially in the form of Exhibit A hereto, provided that none of the Parties hereto elects to exercise its sole, absolute and unqualified discretion to terminate the Settlement by reason of such substantial variance from Exhibit A.

(e)     "Claim" means a Proof of Claim and Release Form submitted to the Claims Administrator.

8

(f)      "Claimant" means a Person that submits a Proof of Claim and Release Form to the Claims Administrator seeking to share in the distribution of the Net Settlement Fund.

(g)      "Claims Administrator" means the firm retained by Lead Counsel on behalf of Lead Plaintiff and the Class, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)      "Class" or "Settlement Class" means, for settlement purposes only, all persons or entities who purchased or otherwise acquired Mallinckrodt common stock between October 6, 2015 and November 6, 2017, inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) defendant Mallinckrodt, (ii) defendants Mark C. Trudeau and Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.   Defendants stipulate, agree, and consent to the definitions of "Class," "Settlement Class," and "Class Member" for the sole purpose of the Settlement, and without prejudice to their right to contest class certification if the Settlement: (i) is not approved by the Bankruptcy Court; (ii) is not approved by the Court; (iii) is terminated; or (iv) fails to become effective for any reason.

(i)      "Class Member" means a Person that is a member of the Settlement Class.

(j)      "Class Period" means the period of time between October 6, 2015 and November 6, 2017, inclusive of both dates.

(k)      "Complaint" means the Consolidated Class Action Complaint of Lead Plaintiff, State Teachers Retirement System of Ohio, for Violation of the Federal Securities Laws filed on May 18, 2018.

(l)      "Court" means the United States District Court for the District of Columbia.

(m)      "Defendants" means Defendants Mallinckrodt, Mark C. Trudeau and Matthew K. Harbaugh.

(n)      "Distribution Order" means an Order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(o)      "D&O Policies" means Defendants' D&O coverage policies for the June 2016 to June 2017 policy year and the "D&O Insurers" means the issuers of the D&O Policies.

(p)      "Effective Date," with respect to the Settlement, shall occur upon the occurrence or waiver of all of the conditions set forth in ¶ 41 below.

(q)      "Escrow Account" means an account invested consistent with the provisions of ¶ 15 herein maintained at a banking institution designated by Lead Plaintiff to hold the Settlement Fund, which account shall be deemed to be in custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds therein are paid out as provided for in this Stipulation, and wherein the Settlement Amount shall be deposited and held in escrow, subject to the provisions of this Stipulation and further Orders of the Court.

(r)      "Escrow Agent" means the banking institution designated by Lead Plaintiff, subject to the consent of Defendants, not to be unreasonably withheld, at which the Escrow Account is to be maintained.

(s)     "Escrow Agreement" means the agreement between Lead Counsel, on behalf of Lead Plaintiff, and the Escrow Agent setting forth the terms under the Escrow Agent shall maintain the Escrow Account.

(t)     "Excluded Claims" means all claims: (i) currently asserted in the litigations captioned *Solomon* v. *Mallinckrodt plc*, No. 1:17-cv-01827 (D.D.C.) and *Brandhorst* v. *Trudeau*, No. 19-cv-02778 (D.D.C.); (ii) related to the enforcement of the Settlement; and/or (iii) between Released Defendant Parties and their respective D&O Insurers.

(u)     "Exclusion Request" means a request for exclusion that (a) states the name, address and telephone number of the person or entity requesting exclusion; (b) states that such person or entity "requests exclusion from the Class in *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 145 (DLF) (D.D.C.)"; (c) states the number of shares of Mallinckrodt common stock that the person or entity requesting exclusion purchased/acquired during the Class Period, as well as the dates and prices of each such purchase/acquisition; (d) states the number of shares of Mallinckrodt common stock that the person or entity requesting exclusion sold or disposed of during the Class Period or thereafter through the close of trading on February 7, 2018, as well as the dates and prices of each such sale; and (e) is signed by such person or entity requesting exclusion or an authorized representative.

(v)     "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Judgment without any appeal having been filed; and (iii) if such motion to alter or amend is filed or if an appeal is filed or noticed, then immediately after the determination of that

11

motion or appeal so that the Judgment is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by the court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise.  For purposes of this paragraph, an appeal shall include any petition for a writ of certiorari or other writ that may be filed in connection with the approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses, payment of Lead Plaintiff's time and expenses or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses and/or Lead Plaintiff's request for payment of time and expenses, shall not in any way delay or preclude the Judgment from becoming Final.

(w)     "Immediate Family" means, as set forth in the Instructions for 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.

(x)     "Individual Defendants" means Mark C. Trudeau and Matthew K. Harbaugh.

(y)     "Judgment" means the final judgment and order, substantially in the form attached hereto as Exhibit D, to be entered by the Court approving the Settlement; or a judgment entered by the Court that is not substantially in the form of Exhibit D hereto, provided that none of the parties hereto elects to exercise its sole, absolute and unqualified discretion to terminate the Settlement by reason of such variance from Exhibit D.

(z)     "Lead Counsel" means the law firm of Barrack, Rodos & Bacine.

(aa)    "Lead Plaintiff" or "STRS Ohio" means the State Teachers Retirement System of Ohio.

12

(bb)    "Litigation Expenses" means reasonable costs and expenses incurred in connection with commencing and prosecuting the Action (which may include the costs and expenses of Lead Plaintiff and Local 677 directly related to their proposed representation of the Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(cc)    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(dd)    "Notice" means the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing, substantially in the form attached hereto as Exhibit B, which is to be sent to Class Members.

(ee)    "Notice and Administration Costs" means all fees and expenses reasonably incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to:  (i) providing notice of the proposed Settlement as ordered by Court; (ii) reimbursing nominee firms for their costs incurred in identifying potential Class Members and providing the Claims Administrator with such information; (iii) receiving and reviewing claims; (iv) applying the Plan of Allocation; (v) communicating with Persons regarding the proposed Settlement and claims administration process; (vi) distributing the proceeds of the Settlement; and (vii) any fees and Taxes related to the Escrow Account and investment of the Settlement Fund.

(ff)    "Parties" means Lead Plaintiff and the Defendants.

(gg)    "Person" or "Persons" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint

13

venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(hh)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit E to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(jj)    "Proof of Claim and Release Form" means the form, substantially in the form attached hereto as Exhibit C, that a Claimant must complete and timely submit in order to seek a share in the distribution of the Net Settlement Fund.

(kk)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, *et seq.*, as amended.

(ll)    "Released Claims" means all Released Plaintiff's Claims and all Released Defendants' Claims.

(mm)    "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown (i.e. Unknown Claims), contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, that have been asserted, could have

14

been asserted, or could be asserted in the future against Released Plaintiff Parties except for claims relating to the enforcement of the Settlement.

(nn)   "Released Defendant Parties" means each and all of the following: defendant Mallinckrodt, the Individual Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers and reinsurers, as well as each of the Individual Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

(oo)   "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties collectively.

(pp)   "Released Plaintiff's Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, losses, sums of money, suits, contracts, agreements, promises, damages and liabilities of any nature whatsoever, whether known or unknown (i.e. Unknown Claims), contingent or non-contingent, derivative or direct, or suspected or unsuspected, whether arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that (a) were asserted in the Action, (b) could have been asserted in the Action or in any forum, domestic or foreign, or (c) could be asserted in the future against Released Defendant Parties, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint in the Action or in any of

the prior complaints from the cases that were consolidated into the Action, and (ii) relate to the purchase, acquisition, sale, disposition, or holding of Mallinckrodt common stock by members of the Settlement Class during the Class Period.  For avoidance of doubt, Released Plaintiff's Claims do not include, release, bar or waive any of the Excluded Claims.  Released Plaintiff's Claims do not include, release, bar or waive claims of any Person who submits a valid and timely Exclusion Request.

(qq)   "Released Plaintiff Parties" means Lead Plaintiff, Local 677 and its counsel, Lead Counsel, and each of their respective successors, assigns, representatives, officers, directors, attorneys and agents.

(rr)   "Settlement" means the settlement of the Action on the terms and conditions set forth in this Stipulation.

(ss)   "Settlement Amount" means sixty-five million, seven hundred and fifty thousand dollars ($65,750,000) in cash, to be funded solely from the D&O Policies.  Neither Defendants nor their D&O Insurers shall have any obligation to pay any amount over and above this Settlement Amount.  Such amount is to be paid as consideration for full and complete settlement of all the Released Claims.

(tt)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(uu)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(vv)   "Summary Notice" means the Summary Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing, substantially in the form attached as Exhibit F, to be published as set forth in the Preliminary Approval Order.

16

(ww)   "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(xx)   "Unknown Claims" means any Released Claims that Lead Plaintiff or any other Class Member, each of the Defendants or any of the other Released Parties, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Released Parties, which, if known by him, her or it, might have affected his, her or its decisions(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released

Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## II.    CLASS CERTIFICATION

2.    Solely for purposes of the Settlement and for no other purpose, the Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) appointing STRS Ohio and Local 677 as representatives of the Class; and (c) appointing Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## III.    BANKRUPTCY COURT AUTHORIZATION OF SETTLEMENT

3.    Promptly upon execution of this Stipulation, Mallinckrodt shall seek authorization from the Bankruptcy Court to enter into the Settlement.  Mallinckrodt shall apply to the Bankruptcy Court for entry of the Bankruptcy Court Approval Order, substantially in the form attached hereto as Exhibit A, and the other Parties shall provide support for and cooperate in obtaining the Bankruptcy Court Approval Order.

## IV.    PRELIMINARY APPROVAL OF SETTLEMENT

4.     Within 30 calendar days from entry of the Bankruptcy Court Approval Order and the exhaustion of any appeals relating thereto, Lead Plaintiff shall seek from the Court preliminary approval of the Settlement and for the scheduling of a hearing for consideration of final approval of the Settlement.   Concurrently with the submission of the Settlement for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit E.

## V.    RELEASE OF CLAIMS

5.     In consideration of the payment of the Settlement Amount, upon final judicial approval of the Settlement, Lead Plaintiff shall dismiss the Action with prejudice, and Lead Plaintiff, on behalf of itself and all members of the Settlement Class, in his, her or its capacity as a purchaser or acquirer of Mallinckrodt common stock, together with their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall provide a release that releases any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Released Defendant Parties, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior complaints and (ii) relate to the purchase, acquisition, sale, disposition, or holding of

Mallinckrodt common stock by members of the Settlement Class during the Class Period. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) currently asserted in the litigations captioned *Solomon v. Mallinckrodt plc*, No. 1:17-cv-01827 (D.D.C.) and *Brandhorst v. Trudeau*, No. 19-cv-02778 (D.D.C.); (2) related to the enforcement of the Settlement; and/or (3) between Released Defendant Parties and their respective D&O Insurers. Nothing in this agreement shall release any claims of any shareholder that properly and timely excludes itself from the Class.

6.     Pursuant to the Judgment, without further order by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, their heirs, executors, administrators, representatives, attorneys, agents, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every one of the Released Plaintiff's Claims against each and every one of the Defendants and the other Released Defendant Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiff's Claims against any of Released Defendant Parties. This Release shall not apply to the Excluded Claims. This Release shall not apply to any Person who submits a valid and timely Exclusion Request.

7.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, each of the Defendants on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, in their capacities as such, shall be deemed to have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every one of the

Released Defendants' Claims against Lead Plaintiff and all of the other Released Plaintiff Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any or all of the Released Defendants' Claims against any of the Released Plaintiff Parties.  This Release shall not apply to any Person who submits a valid and timely Exclusion Request.

8.     Notwithstanding ¶¶ 5-7 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

9.     The Releases contained in this section were separately bargained for and are essential elements of the Settlement as embodied in this Stipulation.

10.    The Parties will seek to obtain from the Court a Judgment as further described in ¶ 40 below, to be entered simultaneously with or promptly after approval of the Settlement embodied in this Stipulation.

## VI.    THE SETTLEMENT CONSIDERATION

11.    In consideration of the full and complete settlement of the Released Plaintiff's Claims against the Defendants and the other Released Defendant Parties, Defendants, by the D&O Insurers, shall pay the Settlement Amount solely from the proceeds of the D&O Policies into the Escrow Account within 20 business days of the later of (1) entry of the Bankruptcy Court Approval Order; (2) preliminary approval of the Settlement by the Court; and (3) receipt by the pertinent D&O Insurers of each of (a) a copy of the approval order as entered by the Bankruptcy Court, (b) a copy of the preliminary approval order as entered by the Court (which will be transmitted by Defendants' counsel on the day received), (c) a W-9 for the Escrow Account, and (d) wire or mailing instructions for delivery to the Escrow Account. Notwithstanding any of the foregoing, payment of the Settlement Amount shall not be required

until 30 business days after written receipt by Defendants of the following information regarding the Escrow Account included in two separate letters from different authorized signatories of the payment beneficiary: beneficiary name, currency, bank account number, sort code, swift code, IBAN (if applicable), bank name, bank address, bank city and bank country.  Lead Plaintiff shall provide Defendants with the Escrow Account details, including the identity of the Escrow Account beneficiary, within 10 business days of approval of the Settlement by the Bankruptcy Court.  Lead Plaintiff also will timely provide the D&O Insurers and their broker such reasonable additional information as may be required to process any payment, including information necessary to comply with internal compliance controls and anti-money laundering/anti-fraud controls.  There will be no responsibility or liability on the part of Mallinckrodt and/or the Individual Defendants to pay any portion of the Settlement Amount beyond the proceeds of the D&O Policies.  Defendants and their D&O Insurers shall have no obligation to pay any additional amounts beyond the Settlement Amount.

12.     With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶11, Defendants and Defendants' counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs

incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

13.     The Settlement is not contingent on Lead Plaintiff or the Defendants settling with any other party in this or in any additional ongoing litigation.

## VII.    USE OF SETTLEMENT FUND

14.     The Settlement Fund shall be used to pay (i) Plaintiff's counsels' attorneys' fees and expenses as awarded by the Court, (ii) administration costs, expenses, class member benefits, and Notice and Administration Costs, (iii) reimbursement of Lead Plaintiff's time and expenses pursuant to the Private Securities Litigation Reform Act, (iv) Taxes, (v) claims of Authorized Claimants, and (vi) any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this matter, as awarded by the Court.  The Defendants shall bear no responsibility for the costs, fees or expenses described in this paragraph, beyond the obligations described in ¶ 11 above.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants, as provided in ¶¶ 29-39 below.

15.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual balances of less than $250,000.00 may be deposited in any account that is fully

insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the Federal Deposit Insurance Corporation ("FDIC") or backed by the full faith and credit of the United States.  Defendants and Defendants' counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

16.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Amount being a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided below.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Released Defendant Parties shall not have any liability or responsibility for any such Taxes.  Upon written request, Mallinckrodt will provide to Lead Counsel the statement described in Treasury Regulation 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-

24

2(k)(3), shall timely make, or cause to be made, such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.

17.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or cause to be paid, by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(I)(2)).  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  In all events, Defendants, Defendants' counsel, and the D&O Insurers shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority.  Defendants and the D&O Insurers shall have no liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement

Amount nor the filing of any tax returns or other documents with the Internal Revenue Service or any other taxing authority.

18.     The Settlement is not a claims-made settlement.   Upon occurrence of the Effective Date, no Defendant, Released Defendant Party, Insurer or any person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason.

19.     The Claims Administrator shall discharge its duties under Lead Counsel's supervision, in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.   None of the Released Defendant Parties shall have responsibility for, interest or involvement in, or liability whatsoever with the administration of the Settlement, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiff, any Class Members, and Lead Counsel in connection with any such administration.   In accordance with the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail, or provide in whatever other form that may be ordered by the Court, the Notice and Proof of Claim and Release Form to those members of the Class at the address of each such Person who may be identified through reasonable effort.   Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or in whatever other form of manner might be ordered by the Court.   For the purposes of identifying and providing notice to the Class, within the later of (1) 21 days of the entry of the Bankruptcy Court Approval Order, or (2) 10 days after the entry of the Preliminary Approval Order by the Court, Mallinckrodt shall use its best efforts to obtain and provide or cause to be provided to Lead Counsel, or the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list of stockholders of record

(consisting of names and addresses) for the relevant Mallinckrodt common stock during the Class Period, in electronic form.  Except for the provision of the list of stockholders of record, Defendants shall not bear any cost or responsibility for providing Notice to the Settlement Class, administration, or the allocation of the Settlement Amount among the Settlement Class.

20.     Prior to the Effective Date, Lead Counsel may pay from the Settlement Fund, without further approval from the Defendants or further order of the Court, up to $600,000 towards Notice and Administration Costs actually and reasonably incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication of the Summary Notice and printing, mailing or other dissemination of the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners or providing lists of their beneficial owners to the Claims Administrator, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.  Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.   After the Effective Date, any Notice and Administration Costs incurred in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Lead Counsel, without further order of the Court.

21.     In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement described in ¶ 45 below), all Notice and Administration Costs reasonably paid or incurred as of the termination date shall not be repaid or returned.

## VIII.   ATTORNEYS' FEES AND LITIGATION EXPENSES

22.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to their representation of the Class to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between the Defendants and Lead Plaintiff other than what is set forth in this Stipulation.  The Defendants agree to take no position on any such application for an award of attorneys' fees and/or Litigation Expenses.

23.    Plaintiff's counsel's fees and expenses, as awarded by the Court, shall be paid solely from the Escrow Account immediately upon final approval of the Settlement by the Court and the Court's entry of an order awarding fees and expenses, notwithstanding any appeals or objections to the Settlement or the fee award.  Should an appellate court later reverse the Court's final approval of the Settlement, Plaintiff's counsel shall repay all such attorney's fees and expenses awarded in full no later than fifteen (15) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation or notice from a court of appropriate jurisdiction of the disapproval of the Settlement by final non-appealable court order.  If the Settlement is terminated pursuant to the terms of the Stipulation of Settlement, or if, as a result of any appeal or further proceedings, the award of attorneys' fees and/or expenses is reduced or reversed, Lead Counsel shall repay, or shall cause to be repaid, fees and expenses accordingly, including accrued interest at the same net rate as is earned by the Settlement Fund, in full no later than fifteen (15) business days after receiving notice of any reduction or reversal of the award of

attorneys' fees and/or expenses by final non-appealable court order.  No Defendant shall have responsibility for payment of such fees or expenses beyond the obligation of Defendants to cause the Settlement Amount to be funded by the proceeds of the D&O Policies.

24.     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  The fairness and reasonableness of the Settlement will be determined without regard to the payment of attorneys' fees and Litigation Expenses, and no objection, motion, or appeal with respect to such fees or expenses shall affect the finality of any judgment approving the Settlement or any release related thereto.  Any order or proceeding relating to Lead Counsel's application for an award of fees or for reimbursement of expenses shall not operate to terminate the Settlement or affect the finality or binding nature of the Settlement or entry of a final judgment.  Lead Counsel's fee and expense application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of the Stipulation of Settlement and the associated Settlement. Any disapproval or modification of the application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of the Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on the Defendants to increase the consideration paid in connection with the Settlement.  Lead Counsel, as a condition of receiving any such award of attorneys' fees and Litigation Expenses, agree that they are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph and ¶¶22-23 above.

25.     Lead Counsel shall allocate the attorneys' fees awarded in a manner which it, in good faith, believes reflects the contributions to the institution, prosecution and settlement of the Action.  The Released Defendant Parties shall have no responsibility for or liability whatsoever

with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded shall be payable solely from the Escrow Account.

26.     Defendants and Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

27.     Defendants and Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

28.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any fee and expense application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 24 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## IX.     CLAIMS ADMINISTRATOR

29.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims subject to the jurisdiction of the Court.  The Claims Administrator shall be selected solely by Lead Plaintiff, subject to approval of the Court.  None of the Defendants, nor any other Released Defendant Parties, shall have any responsibility whatsoever, or interest or involvement in, the selection of the Claims Administrator,   the administration of the Settlement or the claims process and shall have no liability whatsoever to any Person, including but not limited to, Lead Plaintiff and other Class Members in connection with such administration.

30.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as provided in the Plan of Allocation set forth in the Notice attached hereto as Exhibit B, or in such other plan of allocation as the Court approves).  The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or the Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action, and any order of the Court modifying or rejecting the Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement.  No Defendant, nor any other of the Released Defendant Parties, shall have any involvement in or

responsibility or liability whatsoever for the Plan of Allocation or the allocation of the Net Settlement Fund.  Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation will be proposed solely by Lead Plaintiff and Lead Counsel, subject to approval of the Court.  Defendants shall not object to such proposed plan of allocation.  The Plan of Allocation will be separate from the Stipulation and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

31.    Any Class Member who does not timely submit a valid Proof of Claim and Release Form will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against the Released Parties with respect to the Released Claims in the event that the Effective Date occurs with respect to the Settlement.

32.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund by the Claims Administrator. No Defendant, or any other of the Released Defendant Parties, shall be permitted to review, contest or object to any Proof of Claim and Release Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member.  Lead Counsel shall have the right, but not the obligation, to advise the Claims

Administrator to waive what it deems to be *de minimis* or formal or technical defects in any Proof of Claim and Release Forms submitted.  The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

33.    For the purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim and Release Form substantially in the form attached hereto as Exhibit C, supported by such documents as are designated therein, including proof of the Claimant's loss and/or trading activity, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Proof of Claim and Release Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Class Member who fails to submit a Proof of Claim and Release Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Proof of Claim and Release Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or proceeding of any kind against any of the Released Defendant Parties concerning any of the Released Plaintiff's Claims.  Provided that it is mailed by the claim submission deadline, a Proof of Claim and Release Form shall be deemed to be submitted when post-marked, if received with

33

a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim and Release Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Proof of Claim and Release Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Proof of Claim and Release Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review by the Court.  If a dispute concerning a

34

Claim cannot otherwise be resolved, Lead Counsel shall thereafter present the request for review to the Court.

34.      Each Claimant who submits a Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Proof of Claim and Release Forms.

35.      Lead Counsel will apply to the Court, on notice to Defendants' counsel, for a Distribution Order:  (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account, and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.  No distribution to Authorized Claimants shall be made in the absence of a Distribution Order.

36.      Payment pursuant to a Distribution Order shall be final and conclusive against all Class Members.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the Releases provided for therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing,

instituting, prosecuting, or maintaining any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties.

37.     No Person shall have any claim against Lead Plaintiff, Lead Counsel, Local 677 and its counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or any order of the Court. Lead Plaintiff and the Defendants and/or their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.  Except as otherwise provided herein, the Defendants shall be no responsibility for the costs, fees or expenses associated with the Settlement Fund.

38.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist).

39.     To the extent that any monies remain in the Net Settlement Fund after the Claims Administrator has caused the initial distribution to be made to Authorized Claimants, whether by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, any balance

remaining in the Net Settlement fund nine (9) months after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 from such additional re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses that would be incurred with respect to such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance in the Net Settlement Fund shall be contributed to a non-sectarian, not-for-profit, non-political 501(c)(3) organization(s) dedicated to food, shelter, and/or humanitarian aid, to be recommended by Lead Plaintiff and approved by the Court.

## X.     TERMS OF THE JUDGMENT

40.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and the Defendants' counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit D.  The terms of 15 U.S.C. 78u-4(f)(7) shall apply to this Settlement, including that each Defendant shall be discharged from all claims for contribution brought by other persons, and the Judgment shall so provide.  The Judgment shall include a bar order constituting the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action and shall bar all future claims for contribution arising out of the Action by any person against any Defendant.

## XI.   CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

41.     If the Settlement is approved by the Court, the Effective Date of the Settlement shall be deemed to occur on the first business day on which all of the following shall have occurred or been waived:

(a)     The Bankruptcy Court has entered the Bankruptcy Court Approval Order, substantially in the form set forth in Exhibit A hereto, as required by ¶ 3 above;

(b)     The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit E hereto, as required by ¶ 4 above;

(c)     Payment of the Settlement Amount into the Escrow Account by the D&O Insurers as required above;

(d)     The Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 45 below);

(e)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(f)     The Court has approved the Settlement as described herein, following notice to Class Members and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

42.     Upon the occurrence of all of the events referenced in ¶ 41 above, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

43.     If (i) the Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in

this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be without prejudice and shall be canceled and terminated and any certification of the Action as a class action shall be vacated;

(b)     Lead Plaintiff and the Defendants shall be restored to their respective litigation positions as existed in the Action immediately prior to September 1, 2020, subject to (i) the effects of Mallinckrodt plc's voluntary petition for relief under chapter 11 of the Bankruptcy Code (including the automatic stay of the Action against Mallinckrodt plc imposed by section 362 thereof), (ii) the order of the Court issued on October 13, 2020 staying the Action in its entirety, and (iii) the stipulation approved by the Bankruptcy Court by order dated November 16, 2020 (Adv. Pro. No. 20-50850 (Bankr. D. Del.), Doc. No. 137).  In the event that the Action is permitted to resume and except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any Settlement-related order had not been entered;

(c)     the terms and provisions of this Stipulation, with the exception of this ¶ 43 and ¶ 46, shall have no further force and effect with respect to the Parties;

(d)     this Stipulation and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*;

(e)     within three (3) days after joint written notification of termination is sent by Lead Counsel and counsel for Defendants to the Escrow Agent pursuant to the terms of the

Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 23 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to the D&O Insurers. In the event that the funds received by Lead Counsel consistent with ¶ 23 above have not been refunded to the Settlement Fund within three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O Insurers immediately upon their deposit into the Escrow Account consistent with ¶ 23 above; and

       (f)    Lead Counsel shall return any attorneys' fees, plus accrued interest, as set forth in ¶ 23 above.  Lead Counsel or its designees shall apply for any tax refund owed on the amounts in the Escrow Account prior to termination of the Settlement and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the D&O Insurers.

       44.    It is further stipulated and agreed that Lead Plaintiff and the Defendants shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation with thirty (30) calendar days of:  (a) the Bankruptcy Court's declining to enter the Bankruptcy Court Approval Order or the modification or reversal of the Bankruptcy Court Approval Order on appeal; (b) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (c) the Court's Final refusal to approve the Settlement or any material part thereof; (d) the Court's Final refusal to enter the Judgment in any material respect as to the Settlement; or (e) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court, and the

provisions of ¶ 43 shall apply.  For the avoidance of doubt, Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.  For the further avoidance of doubt, Defendants shall deem any decision, ruling, or order that purports to limit the scope of the Released Plaintiff's Claims or the Released Defendant Parties to constitute a material change for purposes of the foregoing.

45.     In addition to the grounds set forth in ¶ 44 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Bankruptcy Court or the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Bankruptcy Court or the Court otherwise directs or a dispute arises between Lead Plaintiff and the Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the terms of the Supplemental Agreement submitted to the Court *in camera* or under seal.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 43 and 46 which shall continue to apply.

## XII.   NO ADMISSION OF WRONGDOING

46.    The Term Sheet, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements,:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of  any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that the claims alleged in this Action were without merit, that any of the Released Defendant Parties had meritorious defenses, and nothing herein should   in any way be referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c)  do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)  do not constitute, and shall not be construed against any of the Released Defendant Parties as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

(e)  do not constitute, and shall not be construed as or received in evidence as an admission, concession or presumption against any of the Released Plaintiff Parties or any other member of the Settlement Class that the damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## XIII.   MISCELLANEOUS PROVISIONS

47.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or

inconsistency between the terms of the Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

48.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Mallinckrodt or the Individual Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and the Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of the Defendants and the other Defendant Released Parties pursuant to this Stipulation, which releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 43 herein and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 43.

49.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Lead Plaintiff, any other Class Members and their attorneys against all Released Defendant Parties with respect to all Released Plaintiff's Claims.  Accordingly, Lead Plaintiff, its counsel and each Defendant and his, her or its counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by the Defendants in bad faith or without a reasonable basis.  The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court

rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through the Mediation process supervised and conducted by the Mediator and reflect a Settlement that was achieved voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

50.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest) by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

51.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

52.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

53.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 4 above, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator first by way of expedited mediation and, if unsuccessful, then by assistance of a court with appropriate jurisdiction.

54.     To the extent they choose to do so, Defendants shall determine the form of notice to be provided pursuant to the Class Action Fairness Act ("CAFA") and identify those who will

receive the CAFA Notice.  Defendants shall be responsible for mailing the CAFA Notice and for all expenses and costs related thereto.

55.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56.     The administration and consummation of the Settlement as embodied in this Stipulation, shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of the Stipulation, including the Plan of Allocation and the distribution of the Net Settlement Fund to Class Members.

57.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

58.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement between Lead Plaintiff and the Defendants concerning the Settlement and this Stipulation and its exhibits, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

59.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Stipulation shall exchange among themselves original signed counterparts.

60.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Parties and any corporation,

partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

61.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

62.     The construction, interpretation, operation, effect and validity of this Stipulation, its exhibits, the Supplemental Agreement and all documents necessary to effectuate the Settlement shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

63.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court or the Bankruptcy Court.

64.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, many have been prepared by counsel for one of the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

65.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66.     Lead Plaintiff and Lead Counsel represent and warrant that none of Lead Plaintiff's claims or causes of action referred to in the Complaint in this Action or this Stipulation have been assigned, encumbered, or in any manner transferred in whole or in part.

67.    The Parties, Lead Counsel and the Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use their best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

68.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of (1) email notification and (2) hand delivery or facsimile transmission with confirmation of receipt.  Notice shall be provided as follows:

On Behalf of Lead Plaintiff:

Barrack, Rodos & Bacine
Att'n:  Jeffrey W. Golan, Esq.
        Jeffrey B. Gittleman, Esq.
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile:  (215) 963–0838
jgolan@barrack.com
jgittleman@barrack.com

On Behalf of Mallinckrodt:

Wachtell, Lipton, Rosen & Katz
Att'n:  Rachelle Silverberg, Esq.
        S. Christopher Szczerban, Esq.
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1299
Facsimile:  (212) 403-2000
RSilverberg@wlrk.com
SCSzczerban@wlrk.com


On Behalf of the Individual Defendants:

Paul, Weiss, Rifkind, Wharton &
Garrison LLP
Att'n:  Daniel J. Kramer, Esq.
        David W. Brown, Esq.
        William A. Clareman, Esq.
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990
dramer@paulweiss.com
dbrown@paulweiss.com
wclareman@paulweiss.com

69.     Except as otherwise provided herein, each Party shall bear its own costs.

70.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.   The Stipulation and Settlement shall not be disclosed publicly by the Parties until it is presented for approval to the Bankruptcy Court.

71.     Notwithstanding ¶ 70, nothing in this Stipulation shall prohibit the Defendants from (i) disclosing the substance of the Action or the terms of this Stipulation to their respective corporate directors, independent auditors and accountants, tax advisors, and attorneys provided that in each instance such entity is obligated to maintain the confidentiality of such matters, (ii) responding to a request for information from any government or regulatory entity which has regulatory jurisdiction over the Defendants, and (iii) disclosing any information required to be disclosed by law.

72.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

73.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties to the Settlement or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.   Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

74.     The Parties further understand and agree that Defendants deny all of the Settlement Class and Lead Plaintiff's claims and material allegations asserted in this proceeding;

and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 18, 2021.

**BARRACK, RODOS & BACINE**

_____
Leonard Barrack
Mark R. Rosen (Bar No. 336065)
Jeffrey W. Golan (pro hac vice)
Jeffrey B. Gittleman (pro hac vice)
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
lbarrack@barrack.com

mrosen@barrack.com
jgolan@barrack.com
jgittleman@barrack.com
jpalley@barrack.com

*Attorneys for Lead Plaintiff, State Teachers
Retirement System of Ohio, and Lead
Counsel for the Class*

VENABLE LLP

Moxila A. Upadhyaya (DC Bar #494373)
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4690
Fax: (202) 344-8300
MAUpadhyaya@venable.com

WACHTELL, LIPTON, ROSEN &
KATZ

Rachelle Silverberg (pro hac vice)
S. Christopher Szczerban
Corey J. Banks (pro hac vice)
Iliria Camaj
51 West 52nd Street
New York, New York 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
RSilverberg@wlrk.com
SCSzczerban@wlrk.com
CJBanks@wlrk.com
ICamaj@wlrk.com

*Attorneys for Mallinckrodt plc*

51

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

Daniel J. Kramer (pro hac vice)
David W. Brown (pro hac vice)
William A. Clareman (pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
dramer@paulweiss.com
dbrown@paulweiss.com
wclareman@paulweiss.com

Charles E. Davidow (D.C. Bar No. 331702)
2001 K Street, NW
Washington, D.C. 20006
Phone: (202) 223-7380
Facsimile: (202) 204-7380
cdavidow@paulweiss.com

*Attorneys for Mark C. Trudeau and Matthew
K. Harbaugh*

# EXHIBIT A

## AMENDENT TO THE STIPULATION AND AGREEMENT OF SETTLEMENT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PATRICIA A. SHENK,
Individually and on Behalf of All Others
Similarly Situated,

　　　　　　　　　　　Plaintiff,

　　　　v.

MALLINCKRODT PLC, et al.,

　　　　　　　　　　　Defendants.

Civil Action No. 1:17-cv-00145-DLF

CONSOLIDATED ACTION

## AMENDMENT TO THE STIPULATION AND AGREEMENT OF SETTLEMENT

Pursuant to paragraph 50 of the Stipulation and Agreement of Settlement, dated as of May 18, 2021 (the "Stipulation"), the Settling Parties (as defined in the Stipulation) hereby make the following amendments to the Stipulation:

1.　　　The definition of "Excluded Claims" in paragraph 1(t) of the Stipulation is amended and restated as follows:

> "Excluded Claims" means all claims: (i) currently asserted in the litigations captioned *Solomon* v. *Mallinckrodt plc*, No. 1:17-cv-01827 (D.D.C.) and *Brandhorst* v. *Trudeau*, No. 19-cv-02778 (D.D.C.); (ii) currently asserted in the litigation captioned *Strougo* v. *Mallinckrodt plc*, 3:20-cv-10100 (D.N.J.), based on the alleged misstatements, omissions and corrective disclosures alleged in the Amended Complaint dated August 10, 2020; (iii) related to the enforcement of the Settlement; and/or (iv) between Released Defendant Parties and their respective D&O Insurers.

2.　　　Paragraph 5 of the Stipulation is amended and restated as follows:

> In consideration of the payment of the Settlement Amount, upon final judicial approval of the Settlement, Lead Plaintiff shall dismiss the Action with prejudice, and Lead Plaintiff, on behalf of itself and all members of the Settlement Class, in his, her or its

capacity as a purchaser or acquirer of Mallinckrodt common stock, together with their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall provide a release that releases any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown, contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against Released Defendant Parties, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior complaints and (ii) relate to the purchase, acquisition, sale, disposition, or holding of Mallinckrodt common stock by members of the Settlement Class during the Class Period. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) currently asserted in the litigations captioned *Solomon* v. *Mallinckrodt plc*, No. 1:17-cv-01827 (D.D.C.) and *Brandhorst* v. *Trudeau*, No. 19-cv-02778 (D.D.C.); (2) currently asserted in the litigation captioned *Strougo* v. *Mallinckrodt plc*, 3:20-cv-10100 (D.N.J.), based on the alleged misstatements, omissions and corrective disclosures alleged in the Amended Complaint dated August 10, 2020; (3) related to the enforcement of the Settlement; and/or (4) between Released Defendant Parties and their respective D&O Insurers. Nothing in this agreement shall release any claims of any shareholder that properly and timely excludes itself from the Class.

3.    Exhibit D to the Stipulation is hereby replaced with Annex 1 attached hereto.

All other provisions of the Stipulation shall remain in full force and effect.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Amendment to the Stipulation to be executed, by their duly authorized attorneys, as of July 22, 2021.

**BARRACK, RODOS & BACINE**

Leonard Barrack
Mark R. Rosen (Bar No. 336065)
Jeffrey W. Golan (pro hac vice)
Jeffrey B. Gittleman (pro hac vice)
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838
lbarrack@barrack.com
mrosen@barrack.com
jgolan@barrack.com
jgittleman@barrack.com

*Attorneys for Lead Plaintiff, State Teachers
Retirement System of Ohio, and Lead
Counsel for the Class*

**VENABLE LLP**

Moxila A. Upadhyaya (DC Bar #494373)
600 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 344-4690
Fax: (202) 344-8300
MAUpadhyaya@venable.com

**WACHTELL, LIPTON, ROSEN &
KATZ**

Rachelle Silverberg (pro hac vice)
S. Christopher Szczerban
Corey J. Banks (pro hac vice)
Iliria Camaj
51 West 52nd Street
New York, New York 10019
Phone: (212) 403-1000
Fax: (212) 403-2000
RSilverberg@wlrk.com
SCSzczerban@wlrk.com
CJBanks@wlrk.com
ICamaj@wlrk.com

*Attorneys for Mallinckrodt plc*

4

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

Daniel J. Kramer (pro hac vice)
David W. Brown (pro hac vice)
William A. Clareman (pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
dramer@paulweiss.com
dbrown@paulweiss.com
wclareman@paulweiss.com

Charles E. Davidow (D.C. Bar No. 331702)
2001 K Street, NW
Washington, D.C. 20006
Phone: (202) 223-7380
Facsimile: (202) 204-7380
cdavidow@paulweiss.com

*Attorneys for Mark C. Trudeau and Matthew
K. Harbaugh*

5

# Annex 1 to Amendment to the Stipulation And Agreement of Settlement

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA A. SHENK, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:17-cv-00145-DLF |
| Plaintiff, | |
| v. | CONSOLIDATED ACTION |
| MALLINCKRODT PLC, et al., | |
| Defendants. | |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS:

A.    Lead Plaintiff, on behalf of itself and the Class, and Defendants entered into a Stipulation and Agreement of Settlement, dated May 18, 2021 in the above-captioned Action (the "Stipulation").

B.    This Order of Dismissal is "with prejudice";

C.    Pursuant to the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), entered _____, 202_, the Court scheduled a hearing on _____, 202_, at _____ _.m.: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit D to the Stipulation should be entered dismissing the Action and all claims asserted against the Defendants therein, with prejudice, and releasing all Released Claims as against the Released Parties (as defined in the Stipulation); (c)

to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may have been properly brought before the Court in connection with the Settlement (the "Settlement Hearing").

   D. The Court ordered that (a) the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice") and a Proof of Claim and Release Form, substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be sent by first-class mail on or before thirty (30) calendar days after the date of the Preliminary Approval Order (the "Notice Date") to all potential Class Members at the addresses set forth in the records provided by Mallinckrodt, or who may otherwise be identified through reasonable effort; (b) that contemporaneously with their mailing, copies of the Notice and Proof of Claim and Release Form shall be posted on a webpage dedicated to the Settlement maintained by the Claims Administrator from which Class Members may download copies of the Notice and Proof of Claim and Release Form; and (c) that the Summary Notice be published in *The Investor's Business Daily* and transmitted over *PR Newswire* within ten (10) calendar days of the Notice Date.

   E. The Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court no later than _____, 202\_, and mailed to counsel for the Parties such that they were received no later than _____, 202\_.  The Notice further advised Class Members of the requirements for requests to be excluded from the Class.

F.    The Parties complied with the provisions of the Preliminary Approval Order as to the publication and distribution of the Notice and Summary Notice of the Settlement.

G.    On _____, 202_, Lead Plaintiff moved for final approval of the Settlement, as required by the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 202_, at which time all interested Persons who had complied with the terms of the Notice were afforded the opportunity to be heard.

H.    This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement and otherwise being fully informed in the premises and good cause appearing therefore.

NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    Incorporation of Settlement Documents.  This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2021; and (ii) the Preliminary Approval Order.

2.    Capitalized terms used but not otherwise defined in this Judgment shall have the meaning set forth in the Preliminary Approval Order and in the Stipulation.

3.    Jurisdiction. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

4.    Certification of the Class for Settlement Purposes.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons or entities who purchased or otherwise acquired Mallinckrodt

common stock between October 6, 2015 and November 6, 2017, inclusive, and were allegedly damaged thereby, excluding (i) defendant Mallinckrodt, (ii) defendants Mark C. Trudeau and Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion (the "Class" or "Settlement Class").

5.      Class Findings.  The Court hereby affirms its determinations in the Preliminary Approval Order and finds, for purposes of the Settlement only, that each element required for certification of the Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met:  (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff and the additional proposed Class representative, Teamsters Local 677 Health Service and Insurance Plan ("Local 677"), are typical of the claims of the Class; (d) Lead Plaintiff and Local 677, and their counsel, have fairly and adequately represented and protected the interests of the Class; and (e) the questions of law and fact common to the Class predominate over any individual questions and a class action is superior to other available methods for the fair and efficient adjudication of the Action.

6.      Class Representatives.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, (i) Lead Plaintiff and Local 677 are

adequate Class representatives, (ii) Lead Plaintiff and Local 677 are appointed representatives of

the Class, and (iii) Lead Counsel is appointed Counsel for the Class.

7.      <u>Notice</u>.  The Court finds that the notice given to the Settlement Class by mailing,

website posting and publication, as applicable: (i) was implemented in accordance with the

Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances,

to all Persons and entities entitled to such notice, of these proceedings and of the matters set forth

therein, including the proposed Settlement set forth in the Stipulation; (iii) was reasonably

calculated, under the circumstances, to apprise Class Members of the pendency of the Action,

proposed Settlement, the effect of the proposed Settlement (including the releases therein), their

right to exclude themselves from the Class, to object to any aspect of the proposed Settlement

and to appear at the Settlement Hearing, the Fee and Expense Application, and the proposed Plan

of Allocation; (iv) was reasonable and constituted due, adequate, and sufficient notice of the

proposed Settlement to all Persons and entities entitled to receive such notice; and (v) fully

satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7)

of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), the Class Action Fairness Act of 2005,

28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and all

other applicable laws and rules.

8.      <u>Objections</u>.  The Court finds and concludes [that there are no pending objections

to the Settlement, Plan of Allocation or request for award of counsel fees and expenses,

including expenses of the Lead Plaintiff.]

9.      <u>Exclusion Requests</u>.  The Court hereby approves and accepts [the requests to be

excluded from the Class set forth on the list attached as Exhibit A to the Affidavit of

_____, which list is also attached to this Judgment and Order.  No further exclusion

requests shall be accepted, barring further Order from this Court.]

10. <u>Final Settlement Approval and Dismissal of Claims</u>.  Pursuant to Rule 23(e)(2) of

the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in

light of the benefits to the Settlement Class, the complexity and expense of further litigation, the

risks of establishing liability and damages, and the costs of continued litigation, said Settlement

is, in all respects, fair, reasonable, and adequate to the Settlement Class, having considered and

found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement

Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the

relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks,

and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief

to the Settlement Class, including the method of processing Settlement Class Member claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv)

any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of

Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the

Settlement is hereby approved in all respects (including, without limitation: the amount of the

Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the

claims asserted against Defendants) and shall be consummated in accordance with the terms and

provisions of the Stipulation.

11. <u>Dismissal with Prejudice</u>.  This Action, and all actions consolidated therewith and

claims contained therein, are hereby dismissed in their entirety, with prejudice, and without costs

to any Party, except as otherwise provided in the Stipulation.

12.     <u>Releases</u>.  Upon the Effective Date and without further action by anyone, Lead

Plaintiff, on behalf of itself and all members of the Settlement Class, in his, her or its capacity as

a purchaser or acquirer of Mallinckrodt common stock, together with their successors, assigns,

executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall

be deemed to have, and by operation of this Final Judgment and Order, shall have, fully, finally

and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with

prejudice any and all claims, rights and causes of action, duties, obligations, demands, actions,

debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether

known or unknown (i.e. Unknown Claims as defined below), contingent or non-contingent,

derivative or direct, or suspected or unsuspected, including any claims arising under federal or

state statutory or common law or any other law, rule or regulation, whether foreign or domestic,

that have been asserted, could have been asserted, or could be asserted in the future against

defendant Mallinckrodt, the Individual Defendants, and any and all of their related parties in any

forum, including, without limitation, any and all of their current or former parents, subsidiaries,

predecessors, successors, divisions, investment funds, joint ventures and general or limited

partnerships, and each of their respective current or former officers, directors, trustees, partners,

members, contractors, auditors, principals, agents, managing agents, employees, attorneys,

accountants, investment bankers, underwriters, insurers and reinsurers, as well as each of the

Individual Defendants' Immediate Family members (as defined in the Stipulation), heirs,

executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and

assigns, that (i) arise out of, or relate in any way to, or are based upon, the allegations,

transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set

forth, alleged or referred to in the operative complaint in the Action or in any of the prior

complaints and (ii) relate to the purchase, acquisition, sale, disposition, or holding of

Mallinckrodt common stock by members of the Settlement Class during the Class Period.

Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1)

currently asserted in the litigations captioned *Solomon v. Mallinckrodt plc*, No. 1:17-cv-01827

(D.D.C.) and *Brandhorst v. Trudeau*, No. 19-cv-02778 (D.D.C.); (2) currently asserted in the

litigation captioned *Strougo* v. *Mallinckrodt plc*, 3:20-cv-10100 (D.N.J.), based on the alleged

misstatements, omissions and corrective disclosures alleged in the Amended Complaint dated

August 10, 2020; (3) related to the enforcement of the Settlement; and/or (4) between Released

Defendant Parties and their respective D&O Insurers.  This Release shall not release any claims

of the Persons identified in the list attached to this Judgment and Order, pursuant to Paragraph 9,

above.

13.     Upon the Effective Date and without further action by anyone, the Defendants

shall be deemed to have, and by operation of this Final Judgment and Order, shall have, fully,

finally and forever resolved, discharged, relinquished, released, waived, settled, and dismissed

with prejudice any and all claims, rights and causes of action, duties, obligations, demands,

actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities,

whether known or unknown (i.e., Unknown Claims as defined below), contingent or non-

contingent, derivative or direct, or suspected or unsuspected, including any claims arising under

federal or state statutory or common law or any other law, rule or regulation, whether foreign or

domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the

claims against the Defendants in the Action, that have been asserted, could have been asserted, or

could be asserted in the future against Lead Plaintiff, Local 677 and its counsel, Lead Counsel

and each of their respective successors, assigns, representatives, officers, directors, attorneys

(except for claims relating to the enforcement of the Settlement) and shall forever be enjoined from prosecuting such claims.

14.     "Unknown Claims" means any Released Claims that Lead Plaintiff or any other Class Member, each of the Defendants or any of the other Released Parties, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Released Parties, which, if known by him, her or it, might have affected his, her or its decisions(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released

Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

15.     <u>Bar Order</u>.  Upon the Effective Date, except as provided in Paragraph 17 of this Judgment, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for indemnification, advancement or contribution (or any other claim when the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, arising out of, or in connection with the Released Plaintiff's Claims, against each and every one of the Released Defendant Parties, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in Paragraph 17 below, the Defendants are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Defendant is that Releasing Defendant's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiff's Claims, against any Person, other than a Person whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims,

counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum.

16.     Upon the Effective Date, and as provided in the Stipulation, and without further action by anyone, Lead Plaintiff, on behalf of itself and each and every Settlement Class Member, in his, her or its capacity as a purchaser or acquirer of Mallinckrodt stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of the Defendants and the Released Defendant Parties with respect to any and all of the Released Claims (including, without limitation, Unknown Claims).

17.     Notwithstanding Paragraph 15 of this Judgment, nothing in the Stipulation or this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Settlement, the Preliminary Approval Order or this Judgment.

18.     In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations to any Settlement Class Member of any Released Defendant Parties arising out of the Action are discharged, and (b) any and all claims for contribution arising out of the Action or any of the Released Claims (i) by any person or entity against any of the Released Defendant Parties, and (ii) by any of the Released Defendant Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.

19.     Rule 11 Finding.  The Court further finds that during the course of the Action, the Parties and their respective counsel and their employees and agents, at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20.     Binding Effect of Judgment.  The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiff, all other Class Members (whether or not such

Class Member executes and delivers a Proof of Claim and Release Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns, including, without limitation, the release of claims as set forth in Paragraphs 12-14 of this Judgment. [The Persons listed in Exhibit A annexed hereto are excluded from the Class pursuant to their requests for exclusion and are not bound by the terms of the Stipulation or this Judgment.]

21. <u>Use of this Judgment</u>. This Judgment, the Stipulation, the Settlement (whether or not consummated) and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, communications or agreements, shall not be offered or received against or to the prejudice of any Releasing Party for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that the Parties and the Released

Parties and their respective counsel may refer to this Judgment, to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that the claims alleged in this Action were without merit, that any of the Released Defendant Parties had meritorious defenses, and nothing herein should in any way be referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment,  to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment;

(d)     do not constitute, and shall not be construed against any of the Released Defendant Parties as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession or presumption against any of the Released Plaintiff Parties or any other member of the Settlement Class that the damages recoverable under the Complaint would not have exceeded the Settlement Amount.

22.     <u>Retention of Jurisdiction</u>. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (i) the implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim and any award or distribution of the Settlement Fund; (iii) the disposition of the Settlement Fund; (iv) the hearing and determination of any applications for attorney's fees, costs, interest, and reimbursement of litigation expenses in the Action that will be paid out of the Settlement Fund; (v) the hearing and determination of any motions to approve the Plan of Allocation or the Distribution Order; (vi) all Released Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vii) other matters related or ancillary to the foregoing.

23.     <u>Termination</u>.  If the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any amendments thereof and supplement agreements thereto), then this Judgment other than Paragraph 21 shall be vacated, rendered null and void, and be of no further force and effect, except as provided by and in accordance with the Stipulation, and in that event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be restored to their respective litigation positions as existed in the Action immediately prior to September 1, 2020, subject to (a) the effects of Mallinckrodt plc's voluntary petition for relief under chapter 11 of

the Bankruptcy Code (including the automatic stay of the Action against Mallinckrodt plc imposed by section 362 thereof), (b) the order of the Court issued on October 13, 2020 staying the Action in its entirety, and (c) the stipulation approved by the Bankruptcy Court by order dated November 16, 2020 (Adv. Pro. No. 20-50850 (Bankr. D. Del.), Doc. No. 137).  In the event that the Action is permitted to resume and except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any Settlement-related order had not been entered.  Consistent with ¶ 43 of the Stipulation:

(a)     within three (3) days after joint written notification of termination is sent by Lead Counsel and counsel for Defendants to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 23 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to the D&O Insurers.  In the event that the funds received by Lead Counsel consistent with ¶ 23 of the Stipulation have not been refunded to the Settlement Fund within three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O Insurers immediately upon their deposit into the Escrow Account consistent with ¶ 23 of the Stipulation; and

(b)     Lead Counsel shall return any attorneys' fees, plus accrued interest, as set forth in ¶ 23 of the Stipulation.  Lead Counsel or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the D&O Insurers.

24.     Administration of the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25.     Lead Plaintiff and Defendants are hereby directed to consummate the Stipulation and to perform its terms.

26.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  Defendants and Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

27.     Plan of Allocation and Fee and Expense Application.  Separate Orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application. Those orders shall in no way disturb, affect, or delay this Judgment or the Effective Date of the Settlement and shall be considered separate from this Judgment.

28.     Entry of Final Judgment.  There is no just reason for delay in the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.


 Dated: _____, 202_      _____
                                           Honorable Dabney L. Friedrich
                                           UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA A. SHENK, Individually and on Behalf of All Others Similarly Situated, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MALLINCKRODT PLC *et al.*, <br><br> *Defendants*. | No. 17-cv-00145 (DLF) CONSOLIDATED ACTION |

**NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION FOR
ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING**

If you purchased or otherwise acquired Mallinckrodt plc ("Mallinckrodt" or the "Company") common stock during the period from October 6, 2015 through November 6, 2017, inclusive, and were allegedly damaged thereby, you may be entitled to a payment from a class action settlement.

*<u>This notice contains important deadlines that may affect your rights.</u>*

*<u>This is not a solicitation from a lawyer.  A Federal Court authorized this Notice.</u>*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class. [1]

- If approved by the U.S. District Court for the District of Columbia (the "District Court" or "Court"), the proposed settlement will create a $65,750,000.00 cash fund, plus earned interest (the "Settlement Fund"), less Court-approved fees, expenses, and Taxes, for the benefit of eligible Settlement Class Members.

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated May 18, 2021, as amended July 22, 2021 (the "Stipulation"), which is available on the website for the Action at www.MallinckrodtSecuritiesLitigation.com.

1

- The Settlement resolves all claims that have been asserted on behalf of the Settlement Class (as defined below) by Court-appointed Lead Plaintiff, the State Teachers Retirement System of Ohio ("STRS Ohio" or "Lead Plaintiff") against Mallinckrodt and Mark C. Trudeau and Matthew K. Harbaugh (the "Individual Defendants" and collectively with Mallinckrodt, the "Defendants").  It avoids the costs and risks of continuing the Action (as defined below); provides a cash payment to Class members who timely submit valid claims; and releases the Released Defendant Parties from liability.

- On October 12, 2020, Mallinckrodt and certain of its subsidiaries and affiliated companies instituted proceedings in the United States Bankruptcy Court in the District of Delaware (the "Bankruptcy Court") under the caption, *In re Mallinckrodt plc*, Case No. 20-12522 (the "Bankruptcy Action").  On February 23, 2022, the Bankruptcy Court entered an order authorizing Mallinckrodt to enter into the Settlement, which remains subject to approval by the District Court.

- This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  **If you are a Settlement Class Member, your legal rights will be affected whether or not you act.  Please read this Notice carefully.**

- The Court in charge of the Action (as defined below) still has to decide whether to approve the Settlement.  Cash payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

<u>**SUMMARY OF THIS NOTICE**</u>

**I.      Description of the Action and the Class**

This Notice relates to a proposed Settlement of claims in the pending above-captioned consolidated securities class action lawsuit (the "Action") brought by investors alleging, among other things, that Defendants violated the federal securities laws by: (1) misrepresenting the portion of Acthar sales attributable to Medicare and Medicaid on an October 6, 2015 investor call; (2) making false statements relating to a Federal Trade Commission investigation in a Form 10-K filed on November 29, 2016; and (3) making a series of false and misleading statements concerning Acthar sales and prospects from January 19, 2017 through August 8, 2017.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class.

The "Class" or "Settlement Class" is defined as all persons or entities who purchased or otherwise acquired Mallinckrodt common stock between October 6, 2015 and November 6, 2017, inclusive (the "Class Period"), and were allegedly damaged thereby, excluding (i) defendant Mallinckrodt, (ii) defendants Mark C. Trudeau and Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.  "Class Member" means a Person that is a member of the Settlement Class.

**II.     Statement of the Plaintiff's Recovery**

Lead Plaintiff and Defendants have entered into the proposed Settlement, which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, and as

described more fully on page __ below, Lead Plaintiff, on behalf of the proposed Class, has

agreed to settle all claims in the Action in exchange for a cash payment of $65,750,000.00 (the

"Settlement Amount").  The claims that will be resolved by the Settlement include all claims that

were asserted in the Action, could have been asserted in the Action or in any forum, domestic or

foreign, or could be asserted in the future against Released Defendant Parties, that (i) arise out

of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events,

matters, occurrences, representations or omissions involved, set forth, alleged or referred to in

the Complaint in the Action or in any of the prior complaints from the cases that were

consolidated into the Action, and (ii) relate to the purchase, acquisition, sale, disposition, or

holding of Mallinckrodt common stock by members of the Settlement Class during the Class

Period.  The Settlement Amount will be deposited into an interest-bearing Escrow Account.

Based on the Plan of Allocation (defined below) being proposed, the estimated average recovery

for Mallinckrodt common stock purchased during the Class Period is $0.49 per share.  **Class**

**Members should note, however, that the foregoing average recovery is only an estimate,**

**and Settlement Class Members may recover more or less than that estimate.**  A Class

Member's actual recovery will depend on several things, including: (1) the number of claims

filed; (2) the amount of the Net Settlement Fund; (3) when, in what quantities and for how much

Class Members purchased and/or acquired Mallinckrodt common stock during the Class Period;

and (4) whether Class Members sold Mallinckrodt common stock and, if so, when and for how

much.  The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs,

attorneys' fees and other litigation expenses that may be awarded to Lead Counsel) will be

distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be

approved by the Court and will determine how the Net Settlement Fund shall be allocated to the

members of the Class.  The proposed Plan of Allocation is included in this Notice (see page ____ below).

## III.     Statement of Potential Outcome of the Case

The Parties do not agree on whether Lead Plaintiff would have prevailed on its claims against the Defendants.  Nor do they agree on the average amount of damages per share that might be recoverable if Lead Plaintiff were to prevail on the claims of the Class.  The issues on which the Parties disagree include: (i) whether any of the Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws during the Class Period; (ii) whether any such statements were made with the requisite level of intent or recklessness; (iii) whether the claims against the Defendants are subject to various defenses that would preclude any liability that might otherwise exist; (iv) the amounts, if any, by which the price of Mallinckrodt common stock was artificially inflated as a result of the alleged misstatements and omissions by the Defendants; (v) the amount, if any, by which the price of Mallinckrodt common stock declined as a result of any alleged corrective disclosure or the materialization of any alleged concealed risk; (vi) the amount, if any, of any alleged damages suffered by purchasers of Mallinckrodt common stock during the Class Period; and (vii) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of Mallinckrodt common stock during the Class Period.

Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**IV.     Statement of Attorneys' Fees and Litigation Expenses Sought**

Lead Counsel (as defined on page __ below) will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 20% of the Settlement Fund, plus interest from the date of funding at the same rate as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of litigation expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $500,000, plus interest from the date of funding at the same rate as earned by the Settlement Fund, which includes reimbursement to the Lead Plaintiff and another proposed Class representative for their reasonable costs and expenses directly relating to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  If the Court approves the attorneys' fees and expense application in full, the average amount of fees and expenses will be approximately $0.10 per share of common stock purchased during the Class Period.

**V.      Identification of Attorneys' Representatives**

Lead Plaintiff and the Class are being represented by the Court-appointed Lead Counsel: Jeffrey W. Golan, Mark R. Rosen and Jeffrey B. Gittleman of Barrack Rodos & Bacine, 3300 Two Commerce Square, 2001 Market Street, Philadelphia, PA 19103, Tel: (215) 963-0600, www.barrack.com.

**VI.     Reasons for the Settlement**

Lead Plaintiff has agreed to settle the claims alleged in the Action pursuant to the terms of the Stipulation, after considering (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial, especially in light of Mallinckrodt's bankruptcy; and (c)

the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.  For the Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Member was damaged, the sole reason for the Settlement is to eliminate the uncertainty, burden, and expense of further protracted litigation.

**[END OF COVER PAGE]**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM POSTMARKED NO LATER THAN OCTOBER 27, 2022.** | This is the only way to get a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN JUNE 28, 2022.** | Get no payment from the Settlement. This is the only option that allows you to ever be part of any other lawsuit against the Defendants and Released Defendant Parties concerning the claims that were, or could have been, asserted in this case. It is also the only way for Class Members to remove themselves from the Class. **If you are considering excluding yourself from the Class, please note that there is a risk that new claims asserted against the Defendants may no longer be timely and could be time-barred. See page __ below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN JUNE 28, 2022.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of expenses. In order to object, you must remain a member of the Class, may not exclude yourself, and you will be bound by the Court's determinations. |
| **ATTEND THE HEARING ON JULY 28, 2022 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS POSTMARKED NO LATER THAN JUNE 28, 2022.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Get no payment. Remain a Class Member. Give up your rights. Still bound by the terms of the Settlement. |

## WHAT THIS NOTICE CONTAINS

Why did I get this notice package? ……………………………………………… Page __

What is this lawsuit about and what has happened so far? …………………………… Page __

Why is this a class action? ……………………………………………………… Page __

Why is there a settlement? …………………………………………..………… Page __

How do I know if I am part of the Settlement? ………………………………..…..Page __

Are there exceptions to being included in the Class? ………………………….. Page __

What if I am not sure if I am included? …………………………………………….. Page __

What does the Settlement provide? ………………………………………………….. Page __

How much will be payment be? ………………………………………………….…. Page __

How can I get a payment? ……………………………………………………… Page __

When would I get my payment? …………………………………………….…..… Page __

What am I giving up by staying in the Class? ………………………………….. Page __

How do I "opt out" (exclude myself) from the proposed Settlement? ……………….. Page __

If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? …………..……………………………….……….……………. Page __

If I exclude myself, can I get money from the proposed Settlement? …………….……. Page __

Do I have a lawyer in this case? ……………………………………………….……. Page __

How will the lawyers be paid? ……………………………………………….…… Page __

How do I tell the Court that I do not like something about the proposed Settlement? … Page __

What is the difference between objecting and requesting exclusion? …………………..Page __

When and where will the Court decide whether to approve the proposed Settlement?....Page __

Do I have to come to the hearing? …………………………………………………Page __

May I speak at the hearing and submit additional evidence? …………………………... Page __

What happens if I do nothing at all? ……………………………………….……. Page __

Are there more details about the proposed Settlement and the lawsuit? ……………….. Page __

How will my claim be calculated? ……………………………………...…..…... Page __

What if I bought securities on someone else's behalf? …………………………… Page __

## BASIC INFORMATION

| 1.  Why did I get this notice package? |
|---|

The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired Mallinckrodt common stock during the Class Period.  **Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Proof of Claim and Release Form that is being distributed with this Notice.**  *See* **Question 10 below.**

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this Action, and about all of their options, before the Court decides whether to approve the Settlement.  If approved, the Settlement will end all claims that were or could have been asserted in the Action.  The Court will consider whether to approve the Settlement at a Settlement Hearing on July 28, 2022 at 10:00 a.m.  If the Court approves the Settlement, and after any appeals are resolved and the Settlement administration is completed, the claims administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the District of Columbia, and the case is known as *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 00145-DLF.  This case was assigned to United States District Judge Dabney L. Friedrich.  The person who is suing is called "Lead Plaintiff" and the company and the persons being sued are called "Defendants."

10

> **2.   What is this lawsuit about and what has happened so far?**

THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF
THE COURT. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO
THE FOLLOWING MATTERS AND THESE RECITATIONS SHOULD NOT
BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE
COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES
RAISED BY ANY OF THE PARTIES.

Lead Plaintiff's claims in the Action were stated in the Consolidated Class Action

Complaint of Lead Plaintiff, State Teachers Retirement System of Ohio, for Violation of the

Federal Securities Laws dated May 18, 2018 (the "Complaint").  Lead Plaintiff alleged that the

Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act").  The Complaint alleged, among other claims, that Defendants (and Hugh

O'Neill, who was subsequently dismissed from the Action) violated the federal securities law by:

(1) misrepresenting Acthar's competitive position and business plans in a Joint Proxy dated July

14, 2014 for a merger of Mallinckrodt and Questcor Pharmaceuticals, Inc. ("Questcor") and

thereafter; (2) on October 6, 2015, misrepresenting the portion of Acthar sales attributable to

Medicare and Medicaid; (3) in a Form 10-K filed on November 29, 2016, making false

statements relating to a Federal Trade Commission investigation; and (4) from January 19, 2017

through August 8, 2017, making a series of false and misleading statements concerning Acthar

sales and prospects, including financial and Acthar-related guidance to the market.

On July 17, 2018, Defendants moved to dismiss the Complaint.  On August 30, 2018, Lead

Plaintiff filed its opposition papers and, on October 1, 2018, Defendants filed their reply papers.

On November 19, 2018, the Court held oral argument on Defendants' motions to dismiss, and on

July 30, 2019, the Court issued a Memorandum Opinion and Order denying Defendants' motions

to dismiss in part and granting them in part, which was reported as *Shenk v. Mallinckrodt plc*, No.

17-CV-00145 (DLF), 2019 WL 3491485 (D.D.C. July 30, 2019) (the "Memorandum Opinion and Order").

In the Memorandum Opinion and Order, the Court dismissed all claims based on alleged misstatements concerning Acthar's competitive position and business plans, all claims based on alleged misstatements before October 6, 2015, and one claim based on an alleged misrepresentation made on May 19, 2017, and denied the motions to dismiss for the remainder of the claims. The impact of the Memorandum Opinion and Order was to limit the time period of Lead Plaintiff's claims to a period from October 6, 2015 through November 6, 2017, inclusive.

On September 23, 2019, Defendants filed their respective answers to the Complaint. Defendants denied the claims and asserted a number of affirmative defenses.

Fact discovery in the Action commenced in September 2019. As part of this fact discovery, the Parties produced and exchanged over 250,000 pages of documents prior to the mediation process, described below.

On July 29, 2020, Lead Plaintiff moved to certify a class of investors consisting of all persons or entities, other than Defendants and their affiliates, who purchased or otherwise acquired Mallinckrodt common stock during the Class Period. Lead Plaintiff sought to have STRS Ohio and the Teamsters Local 677 Health Service and Insurance Plan ("Local 677"), which had also purchased Mallinckrodt common stock during the Class Period, certified as representatives of the Class. In support of the motion for class certification, Plaintiff submitted a 34-page memorandum of law, and a Declaration of Counsel that provided factual support and exhibits, including a 48-page Expert Report of Michael L. Hartzmark, Ph. D. that itself had nearly 300 pages of exhibits.

Following discussions in July and August 2020, Lead Plaintiff and Defendants agreed to pursue mediation (the "Mediation") to try to reach a global resolution of the Action before the Honorable Layn Phillips (Ret.), a former federal district court judge in the United States District Court for the Western District of Oklahoma (the "Mediator").  On September 1, 2020, the Court entered a stay of the Action pending the conclusion of the Mediation based on a joint motion of the Parties.  Counsel for Lead Plaintiff and Defendants began to establish a framework for the Mediation.

On October 12, 2020, Mallinckrodt filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings in the Action (the "Notice of Bankruptcy") stating that it and its affiliated debtors had commenced bankruptcy cases on the same date under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court in the District of Delaware (the "Bankruptcy Court"), jointly administered for procedural purposes only under the caption, *In re Mallinckrodt plc*, Case No. 20-12522 (the "Bankruptcy Action").  Through the Notice of Bankruptcy, Mallinckrodt informed the Court that the Action was automatically stayed with regard to Mallinckrodt pursuant to section 362(a) of the Bankruptcy Code.  The Court then entered a minute order on October 13, 2020, staying the entire Action.

On November 15, 2020, the Parties filed a stipulation in the Bankruptcy Action requesting that the Bankruptcy Court modify the automatic stay and the additional requested stay regarding the Individual Defendants solely to allow the Parties to participate in the Mediation. On November 16, 2020, the Bankruptcy Court entered an Order approving that stipulation.

In advance of the Mediation, the Parties agreed to exchange additional documents, and prepared and exchanged written submissions to the Mediator in an effort to inform the Mediator

of the relative positions of the Parties.  The Parties conducted two rounds of simultaneous submissions as part of the Mediation, submitting and exchanging opening statements on November 11, 2020 (which collectively appended over 150 exhibits) and responding submissions on November 25, 2020 (which collectively appended an additional 31 exhibits).

The Mediation was conducted remotely by Zoom over two separate sessions.  The Parties and relevant Directors' and Officers' insurers ("D&O Insurers") that had issued policies pertaining to the claims asserted in the Action, with counsel, attended both sessions in full. Counsel for Local 677 also participated during certain parts of the Mediation.  The first Mediation session was held on December 7, 2020 from 9:00 a.m. to 7:00 p.m. eastern time; the session did not end in an agreement to settle the Action.  The second Mediation session was scheduled for January 12, 2021.  Between these two dates, the Parties and D&O Insurers engaged in numerous additional discussions with the Mediator in an attempt to narrow the gap between them in advance of the second Mediation session.

On January 12, 2021, during the second Mediation session, which lasted from 9:00 a.m. to 5:30 p.m. eastern time, the Mediator continued to engage with the Parties and D&O Insurers. At the end of the day, the Parties conditionally agreed to settle this Action for a cash payment of $65,750,000.00 for the benefit of the Class contingent on approval by the board of directors of Mallinckrodt and Lead Plaintiff's retirement board (which approvals have now been obtained).

On January 13, 2021, counsel for Defendants and counsel for Lead Plaintiff, on behalf of their respective clients, entered into a term sheet (the "Term Sheet") setting forth, among other things, the agreement to settle and release all claims that were or could have been asserted in the Action against the Defendants in return for a cash payment of $65,750,000.00 by Mallinckrodt's D&O Insurers for the benefit of the Class, subject to certain terms and conditions, including the

execution of a stipulation and agreement of settlement and related papers, and appropriate approvals of the Bankruptcy Court and the District Court.

In Judge Phillips' opinion, "the proposed Settlement is the result of vigorous arm's-length negotiation by all involved Parties.  I believe, based on my extensive discussions with the Parties and the information made available to me both before and during the Mediation, that the Settlement was negotiated in good faith and that the Settlement is fair and reasonable."

The Parties entered into the Stipulation on May 18, 2021.  On February 23, 2022, the Bankruptcy Court authorized Mallinckrodt to enter into the Settlement and proceed to seek approval of the Settlement by the District Court.  On April 7, 2022, the District Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

The Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  The Defendants have denied and continue to deny each and every one of the claims and contentions alleged in this Action, including all claims in the Complaint.  The Defendants have also denied and continue to deny any liability whatsoever and that Lead Plaintiff or Class Members have suffered damage or were otherwise harmed by the conduct alleged in the Action, and the Defendants maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

### 3.   Why is this a class action?

In a class action, one or more people called a plaintiff sue on behalf of people or entities who have similar claims.  A class action allows one court to resolve in a single case many similar claims thus providing the class members with both consistency and efficiency.  One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the Class (see page ___ below).

### 4.   Why is there a settlement?

The Court has not decided the Action in favor of Lead Plaintiff or the Defendants, although it did dismiss certain claims in its July 30, 2019 ruling, on Defendants' motions to dismiss.  The Settlement will end all the claims against the Defendants in the Action and avoid the uncertainties and costs of further litigation and any future trial.  Assuming the Settlement is approved, affected Class Members will be eligible to receive compensation once the claims made against the Net Settlement Fund are validated, calculated and presented to the Court for payment, rather than after the time it would take to (a) allow the case to move forward after the conclusion of Mallinckrodt's bankruptcy proceedings, (b) thereafter have the Parties complete discovery, including document, fact witness and expert witness discovery related to Lead Plaintiff's motion for class certification as well as on the merits of the Action, (c) resolve Lead Plaintiff's motion for class certification, (d) resolve future motions for summary judgment and other pre-trial matters, and (e) have a trial and exhaust all appeals.

The Settlement was reached after more than three years of intense litigation.  As described above, Lead Plaintiff, through Lead Counsel, conducted an extensive investigation of the claims and underlying events and transactions relating to the Action.  Lead Plaintiff and Lead Counsel, assisted by counsel for Local 677, participated in hard-fought arm's-length negotiations

and mediations before an experienced mediator prior to entering into the Settlement.  Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Complaint, and specifically deny any wrongdoing that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of Mallinckrodt's common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that Members of the Settlement Class were harmed by the conduct alleged.  Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## WHO IS IN THE SETTLEMENT

| 5. How do I know if I am part of the Settlement? |
| --- |

  The Court has issued an Order, for the purposes of the Settlement only, that everyone who fits the following description, and is not excluded by definition from the Class (see Question 6 below), is a member of the Class, or a Class Member, unless they take steps to exclude themselves:

> All Persons or entities who purchased or otherwise acquired Mallinckrodt common stock between October 6, 2015 and November 6, 2017, inclusive and were allegedly damaged thereby.

  Receipt of this Notice does not mean that you are a Class Member.  Please check your records or contact your broker to see if you purchased or otherwise acquired Mallinckrodt common stock during the Class Period as described above.

If one of your mutual funds purchased Mallinckrodt common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be. You are a Class Member only if you (or your broker on your behalf) directly purchased or otherwise acquired Mallinckrodt common stock during the Class Period as described above, or if you are a legal representative, heir, successor or assign of someone who did so.

| **6.   Are there exceptions to being included in the Class?** |
|---|

There are some people who are excluded from the Class by definition.  Excluded from the Class are: (i) defendant Mallinckrodt, (ii) Individual Defendants Mark C. Trudeau and Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in this Notice **(see pages __-__ below).**

| **7.   What if I am not sure if I am included?** |
|---|

If you are not sure whether you are included, you can ask for free help by writing to or calling the Claims Administrator: Mallinckrodt PLC Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., P.O. Box 170707, Milwaukee, WI 53217, within the U.S. and Canada: 414-921-0496, or outside the U.S. and Canada: 877-315-0590, www.MallinckrodtSecuritiesLitigation.com.  Or you can fill out and return the Proof of Claim

and Release form ("Proof of Claim and Release Form") described on page __, in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU MAY RECEIVE

| **8. What does the Settlement provide?** |
| --- |

In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties, Defendants by the D&O Insurers have agreed to pay or cause to be paid $65,750,000.00 in cash solely from the proceeds of the D&O Policies, which will be deposited in an interest-bearing escrow account for the benefit of the Class (the "Settlement Fund"). The Settlement Fund will be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes, among all Class Members who timely submit valid Proof of Claim and Release Forms that are accepted for payment by the Court ("Authorized Claimants").

| **9. How much will my payment be?** |
| --- |

The Plan of Allocation, discussed on pages [____] below, explains how the Net Settlement Fund will be allocated among purchasers of Mallinckrodt common stock, and how claimants' "Recognized Losses" will be calculated. Your share of the Net Settlement Fund will depend on several things, including: (i) the quantity of Mallinckrodt common stock you bought; (ii) how much you paid for such common stock; (iii) when you bought such common stock; (iv) whether or when you sold such common stock (and, if so, for how much you sold such common stock); and (v) the amount of Recognized Losses of other Authorized Claimants.

It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Class Members. After all Class Members have sent in their Proof of Claim and Release Forms, the payment any Authorized Claimant will get will be their *pro rata* share of

the Net Settlement Fund based on the Plan of Allocation approved by the Court. In general, an Authorized Claimant's share will be his, her, or its Recognized Loss divided by the total of all Authorized Claimants' Recognized Losses and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation beginning on page __ for more information.

Once all the Proof of Claim and Release Forms are processed and claims are calculated, Lead Counsel, without further notice to the Class, will apply to the Court for an order authorizing distribution of the Net Settlement Fund to the Authorized Claimants. Lead Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with administering the Settlement that have not already been reimbursed.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM AND RELEASE FORM

| **10. How can I get a payment?** |
| --- |

To qualify for a payment, you must timely send in a valid Proof of Claim and Release Form with supporting documents (DO NOT SEND ORIGINALS of your supporting documents). A Proof of Claim and Release Form is enclosed with this Notice. You may also get copies of the Proof of Claim and Release Form on the Internet at the websites for the Claims Administrator: www.MallinckrodtSecuritiesLitigation.com, or Lead Counsel: www.barrack.com. Please read the instructions carefully, fill out the Proof of Claim and Release Form, include all the documents the form asks for, sign it, and mail it to the Claims Administrator by First-Class Mail, **postmarked on or before October 27, 2022.** *The Claims Administrator needs all of the information requested in the Proof of Claim and Release Form in order to determine if you are eligible to receive a distribution from the Net Settlement Fund.*

Any Settlement Class Member who fails to submit a Proof of Claim and Release Form by the date identified above shall be barred from receiving any distribution from the Net Settlement

Fund or payment pursuant to this Stipulation unless, by order of the Court or the discretion of Lead Counsel for good cause shown, late-filed Proof of Claim and Release Forms are accepted, but shall in all other respects be bound by all the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Parties concerning the Released Plaintiff's Claims.  All Proof of Claim and Release Forms received before the motion for the Distribution Order shall be deemed to be submitted when mailed, if received with a legible postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

### 11. When would I get my payment?

The Court will hold a hearing on July 28, 2022 at 10:00 a.m., to decide whether to, among other things, approve the Settlement and the proposed Plan of Allocation.  All Proof of Claim and Release Forms must be submitted to the Claims Administrator, **postmarked on or before October 27**, **2022**.  If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year.  It also takes time for all the Proof of Claim and Release Forms to be processed.  Please be patient.

### 12. What am I giving up by staying in the Class?

If you are a Class Member and do not timely and validly exclude yourself from the Class, you will stay in the Class, which means that as of the date that the Settlement becomes effective under the terms of the Stipulation (the "Effective Date"), you will forever give up and release all "Released Claims" (as defined below) against the "Released Parties" (as defined below).  You

will not in the future be able to bring a case asserting any Released Claim against the Released Parties.  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)     "Released Claims" means all Released Plaintiff's Claims and all Released Defendants' Claims.

(b)     "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown (i.e. Unknown Claims), contingent or non-contingent, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, that have been asserted, could have been asserted, or could be asserted in the future against Released Plaintiff Parties except for claims relating to the enforcement of the Settlement.

(c)     "Released Defendant Parties" means each and all of the following: defendant Mallinckrodt, the Individual Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers and reinsurers, as well as each of the Individual Defendants' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

(d)       "Released Parties" means the Released Defendant Parties and the

Released Plaintiff Parties collectively.

(e)       "Released Plaintiff's Claims" means any and all claims, rights and causes

of action, duties, obligations, demands, actions, debts, losses, sums of money, suits, contracts,

agreements, promises, damages and liabilities of any nature whatsoever, whether known or

unknown (i.e. Unknown Claims), contingent or non-contingent, derivative or direct, or suspected

or unsuspected, whether arising under federal or state statutory or common law or any other law,

rule or regulation, whether foreign or domestic, that (a) were asserted in the Action, (b) could

have been asserted in the Action or in any forum, domestic or foreign, or (c) could be asserted in

the future against Released Defendant Parties, that (i) arise out of, or relate in any way to, or are

based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations

or omissions involved, set forth, alleged or referred to in the Complaint in the Action or in any of

the prior complaints from the cases that were consolidated into the Action, and (ii) relate to the

purchase, acquisition, sale, disposition, or holding of Mallinckrodt common stock by members of

the Settlement Class during the Class Period.  For avoidance of doubt, Released Plaintiff's

Claims do not include, release, bar or waive any of the Excluded Claims.  Released Plaintiff's

Claims do not include, release, bar or waive claims of any Person who submits a valid and timely

Exclusion Request.

(f)       "Released Plaintiff Parties" means Lead Plaintiff, Local 677 and its

counsel, Lead Counsel, and each of their respective successors, assigns, representatives, officers,

directors, attorneys and agents.

(g)       The Released Claims include "Unknown Claims," which are defined as

any Released Claims that Lead Plaintiff or any other Class Member, each of the Defendants or

any of the other Released Parties, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Released Parties, which, if known by him, her or it, might have affected his, her or its decisions(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the

inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

If you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Plaintiff's Claims, then you must take steps to exclude yourself from the Class.  Excluding yourself is known as "opting out" of the Class.  The Defendants may withdraw from and terminate the Settlement if potential Class Members who purchased in excess of a certain amount of Mallinckrodt common stock opt out from the Class.

If you timely and properly request exclusion from the Class, you will retain any rights you have to sue the Defendants yourself with respect to the Released Plaintiff's Claims to the extent those claims are viable under the limitations periods applicable to claims under the Exchange Act.  You should note that if you exclude yourself from the Class, certain claims you may have against Defendants relating to your purchases or acquisitions of Mallinckrodt common stock during the Class Period may have expired under the applicable statute of limitations and/or 5-year statute of repose under the Exchange Act (5 years from the date of each alleged false statement).  You should further note that due to the filing of bankruptcy proceedings by Mallinckrodt, you may be precluded from asserting claims against the Company and any claims that you may assert against the Individual Defendants may be subjected to a stay of proceedings. Before you decide to request exclusion from the Class, you are urged to consult your counsel, at your own expense, to fully evaluate your rights and the consequences of excluding yourself from the Class.

---

**13. How do I "opt out" (exclude myself) from the proposed Settlement?**

---

To "opt out" (exclude yourself) from the Class, you must mail a signed letter by First-Class Mail stating that you "request exclusion from the Class in *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 00145 (D.D.C.)." Your letter ***must*** state the date(s), price(s) and number of shares of all your purchases, acquisitions and sales of Mallinckrodt common stock during the Class Period, and your holdings of such securities as of the close of business on November 6, 2017. This information is needed to determine whether you are a Class Member. In addition, you must include your name, address, telephone number, and your signature. You must submit your request for exclusion addressed to *Mallinckrodt PLC Securities Litigation,* Claims Administrator, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee WI 53217. The request for exclusion must be **received on or before June 28, 2022**. **You cannot exclude yourself or opt out by telephone or by email.** Your request for exclusion must comply with these requirements in order to be valid. If you are excluded, you will not be eligible to receive any payment from the Settlement proceeds and you cannot object to the Settlement, the proposed Plan of Allocation or the application for attorneys' fees and reimbursement of expenses.

---

**14. If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?**

---

No. Unless you exclude yourself, you give up any rights you may have to sue the Defendants and the other Released Defendant Parties for all Released Claims. If you have a pending lawsuit against any of the Defendants for claims that would be released through approval of the Settlement in this Action, speak to your lawyer in that case **immediately**. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **June 28, 2022**.

| **15. If I exclude myself, can I get money from the proposed Settlement?** |
|---|

No.  If you exclude yourself, do not send in a Proof of Claim and Release Form to ask for any money, as any such Proof of Claim and Release Form will be rejected.

**THE LAWYERS REPRESENTING YOU**

| **16. Do I have a lawyer in this case?** |
|---|

The law firm of Barrack Rodos & Bacine was appointed to represent all Class Members. This firm is called Lead Counsel.  You will not be separately charged for the services of these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17. How will the lawyers be paid?** |
|---|

Lead Counsel have not received any payment for their services in pursuing the claims against the Defendants on behalf of the Class since the Action was commenced in 2017, nor have they been reimbursed to this point for any of their litigation expenses.  At the Settlement Hearing described below, or at such other time as the Court may order, Lead Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 20% of the Settlement Fund, plus interest from the date of funding at the same rate as earned by the Settlement Fund, and to reimburse them for their litigation expenses, such as the cost of experts, that they have incurred in pursuing the Action.  The request for reimbursement of expenses will not exceed $500,000, plus interest on the expenses from the date of funding at the same rate earned by the Settlement Fund.  Lead Counsel's overall request for reimbursement of litigation expenses will include a request for an award to Lead Plaintiff for reimbursement of its reasonable costs and

expenses (including lost wages) directly related to its representation of the Class, pursuant to the PSLRA.

An award of attorneys' fees and/or litigation expenses is not a necessary term of the Stipulation and is not a condition of the Settlement described herein. The fairness and reasonableness of the Settlement will be determined without regard to the payment of attorneys' fees and litigation expenses, and no objection, motion, or appeal with respect to such fees or expenses shall affect the finality of any judgment approving the Settlement or any release related thereto. Any order or proceeding relating to Lead Counsel's application for an award of fees or for reimbursement of expenses shall not operate to terminate the Settlement or affect the finality or binding nature of the Settlement or entry of a final judgment. Lead Counsel's fee and expense application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of the Stipulation of Settlement and the associated Settlement. Any disapproval or modification of the application for an award of attorneys' fees and/or litigation expenses by the Court shall not affect the enforceability of the Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on the Defendants to increase the consideration paid in connection with the Settlement. The Settlement Fund will be the sole source of payment for any award of attorneys' fees and expenses.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court that I do not like something about the proposed Settlement?

If you are a Class Member and do not exclude yourself ("opt out") in accordance with Section 13 above, you can object to (a) any part of the Settlement, (b) the proposed Judgment, (c) the proposed Plan of Allocation, and/or (d) Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, including any request for reimbursement of costs and expenses for Lead Plaintiff.

To object, you must send a signed letter to the Court stating that you object to the proposed Settlement in the case known as: *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 00145 (D.D.C.).  The written and signed objection must include (a) the name, address and telephone number of the person or entity making the objection; (b) a statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; (c) documents sufficient to prove membership in the Class, including the amount of Mallinckrodt common stock that the objecting Class Member purchased or otherwise acquired during the Class Period, as well as any sales of such securities during the Class Period, along with the dates and prices of each such purchase and sale; and (d) the identity of any witness the Class Member may call to testify and copies of any exhibits the Class Member may introduce at the Settlement Hearing.  This information is needed to demonstrate your membership in the Class.  Your letter must also state the reasons why you object to (a) the Settlement, (b) the proposed Judgment, (c) the proposed Plan of Allocation, and/or (d) Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, including any request for reimbursement of costs and expenses for Lead Plaintiff, and any legal support for your objection and copies of any papers, briefs, or other documents upon which any objection is based.

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to (a) the Settlement, (b) the proposed Judgment, (c) the proposed Plan of Allocation, and/or (d) Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, including any request for reimbursement of costs and expenses for Lead Plaintiff.  If you elect to

"opt out," you will not be entitled to share in the Settlement proceeds and will not have a right to make an objection to the Settlement, proposed Plan of Allocation and/or the application for attorneys' fees and reimbursement of expenses.

Any objection must be filed with the United States District Court for the District of Columbia by hand or by mail such that it is **received on or before June 28, 2022,** at the address set forth below.  You must also mail or deliver the papers to Lead Counsel and Defendants' counsel at the (i) addresses and (ii) email addresses set forth below so that the papers are **received on or before June 28, 2022**.

**COURT:**

CLERK OF THE COURT
United States District Court for the
   District of Columbia
333 Constitution Avenue N.W.
Room 1225
Washington D.C. 20001

**DESIGNATED COUNSEL FOR
MALLINCKRODT:**

WACHTELL, LIPTON, ROSEN & KATZ
Rachelle Silverberg
S. Christopher Szczerban
51 West 52nd Street
New York, New York 10019
RSilverberg@wlrk.com
SCSzczerban@wlrk.com

**LEAD COUNSEL:**

BARRACK, RODOS & BACINE
Jeffrey W. Golan
Jeffrey B. Gittleman
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
JGolan@barrack.com
JGittleman@barrack.com

**DESIGNATED COUNSEL FOR
INDIVIDUAL DEFENDANTS:**

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Daniel J. Kramer
David Brown
William A. Clareman
1285 Avenue of the Americas
New York, New York 10019
DKramer@paulweiss.com
DBrown@paulweiss.com
WClareman@paulweiss.com

**19. What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can still recover from the Settlement if it is approved. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive anything in the Settlement. If you exclude yourself, you have no right to object because the Settlement no longer affects you and you are no longer a member of the Class.

## THE COURT'S SETTLEMENT HEARING

**20. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at 10 a.m. on July 28, 2022, in the United States District Court for the District of Columbia, 333 Constitution Avenue, Courtroom 14, Washington D.C. 20001, or as may be undertaken via a remote proceeding such as Zoom or by telephone for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit 5 to the Preliminary Approval Order should be entered dismissing the Action and all claims asserted against the Defendants therein, with prejudice, and releasing all Released Claims as against the Released Parties (as defined in the Stipulation); (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court will take into consideration any written objections filed in accordance

with the instructions set out above in the answer to Question 18.  We do not know how long it will take the Court to make these decisions.

You should also be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing in person or otherwise, you should check with Lead Counsel [or the website www.MallinckrodtSecuritiesLitigation.com] beforehand to be sure that the date and/or time has not changed.

**21. Do I have to attend the hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you validly submit an objection, it will be considered by the Court.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 22 below **no later than June 28, 2022**.

**22. May I speak at the hearing and submit additional evidence?**

You may ask the Court for permission to speak at the Settlement Hearing whether you object to the Settlement or not.  To do so, you must file and serve a statement with the Court (in the same manner as stated in Question 18 above) such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct that presents your "notice of intention to appear in *Shenk, et al. v. Mallinckrodt plc, et al.*, Case No. 17 Civ. 00145 (D.D.C.)."  You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing according to the procedures described above and in the answer to Question 18.

**IF YOU DO NOTHING**

| 23. What happens if I do nothing at all? |
|---|

If you do nothing and you are a member of the Settlement Class, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the Released Defendant Parties about the Released Claims in this case.  To be eligible to share in the Net Settlement Fund you must submit a Proof of Claim and Release Form (*see* Question 10).  To start, continue or be a part of any *other* lawsuit against the Defendants and the other Released Defendant Parties about the Released Claims in this case you must exclude yourself from this Class (*see* Question 13).

**GETTING MORE INFORMATION**

| 24. Are there more details about the proposed Settlement and the lawsuit? |
|---|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, dated as of May 18, 2021, as amended July 22, 2021, and the Preliminary Approval Order and Exhibits thereto.  You may review the Stipulation and the Preliminary Approval Order and Exhibits thereto filed with the Court and all documents filed in the Action during business hours at the Office of the Clerk of the United States District Court for the District of Columbia, United States Courthouse, 333 Constitution Avenue N.W., Washington D.C. 20001.  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You also can call the Claims Administrator within the U.S. and Canada: 414-921-0496, or outside the U.S. and Canada call: 877-315-0590; call Lead Counsel Barrack Rodos & Bacine at (215) 963-0600; write to *Mallinckrodt PLC Securities Litigation*, Claims Administrator, c/o A.B. Data, Ltd., P.O. Box 170707, Milwaukee, WI 53217; or visit the websites

www.MallinckrodtSecuritiesLitigation.com or www.barrack.com where you can download copies of this Notice and the Proof of Claim and Release Form. **Please do not call the Court, the Defendants or their counsel with questions about the Settlement.**

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND

| **25. How will my claim be calculated?** |
| --- |

I.      **GENERAL PROVISIONS**

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable way, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Lead Plaintiff's damages expert, based on assumptions provided by Lead Counsel, calculated the estimated amount of artificial inflation in the per share closing prices of Mallinckrodt common stock that was allegedly proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Mallinckrodt common stock in reaction to certain public announcements allegedly revealing the

truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.  Lead Plaintiff's expert also consulted with Lead Counsel concerning the relatedness of the alleged curative disclosures to the claims asserted in the case, in particular the time period to which the separate claims pertain, which is also reflected in the estimated artificial inflation in Mallinckrodt common stock.

In order to have recoverable damages, a corrective disclosure of an alleged misrepresentation or omission must be the cause of the decline in the price of Mallinckrodt common stock.  In this Action, the Court dismissed all claims Lead Plaintiff alleged based on alleged misstatements concerning Acthar's competitive position and business plans, all claims based on alleged misstatements before October 6, 2015, and one claim based on an alleged misrepresentation made on May 19, 2017.  The Court sustained the claims alleging that Defendants violated the federal securities law by: (1) on October 6, 2015, misrepresenting the portion of Acthar sales attributable to Medicare and Medicaid; (2) in a Form 10-K filed on November 29, 2016, making false statements relating to a Federal Trade Commission investigation; and (3) from January 19, 2017 through August 8, 2017, making a series of false and misleading statements concerning Acthar sales and prospects, including financial and Acthar-related guidance to the market.  The impact of this decision by this Court was to limit the time period of Lead Plaintiff's claims to a period from October 6, 2015 through November 6, 2017, inclusive (the Class Period).

Given this, the remaining claims allege that Defendants made false statements and omitted material facts regarding three separate areas, which had the effect of artificially inflating the prices of Mallinckrodt common stock over three distinct time periods.  For the first claim, Lead Plaintiff alleged Mallinckrodt's common stock price was inflated beginning on October 6,

2015 and that corrective disclosures removed this artificial inflation from the price of

Mallinckrodt common stock on November 16-17, 2016.  For the second claim, Lead Plaintiff

alleged Mallinckrodt's common stock price was inflated beginning on November 29, 2016 and

that corrective disclosures removed this artificial inflation from the price of Mallinckrodt

common stock on January 18, 2017.  For the third claim, Lead Plaintiff alleged Mallinckrodt's

common stock price was inflated beginning on January 19, 2017 and that corrective disclosures

removed this artificial inflation from the price of Mallinckrodt common stock on November 7,

2017.  In order to have a "Recognized Loss Amount" under the Plan of Allocation, the shares of

Mallinckrodt common stock must have been purchased during one of these three periods during

the Class Period and held through the claim's respective corrective disclosure dates.[2]

## II.      CALCULATION OF RECOGNIZED LOSS AMOUNTS

Based on the formula stated below, a "Recognized Loss Amount" will be calculated for

each purchase of Mallinckrodt common stock during the Class Period that is listed on the Proof

of Claim and Release Form and for which adequate documentation is provided.  If a Recognized

Loss Amount calculates to a negative number or zero under the formula below, that Recognized

Loss Amount will be zero.

1.      For each share of Mallinckrodt common stock purchased during the period from

October 6, 2015 through and including the close of trading on November 15, 2016 and:

a.   Sold prior to the close of trading on November 15, 2016, the Recognized

Loss Amount will be $0.00;

---

[2]  Thus, shares purchased between November 17, 2016 and November 28, 2016 or on January
18, 2017 will have a Recognized Loss Amount of $0.00.

    b.   Sold on November 16, 2016, the Recognized Loss Amount will be ***the lesser of***: (i) $7.18; or (ii) the purchase price minus the sale price;

    c.   Sold during the period from November 17, 2016 through and including the close of trading on November 6, 2017, the Recognized Loss Amount will be ***the lesser of***: (i) $11.93; or (ii) the purchase price minus the sale price;

    d.   Sold during the period from November 7, 2017 through and including the close of trading on February 2, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) $11.93; or (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2017 and the date of sale stated in Table A at the end of this Notice; and

    e.   Held as of the close of trading on February 2, 2018 , the Recognized Loss Amount will be ***the lesser of***: (i) $11.93; or (ii) the purchase price minus $21.99, the average closing price for Mallinckrodt common stock between November 7, 2017 and February 2, 2018 (the last entry on Table A).[3]

2.     For each share of Mallinckrodt common stock purchased on November 16, 2016 and:

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Mallinckrodt common stock during the 90-day look-back period.  The mean (average) closing price Mallinckrodt common stock during this 90-day look-back period was $21.99.

a. Sold prior to the close of trading on November 16, 2016, the Recognized Loss Amount will be $0.00;

b. Sold during the period from November 17, 2016 through and including the close of trading on November 6, 2017, the Recognized Loss Amount will be *the lesser of*: (i) $4.75; or (ii) the purchase price minus the sale price;

c. Sold during the period from November 7, 2017 through and including the close of trading on February 2, 2018, the Recognized Loss Amount will be *the lesser of*: (i) $4.75; or (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2017 and the date of sale stated in Table A at the end of this Notice; and

d. Held as of the close of trading on February 2, 2018, the Recognized Loss Amount will be *the lesser of*: (i) $4.75; or (ii) the purchase price minus $21.99, the average closing price for Mallinckrodt common stock between November 7, 2017 and February 2, 2018 (the last entry on Table A).

3.     For each share of Mallinckrodt common stock purchased during the period from November 29, 2016 through and including the close of trading on January 17, 2017 and:

a. Sold prior to the close of trading on January 17, 2017, the Recognized Loss Amount will be $0.00;

b. Sold during the period from January 18, 2017 through and including the close of trading on November 6, 2017, the Recognized Loss Amount will be *the lesser of*: (i) $3.48; or (ii) the purchase price minus the sale price;

c. Sold during the period from November 7, 2017 through and including the close of trading on February 2, 2018, the Recognized Loss Amount will be

***the lesser of***: (i) $3.48; or (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2017 and the date of sale stated in Table A at the end of this Notice; and

d.  Held as of the close of trading on February 2, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) $3.48; or (ii) the purchase price minus $21.99, the average closing price for Mallinckrodt common stock between November 7, 2017 and February 2, 2018 (the last entry on Table A).

4.      For each share of Mallinckrodt common stock purchased during the period from January 19, 2017 through and including the close of trading on November 6, 2017 and:

a.  Sold prior to the close of trading on November 6, 2017, the Recognized Loss Amount will be $0.00;

b.  Sold during the period from November 7, 2017 through and including the close of trading on February 2, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) $10.52; or (ii) the purchase price minus the sale price; or (iii) the purchase price minus the average closing price between November 7, 2017 and the date of sale stated in Table A at the end of this Notice; and

c.  Held as of the close of trading on February 2, 2018, the Recognized Loss Amount will be ***the lesser of***: (i) $10.52; or (ii) the purchase price minus $21.99, the average closing price for Mallinckrodt common stock between November 7, 2017 and February 2, 2018 (the last entry on Table A).

## III.    ADDITIONAL PROVISIONS

The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater.

If a Class Member has more than one purchase or sale of Mallinckrodt common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim (calculated in accordance with the criteria below) divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Purchases, acquisitions and sales of Mallinckrodt common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift or inheritance of Mallinckrodt common stock during the Class Period will not be deemed a purchase, acquisition or sale of Mallinckrodt common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of Mallinckrodt common stock unless (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Proof of Claim or Release Form was submitted by or on behalf of the donor, on

behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Mallinckrodt common stock that closed the short position.  The date of a "short sale" is deemed to be the date of sale of Mallinckrodt common stock that opened the short position. Under the Plan of Allocation, the Recognized Loss Amount on "short sales" is zero.  In the event that a Claimant has an opening short position in Mallinckrodt common stock, his, her, or its earliest Class Period purchases or acquisitions of Mallinckrodt common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Mallinckrodt common stock purchased or sold through the exercise of an option, the purchase/sale date of the Mallinckrodt common stock is the exercise date of the option and the purchase/sale price of the Mallinckrodt common stock is the exercise price of the option.

If a Claimant had a market gain with respect to his, her, or its aggregate purchases of Mallinckrodt common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Mallinckrodt common stock during the Class Period but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.

For purposes of determining whether a Claimant had a market gain with respect to his, her, or its aggregate purchases of Mallinckrodt common stock during the Class Period or

suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Mallinckrodt common stock during the Class Period.

After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions,

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for Mallinckrodt common stock purchased or acquired during the Class Period.

[5] The Claims Administrator will match any sales of Mallinckrodt common stock during the Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Mallinckrodt common stock sold during the Class Period will be the "Total Sales Proceeds".

[6] The Claims Administrator will ascribe a value of $20.11 per share for Mallinckrodt common stock purchased during the Class Period and still held as of the close of trading on November 6, 2017 (the "Holding Value").  The Holding Value is based on the closing price of Mallinckrodt common stock on November 7, 2017, the day after the last day of the Class Period.

would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance in the Net Settlement Fund shall be contributed to a non-sectarian, not-for-profit, non-political 501(c)(3) organization(s) dedicated to food, shelter, and/or humanitarian aid, to be recommended by Lead Plaintiff and approved by the Court.

Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  Defendants and Defendants' Counsel have no responsibility for, interest in, or liability whatsoever with respect to the Plan of Allocation.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with Lead Counsel and Lead Plaintiff's damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.MallinckrodtSecuritiesLitigation.com.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Columbia with respect to his, her, or its claim.

## SPECIAL NOTICE TO SECURITIES BROKERS
## AND OTHER NOMINEES

**26. What if I bought Mallinckrodt common stock on someone else's behalf?**

If you purchased or otherwise acquired Mallinckrodt common stock during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or otherwise acquired securities during the Class Period (preferably in an MS Excel, .CSV, or .TXT format), setting forth (i) title/registration, (ii) street address, and (iii) city/state/zip; (b) provide computer-generated mailing labels; or (c) request additional copies of this Notice and the Proof of Claim and Release Form, which will be provided to you free of charge, and within ten (10) calendar days of receipt of such copies send them by First-Class Mail, postage prepaid, directly to the beneficial owners of Mallinckrodt common stock.

If you choose to follow alternative procedure (c), the Court has directed that, upon such mailing, you shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expenses and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

*Mallinckrodt PLC Securities Litigation*
Claims Administrator

c/o A.B. Data, Ltd.
P.O. Box 170707
Milwaukee, WI 53217
Phone within the U.S. and Canada:  414-921-0496; Phone outside the U.S. and Canada: 1-877-315-0590

info@MallinckrodtSecuritiesLitigation.com
www.MallinckrodtSecuritiesLitigation.com

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION OR QUESTIONS ABOUT THE TERMS OF THE SETTLEMENT.  INSTEAD, PLEASE DIRECT ALL QUESTIONS TO LEAD COUNSEL AND/OR THE CLAIMS ADMINISTRATOR AS DIRECTED ABOVE UNDER QUESTION 24.**

Dated:  April 7, 2022

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TABLE A**

**Mallinckrodt Common Stock and Average Closing Price**
**November 7, 2017 – February 2, 2018**

| Date | Average Closing Price from November 7, 2017 through Date | Date | Average Closing Price from November 7, 2017 through Date | Date | Average Closing Price from November 7, 2017 through Date |
|---|---|---|---|---|---|
| 11/7/2017 | $20.11 | 12/6/2017 | $21.65 | 1/5/2018 | $22.40 |
| 11/8/2017 | $20.05 | 12/7/2017 | $21.63 | 1/8/2018 | $22.40 |
| 11/9/2017 | $20.76 | 12/8/2017 | $21.66 | 1/9/2018 | $22.40 |
| 11/10/2017 | $21.01 | 12/11/2017 | $21.72 | 1/10/2018 | $22.40 |
| 11/13/2017 | $21.19 | 12/12/2017 | $21.82 | 1/11/2018 | $22.41 |
| 11/14/2017 | $21.28 | 12/13/2017 | $21.90 | 1/12/2018 | $22.43 |
| 11/15/2017 | $21.37 | 12/14/2017 | $21.94 | 1/16/2018 | $22.45 |
| 11/16/2017 | $21.50 | 12/15/2017 | $21.99 | 1/17/2018 | $22.44 |
| 11/17/2017 | $21.60 | 12/18/2017 | $22.05 | 1/18/2018 | $22.43 |
| 11/20/2017 | $21.62 | 12/19/2017 | $22.09 | 1/19/2018 | $22.40 |
| 11/21/2017 | $21.60 | 12/20/2017 | $22.13 | 1/22/2018 | $22.39 |
| 11/22/2017 | $21.58 | 12/21/2017 | $22.17 | 1/23/2018 | $22.38 |
| 11/24/2017 | $21.55 | 12/22/2017 | $22.21 | 1/24/2018 | $22.36 |
| 11/27/2017 | $21.57 | 12/26/2017 | $22.24 | 1/25/2018 | $22.33 |
| 11/28/2017 | $21.59 | 12/27/2017 | $22.27 | 1/26/2018 | $22.31 |
| 11/29/2017 | $21.63 | 12/28/2017 | $22.29 | 1/29/2018 | $22.27 |
| 11/30/2017 | $21.64 | 12/29/2017 | $22.30 | 1/30/2018 | $22.21 |
| 12/1/2017 | $21.65 | 1/2/2018 | $22.33 | 1/31/2018 | $22.13 |
| 12/4/2017 | $21.66 | 1/3/2018 | $22.36 | 2/1/2018 | $22.07 |
| 12/5/2017 | $21.67 | 1/4/2018 | $22.38 | 2/2/2018 | $21.99 |

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA A. SHENK, Individually and on Behalf of All Others Similarly Situated, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MALLINCKRODT PLC *et al.*, <br><br> *Defendants*. | No. 17-cv-00145 (DLF) <br> CONSOLIDATED ACTION |

## PROOF OF CLAIM AND RELEASE

**A. GENERAL INSTRUCTIONS**

1. The only way to receive a distribution from the Net Settlement Fund created in connection with the proposed Settlement of the action entitled *Shenk, et al. v. Mallinckrodt plc, et al.*, Civil Action No. 1:17-cv-00145-DLF (D.D.C.) (the "Action"), is to complete, sign, and timely submit this Proof of Claim and Release form ("Proof of Claim and Release Form") as directed below. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2. Submission of this Proof of Claim and Release Form, however, does not assure that you will share in the proceeds of the Settlement. You will only be entitled to receive a distribution from the Net Settlement Fund if: (i) you are an Authorized Claimant (as described in paragraph 8 of the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing ("Notice"), which accompanies this Proof of Claim and Release Form; and (ii) you complete and sign this Proof of Claim and Release Form and timely submit it to the Claims Administrator at the address below.

3. **THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED EITHER (1) ONLINE AT WWW.MALLINCKRODTSECURITIESLITIGATION.COM NO LATER THAN OCTOBER 27, 2022 OR, (2) IF MAILED, BE POSTMARKED NO LATER THAN OCTOBER 27, 2022, ADDRESSED AS FOLLOWS:**

*Mallinckrodt PLC Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170707
Milwaukee, WI 53217

If you are NOT a member of the Class (as defined in Section I and questions 5-6 of the Notice, which accompanies this Proof of Claim and Release Form), DO NOT submit a Proof of Claim and Release Form.

      4.      If you are a member of the Class and you have not timely requested exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM OR RECEIVE A PAYMENT.

## B. INSTRUCTIONS FOR COMPLETING PART I – CLAIMANT IDENTIFICATION

      1.      If you purchased or otherwise acquired Mallinckrodt common stock in your name, you are the beneficial purchaser or other acquirer as well as the record purchaser or other acquirer. If, however, you purchased or otherwise acquired the Mallinckrodt common stock through a third party, such as a brokerage firm, you are the beneficial purchaser or other acquirer and the third party is the record purchaser or other acquirer.

      2.      Use Part I of this form entitled "Claimant Information" to identify each beneficial purchaser or other acquirer of Mallinckrodt common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR OTHER ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR OTHER ACQUIRER(S) UPON WHICH THIS CLAIM IS BASED.

**NOTE:** Separate Proof of Claim and Release Forms should be submitted for each separate legal entity (for example, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation with multiple brokerage accounts should include all transactions made in Mallinckrodt common stock during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in). All joint purchasers or other acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and proof of their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## C. INSTRUCTIONS FOR COMPLETING PART II – SCHEDULE OF TRANSACTIONS IN COMMON STOCK

1.      Use Part II of this form entitled "Schedule of Transactions in Common Stock" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases or other acquisitions and all of your sales or other dispositions of Mallinckrodt common stock from October 6, 2015 through February 2, 2018, inclusive, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Mallinckrodt common stock.  The date of a "short sale" is deemed to be the date of sale of Mallinckrodt common stock.

4.      You must attach copies of broker confirmations or other documentation of your transactions in Mallinckrodt common stock to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  Lead Plaintiff does not have information about your transactions in Mallinckrodt common stock.

NOTICE REGARDING ELECTRONIC FILES: Claimants with large numbers of transactions may request, or may be requested, to submit their transaction information in electronic files.  All Claimants MUST submit a **signed Proof of Claim and Release Form** whether or not they submit electronic files.  If you wish to file your claim electronically, you must contact the Claims Administrator at (414) 921-0496 (in the U.S. and Canada) or (877) 315-0590 (outside the U.S. and Canada) to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
*Shenk v. Mallinckrodt plc*,
Civil No. 17-CV-00145 (DLF)

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked or Submitted Online No Later Than:**
**October 27, 2022**
Please Type or Print

**PART I – CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Proof of Claim and Release Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                        Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                        Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

|   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

City

State/Province   Zip Code

Foreign Postal Code (if applicable)          Foreign Country (if applicable)

Telephone Number (Day)                 Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)      ☐ Corporation      ☐ UGMA Custodian      ☐ IRA

☐ Partnership       ☐ Estate           ☐ Trust             ☐ Other (describe: _____ )

## PART II – SCHEDULE OF TRANSACTIONS IN COMMON STOCK

**1. HOLDINGS AS OF OCTOBER 6, 2015.** State the total number of shares of Mallinckrodt common stock held as of the opening of trading on October 6, 2015.  If none, write "zero" or "0." _____ (Must be documented.)

**2. PURCHASES OR OTHER ACQUISITIONS FROM OCTOBER 6, 2015 THROUGH NOVEMBER 6, 2017.** Separately list each and every purchase or other acquisition of Mallinckrodt common stock from October 6, 2015 through the close of trading on November 6, 2017.  (Must be documented.)

| Date of Purchase or Other Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased or Otherwise Acquired | Purchase or Other Acquisition Price Per Share | Total Purchase or Other Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

**3. NUMBER OF SHARES PURCHASED OR OTHERWISE ACQUIRED FROM NOVEMBER 7, 2017 THROUGH FEBRUARY 2, 2018.** State the total number of shares purchased or otherwise acquired from on November 7, 2017 through February 2, 2018.  If none, write "zero" or "0." _____.  (Must be documented.)[1]

**4. SALES FROM OCTOBER 6, 2015 THROUGH FEBRUARY 2, 2018.** Separately list each and every sale of Mallinckrodt common stock from on October 6, 2015 through the close of trading on February 2, 2018. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

**5. HOLDINGS AS OF FEBRUARY 2, 2018.** State the total number of shares of Mallinckrodt common stock held as of the close of trading on February 2, 2018.  If none, write "zero" or "0." _____ (Must be documented.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX [____]. INCLUDE THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER/TAXPAYER IDENTIFICATION NUMBER ON EACH PAGE**

---

[1]    The number of shares purchased or otherwise acquired of Mallinckrodt common stock from November 7, 2017 through February 2, 2018 are needed in order to balance your claim. NOTE that those shares are not eligible for a recovery in this Settlement.

**YOU MUST READ AND SIGN THE RELEASE ON THIS PAGE.  FAILURE TO SIGN
THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR
THE REJECTION OF YOUR CLAIM.**

## PART III – ACKNOWLEDGMENTS AND RELEASE

### A.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation and Agreement of Settlement, dated May 18, 2021, as amended July 22, 2021 (the "Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of Columbia with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in the Action covering the same purchases/acquisitions or sales of Mallinckrodt common stock and know of no other person having done so on my (our) behalf.

### B.  RELEASE AND WARRANTIES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, covenant not to sue, relinquish, and discharge any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, losses, sums of money, suits, contracts, agreements, promises, damages and liabilities of any nature whatsoever, whether known or unknown (i.e. Unknown Claims as defined below), contingent or non-contingent, derivative or direct, or suspected or unsuspected, whether arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that (a) were asserted in the Action, (b) could have been asserted in the Action or in any forum, domestic or foreign, or (c) could be asserted in the future against defendant Mallinckrodt, the Individual Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers and reinsurers, as well as each of the Individual Defendants' Immediate Family members (as defined in the Stipulation), heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns ("Released Defendant Parties"), that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Complaint in the Action or in any of the prior complaints from the cases that were consolidated into the Action, and (ii) relate to the purchase, acquisition, sale, disposition, or holding of Mallinckrodt common stock by members of the Settlement Class during the Class Period ("Released Plaintiff's Claims").

"Unknown Claims" means any Released Claims that Lead Plaintiff or any other Class Member, each of the Defendants or any of the other Released Parties, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Released Parties, which, if known by him, her or it, might have affected his, her or its decisions(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Defendant Parties based on or arising out of the Released Plaintiff's Claims (as these terms are defined above).

3.      I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund under the terms and conditions of the Plan of Allocation, as set forth in the Notice.

4.      I (We) hereby warrant and represent that I (we) have included information (including supporting documentation) about all of my (our) transactions in Mallinckrodt common stock which occurred during the Class Period between October 6, 2015 and November 6, 2017, inclusive, and any sales of Mallinckrodt common stock purchased or otherwise acquired during the Class Period and sold on or prior to the close of trading on February 2, 2018, as well as the

number of shares of Mallinckrodt common stock held by me (us) at the opening of trading on October 6, 2015 and the close of trading on February 2, 2018.

5.      I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

6.      This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release Form by the undersigned is true and correct.

Executed this \_\_\_\_\_ day of _____, in _____, _____.
                            (Month / Year)               (City)              (State/Country)


_____                _____
Signature of Claimant                               Signature of Joint Claimant, if any


_____                _____
Print Name of Claimant                              Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

**REMINDER CHECKLIST**

1. Please sign the above release and acknowledgement.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of supporting documentation.  DO NOT SEND ORIGINAL STOCK CERTIFICATES.

5. Keep a copy of your Proof of Claim and Release Form and all supporting documentation for your records.

6. The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form within 60 days. Your claim is not deemed submitted until you receive an acknowledgment e-mail or postcard.  If you do not receive an acknowledgment e-mail or postcard within 60 days of mailing your Proof of Claim and Release Form, please call the Claims Administrator toll free at (414) 921-0496 (in the U.S. and Canada) or (877) 315-0590 (outside the U.S. and Canada).

7. If you move, please send your new address to:

   *Mallinckrodt PLC Securities Litigation*
   c/o A.B. Data, Ltd.
   info@MallinckrodtSecuritiesLitigation.com
   (414) 921-0496 (in the U.S. and Canada)
   (877) 315-0590 (outside the U.S. and Canada)

8. **Do not use red pen or highlighter** on the Proof of Claim and Release Form or supporting documentation.

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA A. SHENK,
Individually and on Behalf of All Others
Similarly Situated, *et al.*,

                        *Plaintiffs*,

            v.

MALLINCKRODT PLC *et al.*,

                        *Defendants*.

No. 17-cv-00145 (DLF)
CONSOLIDATED ACTION

**SUMMARY NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, MOTION
FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT HEARING**

**TO:    All persons and entities who purchased or otherwise acquired Mallinckrodt plc
("Mallinckrodt") common stock during the period from October 6, 2015 through
November 6, 2017, inclusive, and allegedly suffered damages as a result.**

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, MALLINCKRODT,
ANY OTHER DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.

ALL QUESTIONS ABOUT THIS NOTICE, THE PROPOSED SETTLEMENT, OR YOUR
ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT SHOULD BE DIRECTED TO
LEAD COUNSEL OR THE CLAIMS ADMINISTRATOR, WHOSE CONTACT
INFORMATION IS PROVIDED BELOW.

        YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil
Procedure and an Order of the United States District Court for the District of Columbia, that the
above-captioned litigation (the "Action") has been preliminarily certified as a class action for the
purposes of settlement only on behalf of the Class, except for certain persons and entities who are
excluded from the Class by definition as set forth in the Stipulation and Agreement of Settlement
dated May 18, 2021, as amended on July 22, 2021 (the "Stipulation").

        YOU ARE ALSO NOTIFIED that the Lead Plaintiff, on behalf of itself and all members
of the Class, and Mallinckrodt, Mark C. Trudeau, and Matthew K. Harbaugh (collectively,
"Defendants") have reached a proposed settlement of the Action for $65,750,000.00 in cash (the
"Settlement") payable from the proceeds of certain D&O Policies, as defined in the Stipulation,

that, if approved, will resolve all claims asserted against the Released Defendant Parties (identified in the Notice referred to below).

A hearing will be held on July 28, 2022 at 10 a.m. before the Honorable Dabney L. Friedrich at the United States District Court for the District of Columbia, 333 Constitution Avenue, Courtroom 14, Washington D.C. 20001, or as may be undertaken via a remote proceeding such as Zoom or by telephone, for the following purposes:  (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit 5 to the Preliminary Approval Order should be entered dismissing the Action and all claims asserted against the Defendants therein, with prejudice, and releasing all Released Claims as against the Released Parties (as defined in the Stipulation); (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement ("Settlement Hearing").  The Court may change the date of the Settlement Hearing without providing another notice.  Class Members should check the Settlement Class website in advance of the Settlement Hearing to determine whether that hearing will occur in person at the United States District Court for the District of Columbia or via a remote link or teleconference.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.  If you have not yet received the full Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice"), and the Proof of Claim and Release Form, you may obtain copies of these documents by contacting the Claims Administrator at *Mallinckrodt PLC Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 170707, Milwaukee, WI 53217,.  Copies of the Notice and Proof of Claim and Release Form can also be downloaded from the websites maintained by the Claims Administrator,  www.MallinckrodtSecuritiesLitigation.com, and by Lead Counsel, www.barrack.com.

If you are a member of the Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a valid Proof of Claim and Release Form to the Claims Administrator either online at www.MallinckrodtSecuritiesLitigation.com no later than October 27, 2022 or via mail, postmarked no later than October 27, 2022.  If you are a Class Member and do not submit a proper Proof of Claim and Release Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is received no later than June 28, 2022, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

3

Any objections to (a) the Settlement, (b) the proposed Judgment, (c) the proposed Plan of Allocation, and/or (d) Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, including any request for reimbursement of costs and expenses for Lead Plaintiff, must be filed with the Court and delivered to Lead Counsel and Defendants' counsel such that they are received no later than June 28, 2022, in accordance with the instructions set forth in the Notice. Objections may not be submitted by persons who exclude themselves from the Class.

Inquiries, other than requests for the Notice and Proof of Claim and Release Form, may be made to Lead Counsel:

**BARRACK, RODOS & BACINE**
Jeffrey W. Golan
Jeffrey B. Gittleman
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 963-0600
jgolan@barrack.com
jgittleman@barrack.com

Requests for the Notice and Proof of Claim and Release Form should be made out to:

*Mallinckrodt PLC Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 170707
Milwaukee, WI 53217
(414) 921-0496 (in the U.S. and Canada)
(877) 315-0590 (outside the U.S. and Canada)
info@MallinckrodtSecuritiesLitigation.com

By Order of the Court

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA A. SHENK, Individually and on Behalf of All Others Similarly Situated, *et al.*, | |
| *Plaintiffs*, | No. 17-cv-00145 (DLF) CONSOLIDATED ACTION |
| v. | |
| MALLINCKRODT PLC *et al.*, | |
| *Defendants*. | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS:

A.      Lead Plaintiff, on behalf of itself and the Class, and Defendants entered into a Stipulation and Agreement of Settlement, dated May 18, 2021, as amended July 22, 2021 in the above-captioned Action (the "Stipulation").

B.      This Order of Dismissal is "with prejudice";

C.      Pursuant to the Order Preliminarily Approving Proposed Settlement and Providing for Notice (the "Preliminary Approval Order"), entered April 7, 2022, the Court scheduled a hearing on July 28, 2022, at 10 a.m.: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation and the Preliminary Approval Order and the Exhibits thereto, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit 5 to the Preliminary Approval Order should be entered dismissing the Action and all claims asserted against the Defendants therein, with prejudice, and releasing all Released Claims

as against the Released Parties (as defined in the Stipulation); (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may have been properly brought before the Court in connection with the Settlement (the "Settlement Hearing").

D.      The Court ordered that (a) the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice") and a Proof of Claim and Release Form, substantially in the forms attached to the Preliminary Approval Order as Exhibits 2 and 3, respectively, be sent by first-class mail on or before thirty (30) calendar days after the date of the Preliminary Approval Order (the "Notice Date") to all potential Class Members at the addresses set forth in the records provided by Mallinckrodt, or who may otherwise be identified through reasonable effort; (b) that contemporaneously with their mailing, copies of the Notice and Proof of Claim and Release Form shall be posted on a webpage dedicated to the Settlement maintained by the Claims Administrator from which Class Members may download copies of the Notice and Proof of Claim and Release Form; and (c) that the Summary Notice be published in the *Investor's Business Daily* and transmitted over *PR Newswire* within ten (10) calendar days of the Notice Date.

E.      The Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court no later than June 28, 2022, and mailed to counsel for the Parties such that they were received no later than June 28, 2022.  The Notice further advised Class Members of the requirements for requests to be excluded from the Class.

F.      The Parties complied with the provisions of the Preliminary Approval Order as to the publication and distribution of the Notice and Summary Notice of the Settlement.

G.      On _____, 202_, Lead Plaintiff moved for final approval of the Settlement, as required by the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 202_, at which time all interested Persons who had complied with the terms of the Notice were afforded the opportunity to be heard.

H.      This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement and otherwise being fully informed in the premises and good cause appearing therefore.

NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      Incorporation of Settlement Documents.  This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on March 22, 2022; and (ii) the Preliminary Approval Order.

2.      Capitalized terms used but not otherwise defined in this Judgment shall have the meaning set forth in the Preliminary Approval Order and in the Stipulation.

3.      Jurisdiction. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

4.      Certification of the Class for Settlement Purposes.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons or entities who purchased or otherwise acquired Mallinckrodt

common stock between October 6, 2015 and November 6, 2017, inclusive, and were allegedly

damaged thereby, excluding (i) defendant Mallinckrodt, (ii) defendants Mark C. Trudeau and

Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual

Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of

the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers,

directors, and any other individual or entity in which any Defendant has a controlling interest;

(vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such

excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a

valid and timely request for exclusion (the "Class" or "Settlement Class").

5.    Class Findings.  The Court hereby affirms its determinations in the Preliminary

Approval Order and finds, for purposes of the Settlement only, that each element required for

certification of the Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil

Procedure has been met:  (a) the members of the Class are so numerous that their joinder in the

Action would be impracticable; (b) there are questions of law and fact common to the Class; (c)

the claims of Lead Plaintiff and the additional proposed Class representative, Teamsters Local

677 Health Service and Insurance Plan ("Local 677"), are typical of the claims of the Class; (d)

Lead Plaintiff and Local 677, and their counsel, have fairly and adequately represented and

protected the interests of the Class; and (e) the questions of law and fact common to the Class

predominate over any individual questions and a class action is superior to other available

methods for the fair and efficient adjudication of the Action.

6.    Class Representatives.  The Court hereby affirms its determinations in the

Preliminary Approval Order and finally certifies, for the purposes of the Settlement only,

pursuant to Rule 23 of the Federal Rules of Civil Procedure, (i) Lead Plaintiff and Local 677 are

adequate Class representatives, (ii) Lead Plaintiff and Local 677 are appointed representatives of the Class, and (iii) Lead Counsel is appointed Counsel for the Class.

7.     <u>Notice</u>.  The Court finds that the notice given to the Settlement Class by mailing, website posting and publication, as applicable: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances, to all Persons and entities entitled to such notice, of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation; (iii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, proposed Settlement, the effect of the proposed Settlement (including the releases therein), their right to exclude themselves from the Class, to object to any aspect of the proposed Settlement and to appear at the Settlement Hearing, the Fee and Expense Application, and the proposed Plan of Allocation; (iv) was reasonable and constituted due, adequate, and sufficient notice of the proposed Settlement to all Persons and entities entitled to receive such notice; and (v) fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

8.     <u>Objections</u>.  The Court finds and concludes [that there are no pending objections to the Settlement, Plan of Allocation or request for award of counsel fees and expenses, including expenses of the Lead Plaintiff.]

9.     <u>Exclusion Requests</u>.  The Court hereby approves and accepts [the requests to be excluded from the Class set forth on the list attached as Exhibit A to the Affidavit of

_____, which list is also attached to this Judgment and Order.  No further exclusion

requests shall be accepted, barring further Order from this Court.]

10.    <u>Final Settlement Approval and Dismissal of Claims</u>.  Pursuant to Rule 23(e)(2) of

the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in

light of the benefits to the Settlement Class, the complexity and expense of further litigation, the

risks of establishing liability and damages, and the costs of continued litigation, said Settlement

is, in all respects, fair, reasonable, and adequate to the Settlement Class, having considered and

found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement

Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the

relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks,

and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief

to the Settlement Class, including the method of processing Settlement Class Member claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv)

any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of

Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the

Settlement is hereby approved in all respects (including, without limitation: the amount of the

Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the

claims asserted against Defendants) and shall be consummated in accordance with the terms and

provisions of the Stipulation.

11.    <u>Dismissal with Prejudice</u>.  This Action, and all actions consolidated therewith and

claims contained therein, are hereby dismissed in their entirety, with prejudice, and without costs

to any Party, except as otherwise provided in the Stipulation.

12.   <u>Releases</u>.   Upon the Effective Date and without further action by anyone, Lead Plaintiff, on behalf of itself and all members of the Settlement Class, in his, her or its capacity as a purchaser or acquirer of Mallinckrodt common stock, together with their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of this Final Judgment and Order, shall have, fully, finally and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown (i.e. Unknown Claims as defined below), contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against defendant Mallinckrodt, the Individual Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers and reinsurers, as well as each of the Individual Defendants' Immediate Family members (as defined in the Stipulation), heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior

complaints and (ii) relate to the purchase, acquisition, sale, disposition, or holding of

Mallinckrodt common stock by members of the Settlement Class during the Class Period.

Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1)

currently asserted in the litigations captioned *Solomon v. Mallinckrodt plc*, No. 1:17-cv-01827

(D.D.C.) and *Brandhorst v. Trudeau*, No. 19-cv-02778 (D.D.C.); (2) currently asserted in the

litigation captioned *Strougo v. Mallinckrodt plc*, 3:20-cv-10100 (D.N.J.), based on the alleged

misstatements, omissions and corrective disclosures alleged in the Amended Complaint dated

August 10, 2020; (3) related to the enforcement of the Settlement; and/or (4) between Released

Defendant Parties and their respective D&O Insurers.  This Release shall not release any claims

of the Persons identified in the list attached to this Judgment and Order, pursuant to Paragraph 9,

above.

13.     Upon the Effective Date and without further action by anyone, the Defendants

shall be deemed to have, and by operation of this Final Judgment and Order, shall have, fully,

finally and forever resolved, discharged, relinquished, released, waived, settled, and dismissed

with prejudice any and all claims, rights and causes of action, duties, obligations, demands,

actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities,

whether known or unknown (i.e., Unknown Claims as defined below), contingent or non-

contingent, derivative or direct, or suspected or unsuspected, including any claims arising under

federal or state statutory or common law or any other law, rule or regulation, whether foreign or

domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the

claims against the Defendants in the Action, that have been asserted, could have been asserted, or

could be asserted in the future against Lead Plaintiff, Local 677 and its counsel, Lead Counsel

and each of their respective successors, assigns, representatives, officers, directors, attorneys

(except for claims relating to the enforcement of the Settlement) and shall forever be enjoined from prosecuting such claims.

14.     "Unknown Claims" means any Released Claims that Lead Plaintiff or any other Class Member, each of the Defendants or any of the other Released Parties, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Released Parties, which, if known by him, her or it, might have affected his, her or its decisions(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released

Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

15.  <u>Bar Order</u>.  Upon the Effective Date, except as provided in Paragraph 17 of this Judgment, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for indemnification, advancement or contribution (or any other claim when the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, arising out of, or in connection with the Released Plaintiff's Claims, against each and every one of the Released Defendant Parties, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in Paragraph 17 below, the Defendants are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Defendant is that Releasing Defendant's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiff's Claims, against any Person, other than a Person whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims,

counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any

other court, arbitration proceeding, administrative proceeding, or other forum.

16.     Upon the Effective Date, and as provided in the Stipulation, and without further

action by anyone, Lead Plaintiff, on behalf of itself and each and every Settlement Class

Member, in his, her or its capacity as a purchaser or acquirer of Mallinckrodt stock, and anyone

claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted

not to sue any of the Defendants and the Released Defendant Parties with respect to any and all

of the Released Claims (including, without limitation, Unknown Claims).

17.     Notwithstanding Paragraph 15 of this Judgment, nothing in the Stipulation or this

Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the

Stipulation, the Settlement, the Preliminary Approval Order or this Judgment.

18.     In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all

obligations to any Settlement Class Member of any Released Defendant Parties arising out of the

Action are discharged, and (b) any and all claims for contribution arising out of the Action or any

of the Released Claims (i) by any person or entity against any of the Released Defendant Parties,

and (ii) by any of the Released Defendant Parties against any person or entity, other than as set

out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged,

satisfied and unenforceable.

19.     <u>Rule 11 Finding</u>.  The Court further finds that during the course of the Action, the

Parties and their respective counsel and their employees and agents, at all times complied with

the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20.     <u>Binding Effect of Judgment</u>.  The terms of the Stipulation and this Judgment shall

be forever binding on Defendants, Lead Plaintiff, all other Class Members (whether or not such

Class Member executes and delivers a Proof of Claim and Release Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns, including, without limitation, the release of claims as set forth in Paragraphs 12-14 of this Judgment.  [The Persons listed in Exhibit A annexed hereto are excluded from the Class pursuant to their requests for exclusion and are not bound by the terms of the Stipulation or this Judgment.]

21.     <u>Use of this Judgment</u>. This Judgment, the Stipulation, the Settlement (whether or not consummated) and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, communications or agreements, shall not be offered or received against or to the prejudice of any Releasing Party for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of  any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that the Parties and the Released

Parties and their respective counsel may refer to this Judgment, to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(b)      do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that the claims alleged in this Action were without merit, that any of the Released Defendant Parties had meritorious defenses, and nothing herein should in any way be referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment,  to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c)      do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment;

(d)      do not constitute, and shall not be construed against any of the Released Defendant Parties as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; nor

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession or presumption against any of the Released Plaintiff Parties or any other member of the Settlement Class that the damages recoverable under the Complaint would not have exceeded the Settlement Amount.

22.     <u>Retention of Jurisdiction</u>. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (i) the implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim and any award or distribution of the Settlement Fund; (iii) the disposition of the Settlement Fund; (iv) the hearing and determination of any applications for attorney's fees, costs, interest, and reimbursement of litigation expenses in the Action that will be paid out of the Settlement Fund; (v) the hearing and determination of any motions to approve the Plan of Allocation or the Distribution Order; (vi) all Released Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vii) other matters related or ancillary to the foregoing.

23.     <u>Termination</u>.  If the Settlement does not become effective in accordance with the terms of the Stipulation or is terminated as provided in the Stipulation (including any amendments thereof and supplement agreements thereto), then this Judgment other than Paragraph 21 shall be vacated, rendered null and void, and be of no further force and effect, except as provided by and in accordance with the Stipulation, and in that event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be restored to their respective litigation positions as existed in the Action immediately prior to September 1, 2020, subject to (a) the effects of Mallinckrodt plc's voluntary petition for relief under chapter 11 of

the Bankruptcy Code (including the automatic stay of the Action against Mallinckrodt plc imposed by section 362 thereof), (b) the order of the Court issued on October 13, 2020 staying the Action in its entirety, and (c) the stipulation approved by the Bankruptcy Court by order dated November 16, 2020 (Adv. Pro. No. 20-50850 (Bankr. D. Del.), Doc. No. 137).  In the event that the Action is permitted to resume and except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any Settlement-related order had not been entered.  Consistent with ¶ 43 of the Stipulation:

      (a)     within three (3) days after joint written notification of termination is sent by Lead Counsel and counsel for Defendants to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 23 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to the D&O Insurers.  In the event that the funds received by Lead Counsel consistent with ¶ 23 of the Stipulation have not been refunded to the Settlement Fund within three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O Insurers immediately upon their deposit into the Escrow Account consistent with ¶ 23 of the Stipulation; and

      (b)     Lead Counsel shall return any attorneys' fees, plus accrued interest, as set forth in ¶ 23 of the Stipulation.  Lead Counsel or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the D&O Insurers.

24.     <u>Administration of the Settlement</u>. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25.     Lead Plaintiff and Defendants are hereby directed to consummate the Stipulation and to perform its terms.

26.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  Defendants and Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

27.     <u>Plan of Allocation and Fee and Expense Application</u>.  Separate Orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application. Those orders shall in no way disturb, affect, or delay this Judgment or the Effective Date of the Settlement and shall be considered separate from this Judgment.

28.     <u>Entry of Final Judgment</u>.  There is no just reason for delay in the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action.

Dated: _____, 202_                    _____
                                                        DABNEY L. FRIEDRICH
                                                        United States District Judge