**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PATRICIA A. SHENK,
Individually and on Behalf of All Others
Similarly Situated, *et al.*,

*Plaintiffs*,

v.

No. 17-cv-00145 (DLF)
CONSOLIDATED ACTION

MALLINCKRODT PLC *et al.*,

*Defendants.*

## **FINAL JUDGMENT**

WHEREAS:

A.    Lead Plaintiff, on behalf of itself and the Class, and Defendants entered

into a Stipulation and Agreement of Settlement, dated May 18, 2021, as amended July 22, 2021

in the above-captioned Action (the "Stipulation").

B.    This Order of Dismissal is "with prejudice";

C.    Pursuant to the Order Preliminarily Approving Proposed Settlement and

Providing for Notice (the "Preliminary Approval Order"), entered April 7, 2022, the Court

scheduled a hearing on July 28, 2022, at 10 a.m.: (a) to determine whether the proposed

Settlement, on the terms and conditions provided for in the Stipulation and the Preliminary

Approval Order and the Exhibits thereto, is fair, reasonable, and adequate, and should be

approved by the Court; (b) to determine whether a Judgment substantially in the form attached as

Exhibit 5 to the Preliminary Approval Order should be entered dismissing the Action and all

claims asserted against the Defendants therein, with prejudice, and releasing all Released Claims

as against the Released Parties (as defined in the Stipulation); (c) to determine whether the

1

proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may have been properly brought before the Court in connection with the Settlement (the "Settlement Hearing"). The Preliminary Approval Order further provided that the Court may adjourn the Settlement Hearing without further notice to the class.

D.     The Court ordered that (a) the Notice of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Hearing (the "Notice") and a Proof of Claim and Release Form, substantially in the forms attached to the Preliminary Approval Order as Exhibits 2 and 3, respectively, be sent by first-class mail on or before thirty (30) calendar days after the date of the Preliminary Approval Order (the "Notice Date") to all potential Class Members at the addresses set forth in the records provided by Mallinckrodt, or who may otherwise be identified through reasonable effort; (b) that contemporaneously with their mailing, copies of the Notice and Proof of Claim and Release Form shall be posted on a webpage dedicated to the Settlement maintained by the Claims Administrator from which Class Members may download copies of the Notice and Proof of Claim and Release Form; and (c) that the Summary Notice be published in the *Investor's Business Daily* and transmitted over *PR Newswire* within ten (10) calendar days of the Notice Date.

E.     The Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised Class Members that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members, and that if Class Members want to attend the hearing in person or otherwise, they should check with Lead Counsel or the settlement website beforehand to be sure that the

2

date and/or time has not changed. The Notice further advised that any objections to the
Settlement were required to be filed with the Court no later than June 28, 2022, and mailed to
counsel for the Parties such that they were received no later than June 28, 2022. The Notice
further advised Class Members of the requirements for requests to be excluded from the Class.

F.      The Parties complied with the provisions of the Preliminary Approval
Order as to the publication and distribution of the Notice and Summary Notice of the Settlement.

G.      On June 13, 2022, Lead Plaintiff moved for final approval of the
Settlement, as required by the Preliminary Approval Order. On July 11, 2022, as permitted by
the Preliminary Approval Order, the Court notified the parties that the Settlement Hearing would
take place on August 2, 2022. On July 12, 2022, the settlement website was updated to reflect
the change in the date of the hearing. The Settlement Hearing was duly held before this Court on
August 2, 2022, at which time all interested Persons who had complied with the terms of the
Notice were afforded the opportunity to be heard.

H.      This Court has duly considered Lead Plaintiff's motion, the affidavits,
declarations and memoranda of law submitted in support thereof, the Stipulation, and all of the
submissions and arguments presented with respect to the proposed Settlement and otherwise
being fully informed in the premises and good cause appearing therefore.

NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED that:

1.      Incorporation of Settlement Documents. This Judgment incorporates and makes a
part hereof: (i) the Stipulation filed with the Court on March 22, 2022; and (ii) the Preliminary
Approval Order.

3

2.     Capitalized terms used but not otherwise defined in this Judgment shall have the meaning set forth in the Preliminary Approval Order and in the Stipulation.

3.     Jurisdiction. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

4.     Certification of the Class for Settlement Purposes. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons or entities who purchased or otherwise acquired Mallinckrodt common stock between October 6, 2015 and November 6, 2017, inclusive, and were allegedly damaged thereby, excluding (i) defendant Mallinckrodt, (ii) defendants Mark C. Trudeau and Matthew K. Harbaugh, (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of Mallinckrodt and the directors and officers of the Company or its subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion (the "Class" or "Settlement Class").

5.     Class Findings. The Court hereby affirms its determinations in the Preliminary Approval Order and finds, for purposes of the Settlement only, that each element required for certification of the Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiff and the additional proposed Class representative, Teamsters Local

4

677 Health Service and Insurance Plan ("Local 677"), are typical of the claims of the Class; (d)
Lead Plaintiff and Local 677, and their counsel, have fairly and adequately represented and
protected the interests of the Class; and (e) the questions of law and fact common to the Class
predominate over any individual questions and a class action is superior to other available
methods for the fair and efficient adjudication of the Action.

6.      Class Representatives. The Court hereby affirms its determinations in the
Preliminary Approval Order and finally certifies, for the purposes of the Settlement only,
pursuant to Rule 23 of the Federal Rules of Civil Procedure, (i) Lead Plaintiff and Local 677 are
adequate Class representatives, (ii) Lead Plaintiff and Local 677 are appointed representatives of
the Class, and (iii) Lead Counsel is appointed Counsel for the Class.

7.      Notice. The Court finds that the notice given to the Settlement Class by mailing,
website posting and publication, as applicable: (i) was implemented in accordance with the
Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances,
to all Persons and entities entitled to such notice, of these proceedings and of the matters set forth
therein, including the proposed Settlement set forth in the Stipulation; (iii) was reasonably
calculated, under the circumstances, to apprise Class Members of the pendency of the Action,
proposed Settlement, the effect of the proposed Settlement (including the releases therein), their
right to exclude themselves from the Class, to object to any aspect of the proposed Settlement
and to appear at the Settlement Hearing, the Fee and Expense Application, and the proposed Plan
of Allocation; (iv) was reasonable and constituted due, adequate, and sufficient notice of the
proposed Settlement to all Persons and entities entitled to receive such notice; and (v) fully
satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7)
of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

8.     Objections. The Court finds and concludes that there are no pending objections to the Settlement, Plan of Allocation or request for award of counsel fees and expenses, including expenses of the Lead Plaintiff.

9.     Exclusion Requests. The Court hereby approves and accepts the requests to be excluded from the Class set forth on the list attached as Exhibit A to this Judgment, based on the Affidavit of Eric A. Nordskog submitted on July 26, 2022. No further exclusion requests shall be accepted, barring further Order from this Court.

10.     Final Settlement Approval and Dismissal of Claims. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the

Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

11.    Dismissal with Prejudice. This Action, and all actions consolidated therewith and claims contained therein, are hereby dismissed in their entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

12.    Releases. Upon the Effective Date and without further action by anyone, Lead Plaintiff, on behalf of itself and all members of the Settlement Class, in his, her or its capacity as a purchaser or acquirer of Mallinckrodt common stock, together with their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of this Final Judgment and Order, shall have, fully, finally and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities, whether known or unknown (i.e. Unknown Claims as defined below), contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future against defendant Mallinckrodt, the Individual Defendants, and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, predecessors, successors, divisions, investment funds, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners,

7

members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers and reinsurers, as well as each of the Individual Defendants' Immediate Family members (as defined in the Stipulation), heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, that (i) arise out of, or relate in any way to, or are based upon, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the operative complaint in the Action or in any of the prior complaints and (ii) relate to the purchase, acquisition, sale, disposition, or holding of Mallinckrodt common stock by members of the Settlement Class during the Class Period. Notwithstanding the aforementioned, the following claims are explicitly excluded: all claims (1) currently asserted in the litigations captioned *Solomon v. Mallinckrodt plc*, No. 1:17-cv-01827 (D.D.C.) and *Brandhorst v. Trudeau*, No. 19-cv-02778 (D.D.C.); (2) currently asserted in the litigation captioned *Strougo v. Mallinckrodt plc,* 3:20-cv-10100 (D.N.J.), based on the alleged misstatements, omissions and corrective disclosures alleged in the Amended Complaint dated August 10, 2020; (3) related to the enforcement of the Settlement; and/or (4) between Released Defendant Parties and their respective D&O Insurers. This Release shall not release any claims of the Persons identified in the list attached to this Judgment and Order, pursuant to Paragraph 9, above.

13.    Upon the Effective Date and without further action by anyone, the Defendants shall be deemed to have, and by operation of this Final Judgment and Order, shall have, fully, finally and forever resolved, discharged, relinquished, released, waived, settled, and dismissed with prejudice any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages and liabilities,

8

whether known or unknown (i.e., Unknown Claims as defined below), contingent or non-contingent, derivative or direct, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants in the Action, that have been asserted, could have been asserted, or could be asserted in the future against Lead Plaintiff, Local 677 and its counsel, Lead Counsel and each of their respective successors, assigns, representatives, officers, directors, attorneys (except for claims relating to the enforcement of the Settlement) and shall forever be enjoined from prosecuting such claims.

14.     "Unknown Claims" means any Released Claims that Lead Plaintiff or any other Class Member, each of the Defendants or any of the other Released Parties, does not know or suspect to exist in his, her or its favor at the time of the release of each or any of the other Released Parties, which, if known by him, her or it, might have affected his, her or its decisions(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Defendants shall expressly waive, and each of the other Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

15.    Bar Order. Upon the Effective Date, except as provided in Paragraph 17 of this Judgment, any and all Persons are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for indemnification, advancement or contribution (or any other claim when the alleged injury to that Person is that Person's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, arising out of, or in connection with the Released Plaintiff's Claims, against each and every one of the Released Defendant Parties, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in Paragraph 17

below, the Defendants are permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Defendant is that Releasing Defendant's actual or threatened liability to the Class or a Class Member in the Action) based upon, relating to, or arising out of the Released Plaintiff's Claims, against any Person, other than a Person whose liability to the Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum.

16.     Upon the Effective Date, and as provided in the Stipulation, and without further action by anyone, Lead Plaintiff, on behalf of itself and each and every Settlement Class Member, in his, her or its capacity as a purchaser or acquirer of Mallinckrodt stock, and anyone claiming through or on behalf of any of them, shall covenant or be deemed to have covenanted not to sue any of the Defendants and the Released Defendant Parties with respect to any and all of the Released Claims (including, without limitation, Unknown Claims).

17.     Notwithstanding Paragraph 15 of this Judgment, nothing in the Stipulation or this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Settlement, the Preliminary Approval Order or this Judgment.

18.     In accordance with the PSLRA as codified at 15 U.S.C. § 78u-4(f)(7)(A), (a) all obligations to any Settlement Class Member of any Released Defendant Parties arising out of the Action are discharged, and (b) any and all claims for contribution arising out of the Action or any of the Released Claims (i) by any person or entity against any of the Released Defendant Parties, and (ii) by any of the Released Defendant Parties against any person or entity, other than as set

11

out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied and unenforceable.

19.  Rule 11 Finding. The Court further finds that during the course of the Action, the Parties and their respective counsel and their employees and agents, at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20.  Binding Effect of Judgment. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiff, all other Class Members (whether or not such Class Member executes and delivers a Proof of Claim and Release Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns, including, without limitation, the release of claims as set forth in Paragraphs 12-14 of this Judgment. [The Persons listed in Exhibit A annexed hereto are excluded from the Class pursuant to their requests for exclusion and are not bound by the terms of the Stipulation or this Judgment.]

21.  Use of this Judgment. This Judgment, the Stipulation, the Settlement (whether or not consummated) and any discussions, negotiations, acts performed, proceedings, communications, drafts, documents or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, communications or agreements, shall not be offered or received against or to the prejudice of any Releasing Party for any purpose other than in an action to enforce the terms of the Stipulation and the Settlement, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant

12

Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment, to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that the claims alleged in this Action were without merit, that any of the Released Defendant Parties had meritorious defenses, and nothing herein should in any way be referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Judgment; provided, however, that the Parties and the Released Parties and their respective counsel may refer to this Judgment, to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released

13

Defendant Parties, Lead Plaintiff, other members of the Settlement Class, or their respective

counsel, in any other civil, criminal, or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of this Judgment;

(d)     do not constitute, and shall not be construed against any of the Released

Defendant Parties as an admission, concession or presumption that the consideration to be given

hereunder represents the amount which could be or would have been recovered after trial; nor

(e)     do not constitute, and shall not be construed as or received in evidence as

an admission, concession or presumption against any of the Released Plaintiff Parties or any

other member of the Settlement Class that the damages recoverable under the Complaint would

not have exceeded the Settlement Amount.

22.     Retention of Jurisdiction. Without affecting the finality of this Judgment in any

way, this Court hereby retains continuing and exclusive jurisdiction over: (i) the implementation

of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim

and any award or distribution of the Settlement Fund; (iii) the disposition of the Settlement Fund;

(iv) the hearing and determination of any applications for attorney's fees, costs, interest, and

reimbursement of litigation expenses in the Action that will be paid out of the Settlement Fund;

(v) the hearing and determination of any motions to approve the Plan of Allocation or the

Distribution Order; (vi) all Released Parties for the purpose of construing, enforcing, and

administering the Settlement and this Judgment; and (vii) other matters related or ancillary to the

foregoing.

23.     Termination. If the Settlement does not become effective in accordance with the

terms of the Stipulation or is terminated as provided in the Stipulation (including any

amendments thereof and supplement agreements thereto), then this Judgment other than

14

Paragraph 21 shall be vacated, rendered null and void, and be of no further force and effect, except as provided by and in accordance with the Stipulation, and in that event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall be restored to their respective litigation positions as existed in the Action immediately prior to September 1, 2020, subject to (a) the effects of Mallinckrodt plc's voluntary petition for relief under chapter 11 of the Bankruptcy Code (including the automatic stay of the Action against Mallinckrodt plc imposed by section 362 thereof), (b) the order of the Court issued on October 13, 2020 staying the Action in its entirety, and (c) the stipulation approved by the Bankruptcy Court by order dated November 16, 2020 (Adv. Pro. No. 20-50850 (Bankr. D. Del.), Doc. No. 137). In the event that the Action is permitted to resume and except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any Settlement-related order had not been entered. Consistent with ¶ 43 of the Stipulation:

(a)   within three (3) days after joint written notification of termination is sent by Lead Counsel and counsel for Defendants to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 23 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to the D&O Insurers. In the event that the funds received by Lead Counsel consistent with ¶ 23 of the Stipulation have not been refunded to the Settlement Fund within three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the D&O

15

Insurers immediately upon their deposit into the Escrow Account consistent with ¶ 23 of the Stipulation; and

        (b)    Lead Counsel shall return any attorneys' fees, plus accrued interest, as set forth in ¶ 23 of the Stipulation. Lead Counsel or its designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the D&O Insurers.

24.    Administration of the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25.    Lead Plaintiff and Defendants are hereby directed to consummate the Stipulation and to perform its terms.

26.    The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. Defendants and Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

27.    Plan of Allocation and Fee and Expense Application. Separate Orders shall be entered regarding approval of the Plan of Allocation and the Fee and Expense Application. Those orders shall in no way disturb, affect, or delay this Judgment or the Effective Date of the Settlement and shall be considered separate from this Judgment.

28.    Entry of Final Judgment. There is no just reason for delay in the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Judgment in this Action and close this case.

    **SO ORDERED**.

16

August 2, 2022

DABNEY L. FRIEDRICH
United States District Judge

# EXHIBIT A

# SETTLEMENT CLASS EXCLUSIONS

| Name | City/State | Country |
|------|------------|---------|
| Haobo Dong | Fremont, CA | USA |
| HealthCor Offshore Master Fund, L.P.;<br>HealthCor Sanatate Offshore Master Fund, L.P.;<br>Blackstone Alternative Multi-Strategy Fund; and<br>Blackstone Alternative Investment Fund PLC | New York, NY | USA |